01-3804
CIV-MORENO

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District SOUTHERN DISTRICT OF FLORIDA | MAGISTRATE JUDGE SORRENTINO |
|---|---|---|
| Name CURTIS MILLER | Prisoner No. 088114 | Case No. |
| Place of Confinement JACKSON CORRECTIONAL INSTITUTION 5563 10TH STREET   MALONE, FLA. 32445-3144 | | |

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| CURTIS MILLER | v. RUSSELL SMITH, WARDEN ET, AL. |

The Attorney General of the State of: ROBERT A. BUTTERWORTH

## PETITION

1. Name and location of court which entered the judgment of conviction under attack THE ELEVENTH JUDICIAL CIRCUIT COURT, DADE COUNTY, STATE OF FLORIDA

2. Date of judgment of conviction NOVEMBER 20TH, 1998

3. Length of sentence 30 YEARS AS A HABITUAL FELONY OFFENDER

4. Nature of offense involved (all counts) COUNT 1- FALSELY PERSONATING A POLICE OFFICER DURING THE COMMISSION OF A FELONY; COUNT 2- BURGLARY OF AN OCCUPIED DWELLING

5. What was your plea? (Check one)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☑
   (b) Judge only ☐

   C.M. div B Nado 2254'
   Case # 1-01CV03804
   Judge FAM   Mag CHS
   Motn ifp ☑   Fee pd $NO
   Receipt # _____

7. Did you testify at the trial?
   Yes ☑ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☑ No ☐

(1)

9. If you did appeal, answer the following:

(a) Name of court _THE THIRD DISTRICT COURT OF APPEAL (FLORIDA)_

(b) Result _PER CURIAM AFFIRMED_

(c) Date of result and citation, if known _DECEMBER 17TH, 1999_

(d) Grounds raised _THE TRIAL COURT ERRED IN ADMITTING THE EVIDENCE OF PRIOR CRIMES (WILLIAMS RULE EVIDENCE)_

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court _N/A_

(2) Result _____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court _N/A_

(2) Result _____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _THE ELEVENTH JUDICIAL CIRCUIT, DADE CO., FLA._

(2) Nature of proceeding _MOTION FOR POST-CONVICTION RELIEF RULE 3.850_

(3) Grounds raised _INEFFECTIVE ASSISTANCE OF COUNSEL AND PROSECUTORIAL MISCONDUCT_

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☑

(5) Result _DENIED - PER CURIAM AFFIRMED BY THE D.C.A._

(6) Date of result _MANDATED ON JANUARY 31ST, 2001_

(b) As to any second petition, application or motion give the same information:

(1) Name of court _THE THIRD DISTRICT COURT OF APPEAL (FLORIDA)_

(2) Nature of proceeding _STATE WRIT OF HABEAS CORPUS, FILED ON FEBRUARY 6TH, 2001_

(3) Grounds raised _INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL_

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☑

(5) Result _DENIED - PER CURIAM AFFIRMED_

(6) Date of result _JULY 11TH, 2001_

(c) AS TO THIRD PETITION, SEE: ATTACHED "(3A)"

(D) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc.      Yes ☑ / No ☐
(2) Second petition, etc.     Yes ☑ / No ☐
(3) THIRD PETITION     YES ☑  NO ☐

(E) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_ALL PETITIONS AND MOTIONS THAT WERE DENIED, WERE APPEALED_

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(3)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

**(C)** As to any *THIRD* petition, application or motion give the same information:

(1) Name of court *THE ELEVENTH JUDICIAL CIRCUIT, DADE CO., FLA.*

(2) Nature of proceeding *MOTION FOR POST-CONVICTION RELIEF RULE 3.850, FILED ON JULY 18TH, 2001*

(3) Grounds raised *TRIAL COURT ERROR, INEFFECTIVE ASSISTANCE OF COUNSEL, AND PROSECUTORIAL MISCONDUCT*

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐   *STILL PENDING*
(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.      Yes ☐   No ☐
(2) Second petition, etc.   Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

**(3A)**

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: STATE COURTS FACT-FINDING DETERMINATION WAS "NOT" A FULL AND FAIR PROCEEDING. TO DENY PETITIONER'S POST-CONVICTION MOTION

Supporting FACTS (state *briefly* without citing cases or law) PETITIONER AVERS THAT THE STATE COURTS DENIED HIM A RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW, WITHIN THE MEANS OF THE $5^{TH}/14^{TH}$ AMENDMENTS OF THE U.S. CONSTITUTION, MOVER OVER, PETITIONER CONTENDS THAT THE STATE COURTS "FACTUAL DETERMINATION" IS NOT FAIRLY SUPPORTED BY THE RECORD AS A WHOLE, TO DENY PETITIONER RELIEF / OR AN EVIDENTIARY HEARING, ALSO, THE FACT-FINDING PROCEDURE (CONTINUE ON PG. "4A")

B. Ground two: PROSECUTORIAL MISCONDUCT (BRADY VIOLATION) AND USE OF PERJURED TESTIMONY BY STATE WITNESSES

Supporting FACTS (state *briefly* without citing cases or law): PETITIONER AVERS THAT HE WAS DENIED A RIGHT TO DUE PROCESS OF LAW AND A RIGHT TO A FAIR IMPARTIAL JURY TRIAL, BY THE COMMITTED ACTIONS OF THE STATE PROSECUTOR IN VIOLATION OF PETITIONER'S $5^{TH}/14^{TH}$ AMENDMENTS TO THE U.S. CONSTITUTION, SEE: (ATTACHED EXHIBIT "A" OF PETITIONER'S FIRST POST-CONVICTION MOTION, GROUND #1, ISSUES A & B, AT PAGES 4-9).

(CONTINUATION FROM PAGE "4")

EMPLOYED BY THE STATE COURTS WAS NOT ADEQUATE, IN
AFFORDING A FULL AND FAIR HEARING TO THE PETITIONER. THE
FACTUAL DISPUTES WERE NOT RESOLVED IN THE STATE HEARING,
AND THE STATE RECORD DOES NOT RULE OUT FACTS THAT THE
PETITIONER ALLEGES. FURTHERMORE, THE STATE COURTS DID
NOT HOLD AN EVIDENTIARY HEARING, WHEREAS, THE FACTS COULD
NOT BE PROPERLY FOUND, EXCEPT WITH AN EVIDENTIARY HEARING,
WITH RESPECT TO PETITIONER'S CLAIMS OF, INEFFECTIVE ASSISTANCE
OF TRIAL COUNSEL.

PETITIONER ARGUES THAT SOME OF HIS CLAIMS WERE
NEVER ADDRESSED, AND OTHERS WERE ADDRESSED, ALBEIT, WITH AN
ASSUMPTION OR SUBSTITUTION OF RECORD NOT RELATING TO
PETITIONER'S CLAIMS, SEE THE FOLLOWING:

EXAMPLE #1: PETITIONER ALLEGED BRADY VIOLATION BY THE
            STATE PROSECUTOR, FOR WITHHOLDING AND TAMPERING
            WITH EVIDENCE THAT WAS REPORTEDLY IMPOUNDED,
            BY THE ARRESTING OFFICER AND TAKEN FROM THE
            PETITIONER, NAMELY, THE CHECK STUB OF THE VICTIM,
            GWENDOLYN SMITH.

            HOWEVER, THE STATE COURT DENIED THIS CLAIM, WHEN
            THE STATE SUBSTITUTED PORTIONS OF THE RECORD, THAT
            BEING OF ONE LEFORD DORVAL'S CHECK, BEING EXCLUDED,
            (SEE: STATE'S RESPONSE AT PAGE "9"), WHEN THE CHECK
            STUB IN QUESTION CONCERNING THE BRADY VIOLATION, IS

(4A)

THAT OF THE VICTIM, <u>GWENDOLYN SMITH</u>, AND NOT THAT OF A <u>LEFORD DORVAL</u>.

EXAMPLE #2: PETITIONER ALLEGED PROSECUTORIAL MISCONDUCT, BY WILLFULLY, KNOWINGLY, AND ALLOWING THE USE OF PERJURED TESTIMONY, IN PART, TO HELP OBTAIN PETITIONER'S CONVICTION WITHOUT EVER CORRECTING THE SAME.

HOWEVER, THE STATE COURT'S ORDER DENYING PETITIONER'S POST-CONVICTION MOTION, DID NOT ADDRESS THIS ISSUE OF PERJURED TESTIMONY, AND THE ONLY RESPONSE FROM THE STATE WAS THAT, "PETITIONER WAS 'MISTAKEN', SGT. DAVIS ARRESTED HIM FIRST." AGAIN, SUBSTITUTING THE RECORDS OF A CONFESSION FROM 1991, WHILE STATING, "SGT. DAVIS HAD TO HAVE RETRIEVED THOSE ITEMS SEARCH INCIDENT TO ARREST PETITIONER, THEREFORE, THIS ISSUE IS MOOT." ALBEIT, THIS IS NOT OF FACTS OR TRUTH, AND THE DATE / TIME / PLACE OF PETITIONER'S ARREST BY SGT. DAVIS, WILL SUPPORT THIS AS BEING "FALSE" BECAUSE, PETITIONER WAS ALREADY IN JAIL CUSTODY, WITHOUT BOND, WHEN SGT. DAVIS CHARGED HIM WITH SAID CHARGE OF 1991, AND SUCH JAIL RECORDS OF 1991, CAN AND WILL SUPPORT THE TRUTH, OF THIS ISSUE.

EXAMPLE #3: PETITIONER ALLEGED INEFFECTIVE ASSISTANCE OF

(4B)

Trial Counsel, for Failure to Supress an
alleged Confession supposedly given by him.

However, the State Court's Order denying Petitioner's
Post- Conviction Motion states that, "Counsel
cannot be deemed Ineffective for failing to raise
a Non-meritorious Issue." The State's Response
was, "It would have been Meritless for Trial
Counsel to move for a Motion to Suppress, where,
there was no Indication that the Confession was
Involuntary," citing Case Law. Albeit, the case
Law used by the State Court to deny Petitioner,
applied to Appellate Counsel Claims, and such
case Law is "Inadequate," for this Issue.
Moreover, when any alleged Confession is Given,
it becomes a Question of Law and Facts, therefore,
Counsel had merits to Call upon the Court, to
make a determination of the Voluntariness of such
Confession, by way of Motion to Suppress, coupled
with Petitioner's advisement to Counsel, on more than
one occassion, that he made no Statements to
Police or any Confession, and Testified to the same.

Example #4: On the remaining Ineffective Assistance of
Trial Counsel Claims, in Petitioner Post- Conviction
Motion, they were addressed as, "Harmless Errors,"
"Petitioner is Wrong," "Given the Amount of

(4c)

EVIDENCE AGAINST HIM."

PETITIONER PLACES THIS QUESTION BEFORE THIS HONORABLE
COURT :

"HOW MANY HARMLESS ERRORS MUST BE COMMITTED
BY TRIAL COUNSEL BEFORE HIS REPRESENTATION FALLS
BELOW AN OBJECTIVE STANDARD OF REASONABLENESS?"

"HOW MANY HARMLESS ERRORS CAN COUNSEL COMMIT
BEFORE AN UNFAIR TRIAL BECOMES THE RESULT
THEREOF?"

PETITIONER REQUEST OR SEEKS UPON THIS HONORABLE
COURT TO HEAR AND DETERMINE THE FACTS IN CONTEXT
TO, THE CONSTITUTIONAL FACT- DEVELOPMENT STANDARDS
AND GRANT PETITIONER AN EVIDENTIARY HEARING,
WHEREBY, PETITIONER CAN PROVE OR HAVE THE CHANCE TO
SHOW WHY HIS CONVICTION SHOULD BE REVERSED, AND
THAT HE IS INNOCENT OF SAID CHARGES.

(4D)

A0 24 1 (Rev. 5/85)

C. Ground three: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Supporting FACTS (state *briefly* without citing cases or law): PETITIONER AVERS THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL, IN ALL PHASES OF HIS TRIAL AND PRE-TRIAL PROCEEDINGS, IN VIOLATION OF HIS 5TH, 6TH, AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION, SEE: (ATTACHED EXHIBIT "A" OF PETITIONER'S FIRST POST-CONVICTION MOTION, GROUNDS # 2-15, AT PAGES 9-43).

D. Ground four INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, IN VIOLATION OF PETITIONER'S 5TH/6TH AMENDMENTS TO THE U.S. CONST.

Supporting FACTS (state *briefly* without citing cases or law): PETITIONER AVERS THAT HIS APPELLATE COUNSEL FAILED TO RAISE "ALL" ISSUES THAT SHOULD AND COULD HAVE BEEN RAISED ON DIRECT APPEAL, AS ALLEGED IN PART FOR SUMMARY DENIAL OF PETITIONER'S POST-CONVICTION MOTION BY THE STATE COURTS, AND FOR "NOT" MOVING FOR DISCRETIONARY REVIEW TO THE FLORIDA SUPREME COURT, WHEN (CONTINUE ON PG. "5A")

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: ALL GROUNDS WERE PREVIOUSLY PRESENTED IN STATE COURTS, EXCEPT FOR PETITIONER'S THIRD PETITION, WHICH IS STILL PENDING.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ☑  No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing PAUL KAMINSKY, ASSISTANT P.D.   1320 N.W. 14TH STREET   MIAMI, FLORIDA  33125

    (b) At arraignment and plea _____ SAME AS ABOVE

(5)

( CONTINUATION FROM PAGE "5")

THERE EXISTED AT THE TIME OF PETITIONER'S DIRECT APPEAL, A
CONFLICT OF DECISIONS, BETWEEN THE SECOND AND THIRD DISTRICT
COURT OF APPEALS, CONCERNING "WILLIAM RULE EVIDENCE",
BEING ADMITTED INTO EVIDENCE. MOREOVER, FOR NOT RAISING
THE ISSUE OF "TRIAL COURT ERROR", IN NOT HOLDING ANY KIND
OF INQUIRY AS TO, COUNSEL OF RECORD'S COMPETENCY OR CONFLICT
OF INTEREST, WHEN SUCH ISSUE WAS BROUGHT TO THE ATTENTION
OF THE COURT, BY WAY OF PETITIONER SEEKING TO HAVE COUNSEL
OF RECORD DISCHARGED FROM HIS CASE, PRIOR TO TRIAL, SEE:
(PRE-TRIAL PROCEEDING OF 9-1-98, WHICH PETITIONER DOES
NOT HAVE AND THE STATE HAS FAILED TO / NEGLECTED TO
ATTACH, TO REFUTE PETITIONER'S CLAIM), ALSO SEE: (EXHIBIT "B"
PETITIONER'S STATE WRIT OF HABEAS CORPUS AND MOTION
FOR REHEARING ATTACHED).


E. GROUND FIVE : TRIAL COURT COMMITTED ERROR BY ALLOWING
       THE STATE PROSECUTOR TO "ILLEGALLY INTERJECT"
       INTO TRIAL, "EVIDENCE OF COLLATERAL UNCHARGED
       CRIMES."


SUPPORTING FACTS: PETITIONER AVERS THAT ON NOVEMBER 17TH AND
18TH, 1998, DURING HIS TRIAL, HE WAS DENIED A FUNDAMENTAL
RIGHT BY THE TRIAL COURT, TO HAVE A FAIR AND IMPARTIAL JURY
TRIAL, AND EQUAL PROTECTION OF LAW, WHEN THE TRIAL COURT

(5A)

ALLOWED THE STATE PROSECUTOR TO ELICIT AND INTERJECT INTO
PETITIONER'S TRIAL, "EVIDENCE OF COLLATERAL UNCHARGED
CRIMES," THAT PETITIONER DID OR WAS THE PERSON WHO HAD
COMMITTED THE DECEMBER 23RD, 1997, SCAM/CRIME AGAINST
THE VICTIM, AND THAT PETITIONER HAD PERSONATED HIMSELF TO
THE VICTIM, AS A POLICE OFFICER, ALSO ON DECEMBER 28TH,
1997. HOWEVER, PETITIONER WAS NEVER CHARGED OR EVER
ARRESTED FOR THESE ALLEGED CRIMES AND THEREFORE, SUCH
TESTIMONIAL EVIDENCE PRESENTED TO THE JURY, WAS "HIGHLY
PREJUDICIAL" TO HIS DEFENSE BECAUSE, PETITIONER "WAS NOT"
ON TRIAL FOR THESE ALLEGED CRIMES, SEE: (ATTACHED EXHIBIT
"C" OF PETITIONER'S SECOND POST-CONVICTION MOTION, GROUND
#1, PAGES 5-9).


F. GROUND SIX: TRIAL COURT ERRED BY FAILING TO /NEGLECTING
      TO MAKE A DETERMINATION INTO THE VOLUNTARINESS OF
      AN "ALLEGED CONFESSION OR STATEMENT", REPORTEDLY
      MADE TO POLICE BY PETITIONER, WHEREBY, COMPELLING
      PETITIONER TO BE A WITNESS AGAINST HIMSELF.


SUPPORTING FACTS: PETITIONER CONTENDS THAT ON OR ABOUT
NOVEMBER 19TH, 1998, HE WAS FORCED TO BE A WITNESS AGAINST
HIMSELF WHEN THE TRIAL JUDGE FAILED OR NEGLECTED TO, MAKE
A DETERMINATION INTO THE VOLUNTARINESS OF PETITIONER'S "ALLEGED

Confession or Statement "to Detective Gonzalez, but would rather have /allow the Jury to make a such, Determination. Petitioner avers that such decision by the Trial Court was "Severely Prejudicial" to him, and of "Grave Error", when such Alleged Statement or Confession, was the "Sole Evidence and Base" for forming said charge of Burglary, upon Petitioner, by Detective Gonzalez, see: (Attached Exhibit "C" Petitioner's Second Post-Conviction Motion, Ground # 4, pages 20-22).

G. Ground Seven: Trial Court committed FUNDAMENTAL ERROR, by not giving Petitioner a "24 Hour Notice" before Pleading to an Amended Information, and Additional Time to Prepare an Adequate Defense, to the Amended Information, when such Amended Information was a Change of "Substance and Not Merely of Form."

Supporting Facts: Petitioner contends that on November 17TH, 1998, the morning of his Trial, the State Prosecutor Amended the Information, to reflect an Upgrade in the charge of a "Third Degree Felony", to a "Second Degree Felony", moreover, Petitioner argues that No One advised

(5c)

HIM THAT THE CHARGES WERE CHANGED OR UPGRADED, TO A
"SECOND DEGREE FELONY", NOT THE COURT, THE STATE PROSECUTOR,
NOR HIS COUNSEL OF RECORD, WHICH MISLEAD HIM TO BELIEVE
THAT, HE WAS GOING TO TRIAL FOR THE THIRD DEGREE FELONY
FOR WHICH HE WAS "ORIGINALLY" CHARGED WITH, IN THE "ORIGINAL"
INFORMATION THAT WAS PROVIDED ON FEBRUARY 28, 1998.
PETITIONER MAINTAINS THAT HE WAS "HIGHLY PREJUDICED", BY
THE TRIAL COURT'S FAILURE TO GIVE HIM A COPY OF THE AMENDED
INFORMATION, "24 HOURS" PRIOR TO, REQUIRING HIM TO PLEAD TO
THE AMENDMENT, AND ADDITIONAL TIME TO PREPARE AN ADEQUATE
DEFENSE. SUCH ACTION BY THE TRIAL COURT COMPROMISED
PETITIONER'S RIGHT TO A FAIR TRIAL, AND HAD PETITIONER BEEN
AWARE OF SUCH "SUPRISE", HE WOULD HAVE ACCEPTED THE TRIAL
COURT'S OFFER OF 80 MONTHS, WHICH IS WHAT HE WOULD HAVE
RECIEVED IF, FOUND GUILTY OF A THIRD DEGREE FELONY, FOR
PERSONATING AN OFFICER, BECAUSE SAID BURGLARY WOULD HAVE
ONLY BEEN A SIMPLE TRESPASS. IT IS CLEAR THAT THE AMENDED
INFORMATION CHANGED THE CHARGED CRIME, FROM A THIRD DEGREE
FELONY, TO A SECOND DEGREE FELONY, THEREBY, INCREASING THE
PENALTY TO WHICH PETITIONER COULD BE SUBJECTED TOO, SEE:
(ATTACHED EXHIBIT "C" PETITIONER'S SECOND POST-CONVICTION
MOTION, GROUND # 6, PAGES 27-31).


H. GROUND EIGHT: PETITIONER CONTENDS THAT HE WAS

DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL,
WHEN HIS COUNSEL OF RECORD FAILED TO PRESENT
EVIDENCE OR WITNESS(S), IN BEHALF OF PETITIONER'S
DEFENSE, OF "CONSENTUAL ENTRY."

SUPPORTING FACTS: SEE: (ATTACHED EXHIBIT "C" PETITIONER'S
SECOND POST-CONVICTION MOTION, GROUND
#2, PAGES 10-14).


I. GROUND NINE: PETITIONER CONTENDS THAT HE WAS
DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL,
WHEN HIS COUNSEL OF RECORD ASSISTED IN THE
PRESENTATION OF "FALSE AND PERJURED TESTIMONY
OR STATEMENTS", KNOWN TO HIM, TO BE FALSE,
WITHOUT EVER CORRECTING OR OBJECTING TO SUCH
TESTIMONY.

SUPPORTING FACTS: SEE: (ATTACHED EXHIBIT "C" PETITIONER'S
SECOND POST-CONVICTION MOTION, GROUND
#3, PAGES 14-20).


(5E)

J. GROUND TEN: PETITIONER CONTENDS THAT HE WAS
   DENIED DUE PROCESS OF LAW, WHEN THE STATE
   PROSECUTOR COMMITTED A "DELIBERATE AND
   INTENTIONAL BRADY VIOLATION", BY SUPPRESSING
   AND WITHHOLDING DISCOVERY MATERIAL, FROM THE
   DEFENSE, WHICH "CRUCIALLY AND DETRIMENTALLY"
   HINDERED THE DEFENSE, IN ITS PREPARATION
   FOR TRIAL.

SUPPORTING FACTS: SEE: (ATTACHED EXHIBIT "C" PETITIONER'S
             SECOND POST-CONVICTION MOTION, GROUND
             # 5, PAGES 23-27).

(5F)

(c) At trial _PAUL KAMINSKY, LEAD COUNSEL AND DAVID BORSARI, Co-COUNSEL_
_1320 N.W. 14TH STREET  MIAMI, FLORIDA  33125_

(d) At sentencing _____ _SAME AS ABOVE_ _____

(e) On appeal _ROBERT GODFREY, ASSISTANT P.D.   1320 N.W. 14TH_
_STREET   MIAMI, FLORIDA  33125_

(f) In any post-conviction proceeding ___ _PRO SE_ _____

(g) On appeal from any adverse ruling in a post-conviction proceeding ___ _PRO SE_ _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☑  No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☑
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☑

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_8/31/2001_
(date)

_Curtis Miller_
Signature of Petitioner

(6)

## CERTIFICATE OF SERVICE

I **hereby certify** that a true and correct copy of the foregoing

$2254 PETITION FOR WRIT OF HABEAS CORPUS

has been furnished to: ROBERT A. BUTTERWORTH STATE ATTORNEY
GENERAL, DEPARTMENT OF LEGAL AFFAIRS
TALLAHASSEE, FLORIDA. 32399 -1050

by U.S. mail, this day 31st of AuGusT , 2001.

s/ Curtis Miller
Name: CURTIS MILLER
D.C.# 088114     Dorm: E-2140-S
Jackson Correctional Institution
5563 10th Street
Malone, Florida 32445-3144

EXHIBIT



DWELLING, AND FALSELY IMPERSONATING AN LAW ENFORCEMENT
OFFICER. DEFENDANT PROCEEDED TO JURY TRIAL ON 11-17-98 AND
WAS FOUND TO BE GUILTY AS CHARGED. UPON CONVICTION DEFEN-
DANT SOUGHT APPEAL OF HIS JUDGMENT, CONVICTION, AND SENTENCE
TO THE THIRD DISTRICT COURT OF APPEAL, DEFENDANT'S DIRECT APPEAL
WAS PER-CURIAM AFFIRMED ON 12-1-99 WHICH HAS NOW PROMPTED
THIS INSTANT 3.850 MOTION FOR POST CONVICTION RELIEF.

## GROUND I

PROSECUTORIAL MISCONDUCT, THE DEFENDANT CONTENDS HE
WAS DENIED DUE PROCESS OF LAW WHEN THE STATE'S PROSECUTOR
COMMITTED A DELIBERATE INTENTIONAL BRADY VIOLATION BY
MALICIOUSLY TAMPERING WITH AND/OR WITH-HOLDING FAVOR-
ABLE EVIDENCE SABOTAGING HIS DEFENSE IN VIOLATION
OF HIS STATE/FEDERAL CONSTITUTIONAL RIGHTS OF ARTICLE
1, SEC. 9 FLA. CONST, AND THE 5th/14th AMENDMENTS OF OUR U.S.
CONST.

## ISSUE-A

THE DEFENDANT AVERS HE WAS DEPRIVED OF HIS CONSTI-
TUTIONAL FUNDAMENTAL RIGHTS OF DUE PROCESS OF LAW, AND
RIGHT TO A FAIR IMPARTIAL JURY TRIAL BY THE DELIBERATE
BRADY VIOLATION AND/OR TAMPERING WITH EVIDENCE WHEN THE
STATE'S PROSECUTOR MS. MILLER DELIBERATELY SABOTAGED HIS DE-
FENSE BY REMOVING THE ALLEGED VICTIM'S BANK STUB RECEIPT
FROM EVIDENCE, WHICH WAS RETRIEVED FROM DEFENDANT ON THE DAY OF
HIS ARREST AND PLACED INTO EVIDENCE BY ONE OFFICER KRATAM,

SEE ATTACH **EXHIBIT-A**, WHEREIN THE DEFENDANT WAS CHARGED
WITH PERSONATING A POLICE OFFICER COUNT 1, BURGARLY OF A DWELL-
ING COUNT 2, OF THE INFORMATION. THE **CRUX** OF DEFENDANT'S DE-
FENSE WAS THAT HE HAD WENT TO THE VICTIM'S APARTMENT AF-
TER FINDING A BANK RECEIPT OF THE VICTIM'S IN THE VAN OF
HIS EMPLOYER **MS. ANNETTE BROWN**, WHOM WAS ALSO A VICTIM
OF A SCAM, HOWEVER, DEFENDANT MAINTAINS THAT THE STATE
PROSECUTOR KNEW WELL IN ADVANCE THAT THE **CRUX OF HIS**
**DEFENSE** WAS THAT HE HAD WENT TO THE VICTIM'S APARTMENT
AFTER FINDING THE BANK RECEIPT OF THE VICTIM'S TO INVESTI-
GATE THE SCAM OF HIS EMPLOYER **MS. ANNETTE BROWN**, WHERE
CONSEQUENTLY DEFENDANT WAS ARRESTED AND CHARGED. HOW-
EVER, DEFENDANT AVERS THE BANK RECEIPT OF THE VICTIM'S
WHICH HE HAD IN HIS POSSESSION UPON ARREST, THIS WAS
ALSO IMPOUNDED AS EVIDENCE ACCORDING TO THE ARREST
REPORT, AND PROPERTY REPORT OF **OFFICER KRATMAN, SEE**
**ATTACH; EXHIBIT-A MYSTERIOUSLY DISAPPEARED** THEN RE-
PLACED WITH A BANK RECEIPT FROM A PRIOR CRIME INVOLV-
ING DEFENDANT, DEFENDANT MAINTAINS THIS WAS AN INTENTION-
AL DELIBERATE ACT BY THE STATE'S PROSECUTOR TO SABOTAGE
HIS DEFENSE **INTER ALIA,** THE EVIDENCE WILL SHOW BY MANY
ACTS OF PROSECUTORIAL MISCONDUCT FOLLOWING ISSUE-A.
MOREOVER, DEFENDANT MAINTAINS WITHHOLDING AND/OR TAM-
PERING WITH THIS CRUCIAL PEICE OF EVIDENCE HELD A
DEVASTATING IMPACT ON HIS DEFENSE, AND CREDIBILITY WHEN
TESTIFYING IN HIS OWN BEHALF, WHEREIN DEFENDANT DID'NT
REALIZE THE STATE'S PROSECUTOR HAD SWITCHED BANK

STUB RECEIPTS UNTIL REVEALED DURING THE COURSE OF THE TRIAL ITSELF, WHEN STATE PROSECUTOR PRESENTED A BANK STUB RECEIPT OF A PRIOR CRIME INVOLVING DEFENDANT STATING "IT WAS DISCOVERED YESTERDAY AND MADE THE DEFENSE AWARE OF IT YESTERDAY." DEFENDANT MAINTAINS THE REMOVAL OF THE ORIGINAL BANK RECEIPT, WITHHOLDING AND/OR TAMPERING WITH EVIDENCE WAS CRITICAL, AND CLEARLY A BRADY VIOLATION, DEFENDANT HAS SATISFIED THE COMPONENTS OF THE BRADY TEST I.e; EVIDENCE OF MATERIAL FACT BEING WITHHELD, AND/OR TAMPERED WITH BY THE STATE'S PROSECUTOR, SAID EVIDENCE AFFECTED THE GUILT OR PUNISHMENT OF DEFENDANT IRRESPECTIVE OF THE PROSECUTOR'S GOOD OR BAD FAITH DEFENDANT CONTENDS HE WAS HIGHLY PREJUDICE BY THE STATE'S PROSECUTOR ACTIONS DEPRIVING HIM OF HIS CONSTITUTIONAL RIGHTS TO A FAIR IMPARTIAL TRIAL, AND DUE PROCESS OF LAW.

DEFENDANT MAINTAINS HAD JURORS HAD THE OPPURTUNITY TO SEE AND REVIEW THE BANK STUB RECEIPT IT WOULD'VE GIVEN MORE STRENGTH TO HIS DEFENSE INSTEAD OF SABOTAGING IT AS REMOVING THIS EVIDENCE DID, THERE IS ALSO A REASONABLE PROBABILITY THE OUTCOME OF THE TRIAL WOULD HAVE BEEN DIFFERENT, DEFENDANT'S JUDGMENT/CONVICTION MUST BE VACATED AND REMANDED FOR A NEW TRIAL IT IS SO PRAYED, SEE ATTACK; EXHIBITS AND MEMORANDUM OF LAW.

## ISSUE-B

" PROSECUTORIAL MISCONDUCT KNOWINGLY AND WILLFULLY ALLOWED PERJURED TESTIMONY FROM STATE'S WITNESS SGT. DAVIS,

AND ALLOWED HIM TO PRESENT FABRICATED EVIDENCE TO THE JURORS, WITHOUT CORRECTING THE SAME."

THE DEFENDANT AVERS ANOTHER ACT OF PROSECUTORIAL MIS-CONDUCT WITHIN GROUND ONE WAS COMMITTED WHEN THE STATE'S PROSECUTOR KNOWINGLY/WILLFULLY ALLOWED SGT. DAVIS TO PRE-SENT FALSE FABRICATED EVIDENCE, AND PERJURED TESTIMONY TO OBTAIN A CONVICTION DEPRIVING DEFENDANT OF HIS STATE/FEDERAL CONSTITUTIONAL RIGHTS OF ARTICLE 1, SECTION 9, 16, AND 22, OF OUR FLA. CONST. AND THE 5th/14th AMENDMENTS OF OUR U.S. CONST. WHEREIN THE CASE AT BAR THE STATE'S PROSECUTOR SOUGHT TO INTRODUCE EVIDENCE OF OTHER CRIMES, WRONG, OR ACTS-PURSUANT TO WILLIAMS RULE, FLA. EVID. CODE. 90.404(2)(B)(1) THE TRIAL COURT ALLOWED LIMITED OTHER ACT CRIMES INTO EVIDENCE, PARTICULARLY ALLOWING SGT. DAVIS, TO TESTIFY AS A STATES WITNESS AS TO A PRIOR ACT HE WAS INVOLVED WITH CONCERNING DEFENDANT FROM 1991. REFERENCE VICTIM (AZELL HARD-NETT,) DEFENDANT CONTENDS THE STATE'S PROSECUTOR ALLOWED SGT. DAVIS TO PRESENT PERJURED TESTIMONY TO JURORS KNOWING-LY AND WILLFULLY TO OBTAIN A CONVICTION WHEN SGT. DAVIS, WAS ALLOWED TO TESTIFY FALSELY THAT WHEN HE ARRESTED DEFEN-DANT HE RETRIEVED A **BADGE, HANDCUFFS, WALKIE-TALKIE** POL-ICE I.D. etc. FROM DEFENDANT (T.T. PG. 327)

Q: OFFICER, WHEN YOU ARRESTED HIM ON THAT CASE WHAT DID HE HAVE ON?

A: HE HAD ON-- HE HAD ON HIM THE BADGE HE HAD A SET OF HANDCUFFS, AND A WALKIE-TALKIE AND WHAT APPEARED

TO BE A POLICE I.D. BUT IT WASN'T IT WAS A FICTITIOUS POL-
ICE I.D. IT WAS NOT A POLICE I.D. AT ALL, ACTUALLY AN I.D.
CARD.

DEFENDANT MAINTAINS THE STATE PROSECUTOR MS. MILLER,
KNOWINGLY ELICITED THIS FALSE TESTIMONY FROM SGT. DAVIS,
WHERE IT WAS VIRTUALLY IMPOSSIBLE FOR SGT. DAVIS TO HAVE
RECOVERED THE IDEMS HE TESTIFIED TO RECOVERING FROM DE-
FENDANT, WHERE WHEN SGT. DAVIS ARRESTED DEFENDANT HE ARREST-
ED HIM AT DADE COUNTY JAIL, SUBSEQUENTLY AFTER DEFENDANT
HAD BEEN ARRESTED AND BOOKED BY OFFICER KINSEY, WHOM ACTUAL-
LY RETRIEVED THE IDEMS SGT. DAVIS FALSELY TESTIFIED HE RECOVED.
SEE ATTACH EXHIBIT-B/EXHIBIT-C i.e., THE ARREST AFFIDAVIT
OF OFFICER KINSEY, 11-13-91 WHOM WAS THE ARRESTING OFFICER
OF THE PUBLIX CASE, AND RECOVERED THE IDEMS, SGT. DAVIS,
FALSELY CLAIMED TO HAVE RECOVERED, WHICH WAS VIRTUALLY
IMPOSSIBLE BEING SGT. DAVIS, ARREST DEFENDANT ON 11-27-91 AT
DADE COUNTY JAIL AFTER BEING INFORMED BY OFFICER KINSEY,
THEN CONDUCTING AN INTERVIEW WITH DEFENDANT AT THE DA-
DE COUNTY JAIL THEREAFTER CHARGING DEFENDANT WITH A
SEPERATE DISTINCT CRIME AS OPPOSED TO HIS TRIAL TESTIMONY,
WHICH HE FALSELY TESTIFIED TO APPEAR AS IF HE HAD RECOV-
ED IDEMS FROM DEFENDANT UPON ARRESTING HIM AT THE
DADE COUNTY JAIL, DEFENDANT CONTENDS THIS FALSE MISLEAD-
ING TESTIMONY BY SGT. DAVIS, HELD A DEVASTATING AFFECT
ON DEFENDANT'S TRIAL, WAS HIGHLY PREJUDICIAL, AND DE-
PRIVED DEFENDANT OF A FAIR IMPARTIAL JURY TRIAL, DUE
PROCESS OF LAW, BY ALLOWING JURORS TO SEE AND HEAR EVI-

DENCE NOT PERTAINING TO THE INSTANT CHARGED OFFENSE BE AD-
MITTED UNDER THE FALSE PRETENSE OF WILLIAMS RULE EVI-
DENCE. MOREOVER, SAID PERJURED TESTIMONY WAS ELICITED
BY THE STATE'S PROSECUTOR MS. MILLER, DELIBERATELY WILL-
FULLY, AND KNOWINGLY TO OBTAIN A CONVICTION WITHOUT EVER AT-
TEMPTING TO CORRECT SAID PERJURED TESTIMONY. THE LAW IS WELL
ESTABLISHED THAT THE WILLFUL USE OF FALSE TESTIMONY UPON
MATERIAL MATTERS FROM STATE WITNESSES BY THE PROSECUTOR,
KNOWN BY THE LATTER TO BE PERJURED TESTIMONY IS A REC-
OGNIZED GROUND FOR RELIEF FROM JUDGMENT, DEFENDANT MAIN-
TAINS HE SUFFERED GREATLY FROM THE STATE'S PROSECUTOR
WILLFULLY, KNOWINGLY, AND DELIBERATELY ELICITING PERJURY
TESTIMONY AND FABRICATED EVIDENCE FROM STATE'S WITNESS
SGT. DAVIS, THIS ERROR CANNOT BE DEEMED AS HARMLESS DE-
FENDANT MUST RECEIVE A NEW TRIAL IT IS SO PRAYED SEE
ATTACH EXHIBITS A-B-C AND MEMORANDUM OF LAW.

## GROUND II

THE DEFENDANT CONTENDS HE WAS DENIED EFFECTIVE ASSIS-
TANCE OF COUNSEL WHEN HIS COUNSEL OF RECORD FAILED TO EN-
GAGE IN, OR CONDUCT ADEQUATE, AND MEANINGFUL PRE-TRIAL
INVESTIGATION, VIOLATING HIS STATE/FEDERAL CONSTITUTIONAL
RIGHTS OF ARTICLE I, SECTION 2, 9, AND 16, OF OUR FLA. CONST.
AS WELL AS THE 6th/14th AMENDMENTS OF OUR U.S. CONST.

## ISSUE-A

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE ASSISTANCE

OF TRIAL COUNSEL AND WAS DEPRIVED OF HIS CONSTITUTIONAL
FUNDAMENTAL RIGHTS TO A FAIR TRIAL BY HIS COUNSEL OF
RECORD FAILURE TO CONDUCT ADEQUATE AND MEANINGFUL
PRE-TRIAL INVESTIGATION IN GENERAL PARTICULARLY, COUN-
SEL FAILED TO PROPERLY PREPARE FOR TRIAL WHERE COUNSEL
**NEVER DEPOSED** CRUCIAL STATE'S **KEY WITNESSES, NEVER RE-**
**VIEWED REPORTS** AND/OR **AFFIDAVITS** OF OFFICERS etc. DEFEN-
DANT CONTENDS HAD COUNSEL REVIEWED REPORTS, AFFIDAVITS,
AND/OR DEPOSED WITNESSES HE WOULD'VE KNEW WELL IN AD-
VANCE THAT IT **WAS ALLEGED** BY **DET. GONZALEZ,** THAT DEFEN-
DANT HAD GIVEN A **CONFESSION** AND/OR MADE INCRIMINATING
STATEMENTS TO DET. GONZALEZ, THEN WOULD'VE MOVED TO SUP-
PRESS THE SAME, INSTEAD COUNSEL ALLOWED UNDETECTED EVI-
DENCE TO SURFACE DURING THE COURSE OF THE TRIAL, THEN CLAIM
A DISCOVERY VIOLATION **SEE: (T.T. PG. 285)** DUE TO COUNSEL'S
**VERY OWN DERELICTION AND/OR NEGLECT OF DUTY.** HAD COUNSEL
CONDUCTED PROPER PRE-TRIAL INVESTIGATION HE WOULD'VE KNEW OF
THE ALLEGED STATEMENTS AND/OR CONFESSION ALLEGEDLY MADE
TO DET. GONZALEZ, BY DEFENDANT, AS WELL AS PERJURED FALSE
TESTIMONY COMMITTED BY VARIOUS STATE WITNESS, MOREOVER,
COUNSEL WOULD'VE BEEN PROPERLY PREPARE FOR THE TRIAL ITSELF,
DEFENDANT MAINTAINS, COUNSEL PERFORMANCE FELL BELOW THE
NORMS OF COMPETENT PROFESSIONAL COUNSEL AS ARTICULAT-
ED IN THE **STRICKLAND SUPRA,** WHERE COUNSEL'S ACTIONS UNDER-
MINED THE OUTCOME OF THE PROCEEDINGS IF NOT FOR COUNSEL'S
UNPROFESSIONAL ERRORS THERE IS A REASONABLE PROBABILITY THE
OUTCOME WOULD'VE BEEN DIFFERENT COUNSEL'S ACTIONS CANNOT BE

DEEM AS HARMLESS STRATEGICAL, NOR TACTICAL DECISION, DEFEN-
DANT MUST RECEIVE A NEW TRIAL IT IS SO PRAYED.

## ISSUE-B

DEFENDANT ALSO ASSERTS COUNSEL FAILED TO REVIEW CRU-
CIAL WILLIAMS RULE EVIDENCE AND/OR DETECT THAT STATE'S WIT-
NESSES WERE FABRICATING EVIDENCE AND PRESENTING PERJURED
TESTIMONY TO JURORS DUE TO COUNSEL'S LACK OF INVESTIGATION,
WHEREIN HAD COUNSEL REVIEWED POLICE REPORTS, ARREST AFFI-
DAVITS, etc. COUNSEL WOULD'VE BEEN ABLE TO EXPOSE AND/OR
CORRECT THE ELICITED PERJURED TESTIMONY, AND FABRICATED
EVIDENCE PRESENTED TO JURORS BY SGT. DAVIS, WHOM FALSELY
TESTIFIED THAT HE RECOVERED A BADGE, HANDCUFFS, WALKIE-
TALKIE, etc. FROM DEFENDANT UPON ARRESTING HIM IN 1991.
(TT PG. 327); ALSO PRESENTING THE SAME TO JURORS AS WILLIAMS
RULE EVIDENCE, DEFENDANT MAINTAINS HAD COUNSEL CONDUCTED PRO-
PER PRE-TRIAL INVESTIGATION BY THOROUGHLY REVIEWING THE PO-
ICE REPORTS AND/OR AFFIDAVITS OF OFFICER KINSEY, SEE EXHIBIT-
B AND SGT. DAVIS, SEE EXHIBIT-C HE WOULD'VE BEEN PREPARED TO
EXPOSE THE PERJURED TESTIMONY OF SGT. DAVIS, AND THE DELIBER-
ATE FABRICATION OF EVIDENCE BY SGT. DAVIS, AND STATE'S PROSE-
CUTOR MS. MILLER, INSTEAD COUNSEL ALLOWED FABRICATED EVI-
DENCE, AND PERJURED TESTIMONY TO BE HEARD AND SEEN BY JUR-
ORS UNDETECTED, OR UNCORRECTED DESPITE BEING INFORMED
BY DEFENDANT OF THE SAME. DEFENDANT MAINTAINS HE SUFFER-
ED GREATLY FROM COUNSEL'S NEGLECT OF DUTY, WHICH FELL BE-
LOW THE NORMS OF COMPETENT PROFESSIONAL COUNSEL AS ARTICU-

LATED IN THE **STRICKLAND SUPRA,** DEPRIVING DEFENDANT OF HIS
CONSTITUTIONAL RIGHTS, TO A FAIR TRIAL, AND EFFECTIVE ASSI-
STANCE OF COUNSEL AS GUARANTEED BY THE 6th/14th AMEND-
MENTS OF THE U.S. CONST. DEFENDANT AVERS IF NOT FOR COUNSEL'S
UNPROFESSIONAL ERRORS THERE IS A REASONABLE PROBABILITY THE
OUTCOME OF HIS TRIAL WOULD'VE BEEN DIFFERENT COUNSEL'S ACT-
IONS CANNOT BE DEEM AS STRATEGICAL, HARMLESS OR TACTICAL,
DEFENDANT MUST RECEIVE A NEW TRIAL IT IS SO PRAYED. SEE
ATTACH EXHIBITS A-B-C- AND MEMORANDUM OF LAW.

## GROUND III

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE ASSIS-
TANCE OF COUNSEL WHEN HIS COUNSEL OF RECORD FAILED TO DE-
POSE CRUCIAL STATE WITNESSES DEPRIVING DEFENDANT OF HIS
STATE/FEDERAL CONSTITUTIONAL RIGHTS OF ARTICLE 1, SECTION
2, 9, AND 16 OF OUR FLA. CONST. AND THE 5th, 6th AND 14th AMEND-
MENTS OF OUR U.S. CONST.

## ISSUE-A

THE DEFENDANT CONTENDS HE SUFFERED GREATLY FROM HIS
COUNSELORS OF RECORD **FAILURE TO DEPOSE** CRITICAL STATE WIT-
NESSES, PARTICULARILY **DET. GONZALEZ,** WHOM CLAIM TO HAVE
RECEIVED A CONFESSION FROM DEFENDANT REGARDING THE
CHARGED OFFENSES ON A VOLUNTARY BASIS, HOWEVER, COUN-
SELORS OF RECORD FAILED TO DEPOSE THIS CRUCIAL WITNESS
ALLOWING THIS **ALLEGED CONFESSION TO GO UNDETECTED** UNTIL
DURING THE COURSE OF THE TRIAL ITSELF, WHEREIN, IT WAS

THEN REVEALED THAT DEFENDANT HAD ALLEGEDLY GIVEN A STATEMENT AND/OR CONFESSION TO DET. GONZALEZ. (T.T. PG. 287 L. 5-9)

MR. KAMINSKY: I ONLY DEPOSED ONE OFFICER.

THE COURT: YOU DID NOT DEPOSE GONZALEZ, THAT IS A PROBLEM.

COUNSELORS KNOW WELL IN ADVANCE THAT SEVERAL OFFICERS WERE INVOLVED IN THE INVESTIGATION OF THE INSTANT CASE, OR SHOULD'VE KNOWN BY WAY OF **DISCOVERY WITNESS LIST, REPORTS,** AND **AFFIDAVITS** HAD THEY PUT FORTH APPROPIATE EFFORTS TO REVIEW THE SAME, MOREOVER, HAD COUNSELORS TAKEN THE DEPOSITION OF DET. GONZALEZ, THEY WOULD'VE KNOWN/DISCOVERED IT WAS ALLEGED BY THIS DETECTIVE THAT DEFENDANT HAD GIVEN HIM A CONFESSION, AND/OR MADE STATEMENTS TO HIM, WHICH DEFENDANT CONTENDS WERE **DESTORTED AND FABRICATED BY DET. GONZALEZ,** MOREOVER, COUNSELORS WOULD'VE KNEW TO MOVE TO SUPPRESS SAID **CONFESSION** AND/OR STATEMENTS PRIOR TO TRIAL BASED OF THE **INVOLUNTARINESS** AND **DESTORTATION** OF THE SAME BY DET. GONZALEZ, WHEREIN, DET. GONZALEZ, DID ATTEMPT TO SPEAK TO DEFENDANT SEEKING DEFENDANT TO PROVIDE A CONFESSION WITH A **PROMISE OF REDUCING HIS CHARGES IF HE FULLY COOPERATED,** THEREAFTER **DEFENDANT DECLINED DET. GONZALEZ OFFER,** DET. GONZALEZ, THEN DESTORTED FACTS OF THE BRIEF ENCOUNTER BETWEEN HIM AND DEFENDANT, INTO A FULL SCALE CONFESSION AS ALLEGED BY DET. GONZALEZ, DEFENDANT MAINTAINS HE **CONVEYED THE SAME TO COUNSEL MR. KAMINSKY,** PRIOR TO

TRIAL WHERE IN TURN HE WAS TOLD BY COUNSEL "NOT TO WORRY ABOUT IT," MOREOVER, HAD COUNSELORS DEPOSED, AND/OR INVESTI-GATED THEY WOULD'VE BEEN FULLY AWARE OF THE CIRCUM-STANCE OF THE ALLEGED CONFESSION TO DET. GONZALEZ, WHICH PROVED TO BE DEVASTATING IN DEFENDANT TRIAL, MOREOVER, COUNSEL BEING A TRAINED PROFESSIONAL ATTOR-NEY IN THE FLORIDA RULES OF COURTS/EVIDENCE SHOULD'VE KNEW ANY STATEMENTS OR CONFESSION ASSUMING ARGUENDO UND-ER THE CIRCUMSTANCES WAS INVOLUNTARY, COUNSELORS ACTION CANNOT BE DEEMED AS HARMLESS, TACTICAL, OR STRATEGICAL DEFENDANT MUST RECEIVE A NEW TRIAL, IT IS SO PRAYED

## ISSUE-B

DEFENDANT ALSO AVERS HIS COUNSELORS OF RECORD FAILED TO DEPOSE OTHER CRUCIAL STATE WITNESSES WHOM COULD'VE PROVIDED FAVORABLE TESTIMONY TO HIS DEFENSE PARTICULAR-LY OFFICER DWYER, AND OFFICER ANKNEY, WHO WERE THE FIRST TWO OFFICERS TO ARRIVE AT THE SCENE OF THE ALLEGED VIC-TIMS APARTMENT, NOT OFFICER KRATMAN, AS HER TRIAL TESTI-MONY REFLECTS AS OPPOSE TO HER DEPOSITION TESTIMONY SEE: (DEP. PG 4-5) DEFENDANT CONTENDS HAD HIS COUNSELORS OF RE-CORD DEPOSED OFFICERS DWYER, AND ANKNEY, WHOM BOTH AR-RIVED AT THE VICTIMS APARTMENT PRIOR TO OFFICER KRATMAN, AND BOTH WERE INVOLVED IN A THOROUGH SEARCH OF THE VIC-TIMS APARTMENT PARTICULARLY THE CLOSET WHERE THE BAD-GE DEFENDANT ALLEGEDLY HAD WAS LOCATED DAYS LATER BY ONE OF THE ALLEGED VICTIMS, HOWEVER ACCORDING TO THE

DEPO TESTIMONY OF DEMIK WILLIAMS THE OFFICERS SEARCH THE CLOSET AND APARTMENT FULLY IN EFFORTS OF LOCATING THIS ALLEGED BADGE, MOREOVER, THESE TWO CRUCIAL OFFICERS WERE INFACT THE OFFICERS TO RECOVER CERTAIN IDEMS WHOM IN TURN, TURNED SAID EVIDENCE OVER TO OFFICER KRATMAN, WHO TOOK OVER THE CASE AS LEAD INVESTIGATION OFFICER, HAD COUNSELORS DEPOSED OFFICERS DWYER, AND ANKNEY, THEY WOULD'VE DISCOVERED THESE TWO CRUCIAL WITNESSES COULD'VE TESTIFIED THAT THERE WAS NO BADGE IN THE CLOSET OF THE VIC-TIMS APARTMENT WHERE BOTH OF THESE OFFICERS CONDUCTED A THOROUGH SEARCH OF THE CLOSET, AND COULD'VE PRESENTED EVIDENCE FAVORABLE TO HIS DEFENSE, TO THE CONTRARY OF OFF-ICER KRATMAN, MOREOVER, COUNSELORS KNEW OR SHOULD'VE KNOWN ANY WITNESSES HAVING MATERIAL INFORMATION AND/OR KNOWLEDGE OF A CASE INVOLVING A CLIENT IT IS INCUMBENT UPON COUNSELORS CODE OF ETHICS AND PROFESSIONAL DUTY TO INVESTI-GATE AND DEPOSE THE SAME, COUNSELORS ACTIONS CANNOT BE DEEM AS HARMLESS, STRATEGICAL OR TACTICAL WHERE COUNSELORS ACTIONS FELL BELOW THE NORMS OF COMPETENT PROFESSIONAL COUNSEL AS ARTICULATED IN THE STRICKLAND SUPRA, DEFEN-DANT MUST RECEIVE A NEW TRIAL IT IS SO PRAYED. SEE ATTACH EXHIBITS A-B-C AND MEMORANDUM OF LAW.

## GROUND IV

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE ASSI-
STANCE OF TRIAL COUNSEL, WHEN HIS COUNSELORS OF RE-
CORD FAILED TO SUPPRESS THE ALLEGED CONFESSION AND/
OR STATEMENTS TO DET. GONZALEZ, WHICH WERE DISTORT-
ED AND INVOLUNTARY. VIOLATING DEFENDANT'S STATE/FEDERAL
CONST. RIGHTS OF ARTICLE 1, SECTION 2, 9, AND 16, AS WELL
AS THE 5th 6th AND 14th AMENDMENTS OF OUR U.S. CONST.

THE DEFENDANT CONTENDS HE SUFFERED INEFFECTIVE ASSI-
STANCE OF TRIAL COUNSELORS WHEN HIS **COUNSELORS** OF RE-
CORD **FAILED** TO FILE A **MOTION TO SUPPRESS** THE ALLEGED
CONFESSION, AND/OR STATEMENTS OF DEFENDANT TO DET. GON-
ZALEZ, WHICH COUNSELORS **KNEW**, OR SHOULD'VE **KNOWN** WERE
**DESTORTED** AND **INVOLUNTARY** GIVEN BASED ON WHAT **DEFEN-
DANT HAD CONVEYED TO COUNSELOR** IN A PRIOR MEETING WITH
COUNSEL, WHEREIN **DEFENDANT INFORMED COUNSEL** AT THE VERY
FIRST MEETING BETWEEN DEFENDANT AND COUNSEL OF CIRCUM-
STANCES SURROUNDING HIS ARREST, AND CONVERSATION WITH DET.
GONZALEZ, AT THE POLICE STATION AFTER COUNSEL INQUIRED
TO DEFENDANT AS TO CIRCUMSTANCES OF HIS ARREST, OR WHETH-
ER HE HAD SPOKEN TO ANY POLICE, DETECTIVES, etc.
DEFENDANT CONTENDS HE TOLD HIS COUNSEL OF RECORD THAT
**DET. GONZALEZ**, HAD **ATTEMPTED TO SPEAK** TO HIM OFFERING
**TO REDUCE CHARGES ON DEFENDANT IF HE COOPERATED FULLY**
WITH HIM AND GIVE A CONFESSION THAT HE HAD COMMITTED
THE INSTANT CRIMES WHICH **DEFENDANT DECLINED DET. GON-**

ZALEZ, OFFER ONLY TO FIND OUT DURING TRIAL THAT DET. GON-
ZALEZ, HAD DESTORTED THE FACTS OF THAT BRIEF ENCOUNTER
TO NOW BE A FULL SCALE CONFESSION WHICH PROVED TO BE
DEVASTATING TOWARDS DEFENDANT AT TRIAL, ALBEIT COUNSEL
DIDN'T KNOW OF THE ALLEGED CONFESSION AND/OR STATEMENTS
ITSELF UNTIL DURING THE COURSE OF DEFENDANT'S TRIAL, DEFEN-
DANT MAINTAINS, HAD COUNSELOR DEPOSED, AND/OR CONDUCTED
MEANINGFUL PRE-TRIAL INVESTIGATION HE WOULD'VE KNEW OF
THE ALLEGED CONFESSION AND/OR STATEMENTS INTER ALIA, COUN-
SELOR KNEW OR SHOULD'VE KNOWN FROM WHAT DEFENDANT
CONVEYED TO HIM THAT THE ALLEGED STATEMENTS, AND/OR
CONFESSION WAS DESTORTED AND INVOLUNTARY ONCE IT DID
SURFACE THAT,        DEFENDANT HAD ALLEGEDLY GIVEN A CON-
FESSION TO DET. GONZALEZ, COUNSEL SHOULD KNEW TO FILE
A MOTION TO SUPPRESS THE SAME, OR AT LEAST BRING FOR-
TH ALL THE FACTS CONCERNING THE BRIEF ENCOUNTER BETWEEN
DEFENDANT AND DET. GONZALEZ, SO THE COURT COULD MAKE THE
PROPER FACTUAL DETERMINATION AS TO THE VOLUNTARINESS
OF THE SAME. DEFENDANT MAINTAINS COUNSEL ACTED OUTSIDE
THE NORMS OF COMPETENT PROFESSIONAL COUNSELOR, IF NOT FOR
COUNSELORS UNPROFESSIONAL ERRORS THERE IS A REASONABLE
PROBABILITY THE OUTCOME WOULD'VE BEEN DIFFERENT COUNSELORS
ACTIONS CANNOT BE DEEM AS HARMLESS STRATEGICAL, OR TACTI-
CAL DEFENDANT MUST RECEIVE A NEW TRIAL IT IS SO PRAYED
SEE ATTACH: MEMORANDUM OF LAW.

## GROUND V

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSELORS, WHEN HIS COUNSELORS OF RECORD FAILED TO SUPPRESS, AND/OR OBJECT TO THE ADMISSION OF THE ALLEGED BADGE OF DEFENDANT SUPPOSABLY LOCATED IN THE ALLEGED VICTIMS APARTMENT DAYS AFTER DEFENDANTS ARREST, VIOLATING DEFENDANTS STATE/FEDERAL RIGHTS OF ARTICLE 1, SECTION 2, 9, AND 16 OF OUR FLA. CONST. AS WELL AS THE 5th 6th AND 14th AMENDMENTS OF OUR U.S. CONST.

THE DEFENDANT CONTENDS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY OUR STATE/FEDERAL CONSTS. WHEN HIS COUNSELORS OF RECORD **FAILED TO SUPPRESS** AND/OR **OBJECT** TO THE **ADMISSION OF A BADGE** SUPPOSABLY LOCATED BY ONE OF THE VICTIMS DAYS AFTER DEFENDANT WAS ARRESTED, AND CHARGED WITH PERSONATING A POLICE OFFICER COUNT 1, AND BURGARLY OF A OCCUPIED DWELLING COUNT 2, WHEREIN SAID BADGE WAS ALLEGEDLY USED BY DEFENDANT IN THE INSTANT OFFENSE HOWEVER, DEFENDANT CONTENDS HIS COUNSELORS OF RECORD **KNEW OR SHOULD'VE KNOWN** TO MOVE TO **SUPPRESS** THE SAME AND/OR **OBJECT** TO THE **ADMISSION OF SAID BADGE** INTO EVIDENCE **BASED ON THE GAP IN THE PROPER CHAIN OF CUSTODY,** AND THE MANY **INCONSISTENCIES** IN THE TESTIMONY OF THE VICTIM **MS. SMITH,** AND **OFFICER BUCHANAN**, AS TO WHERE THIS PARTICULAR PEICE OF EVIDENCE WAS EXCHANGED AND TO WHOM IT WAS EXCHANGED LEAVING A REASONABLE PROBABILITY TO BELIEVE THAT SAID **EVIDENCE WAS PLANTED,** AND/OR **TAMPERED EVIDENCE,** THAT COUNSELORS SHOULD'VE KNEW TO SUPPRESS, OBJECT, AND/OR CONTEST TO ITS ADMISSION INTO EVIDENCE MOREOVER, COUNSELORS

KNEW DEFENDANT HAD INFORMED THEM PRIOR TO TRIAL THAT HE NEVER HAD THIS BADGE, NOR WAS THERE ANY REPORT WRITTEN BY OFFICER BUCHANAN, AS TO HER IMPOUNDING SUCH BADGE COUNSELORS KNEW THIS EVIDENCE WAS INADMISSIBLE, BUT FAILED TO SUPPRESS, OBJECT OR CONTEST THE SAME, MOREOVER, COUNSELORS KNEW DEFENDANT INFORMED THEM THAT THE BADGE WAS PLANTED/TAMPERED EVIDENCE, WHEREIN, DEFENDANT INSISTED SEVERAL TIMES THAT COUNSELORS ASK OFFICER BUCHANAN, WHERE WAS HER REPORT OF THIS ALLEGED BADGE WHICH WOULD ESTABLISH CLEARLY THAT THERE WAS NO PROPER CHAIN OF CUSTODY, AND THAT THIS EVIDENCE WAS PLANTED AND TAMPERED EVIDENCE, INFACT DEFENDANT HIMSELF FELT COMPELLED TO INQUIRE AS TO WHERE WAS THE REPORT OF THIS OFFICER BUCHANAN, CONCERN-ING THIS BADGE IN HIS TRIAL TESTIMONY AFTER COUNSELORS FAILED TO DO LIKEWISE IN THE TRIAL. NOTWITHSTANDING COUNSELORS FAILURE TO SUPPRESS THE SAME WHEN REQUESTED TO DO SO SEVERAL TIMES BY DEFENDANT, DE-SPITE THE MANY DISCREPANCIES THOROUGHOUT THE TRIAL, DEPOSITIONS AND VICTIMS CONCERNING THIS BADGE, WHERE ACCORDING TO THE VICTIM MS. SMITH "SHE NOTIFIED POLICE WHO NEVER CAME AT THE BADGE" (T.T. PG. 262) DEFENDANT MAINTAINS IF NOT FOR COUNSELORS UNPROFESSIONAL ERROR THERE IS A REASONABLE PROBABILITY THE OUTCOME OF HIS TRIAL WOULD'VE BEEN DIFFERENT COUNSELORS ACTIONS CANNOT BE DEEM AS HARMLESS STRATEGICAL, OR TACTICAL DEFENDANT MUST RECEIVE A NEW TRIAL IT IS SO PRAYED.

## GROUND VI

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, WHEN HIS COUNSEL OF RECORD FAILED TO HONOR DEFENDANT'S REQUEST TO EITHER FILE A PRE-TRIAL MOTION TO WITH-DRAW FROM DEFENDANTS CASE, OR INFORM THE TRIAL COURT TO CONDUCT A FULL SCALE NELSON INQUIRY, VIOLATING DEFENDANT'S CONST. STATE/ FEDERAL UNDER ARTICLE I, SECTION 2, 9, AND 16 OF OUR FLA. CONST. AS WELL AS THE 5th 6th AND 14th AMENDMENTS OF OUR U.S. CONST.

THE DEFENDANT CONTENDS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL VIOLATING HIS STATE/FEDERAL CONST. RIGHTS WHEREIN PRIOR TO TRIAL DEFENDANT WAS INFORMED BY MR. KAMINSKY, COUNSEL OF RECORD THAT "HE DID'NT HAVE A DEFENSE FOR THIS TYPE OF CASE, AND HAD NEVER TRIED A CASE OF THIS SORT BEFORE," WHEREIN DEFENDANT ASKED COUNSEL TO WITHDRAW FROM THE CASE, OR HE WOULD RAISE HIS CONCERNS TO THE TRIAL COURT THAT COUNSEL WAS INCOMPETENT AND SHOULD WITHDRAW, OR BE REMOVED FROM THE INSTANT CASE. SUBSEQUENTLY, DEFENDANT DID RAISE HIS CONCERNS WITH THE TRIAL COURT AT A PRE-TRIAL HEARING WHEREIN DEFENDANT INFORMED COUN-SEL TO EITHER WITHDRAW, OR INFORM THE COURT DEFENDANT WAS SEEK-ING COMPLETE NELSON INQUIRY TO DETERMINE WHETHER OR NOT COUNSEL WAS COMPETENT. HOWEVER, THE COURT DIDN'T ASK DEFENDANT WHAT WAS THE PROBLEM BETWEEN HIM AND COUNSEL AFTER DEFENDANT RAISED HIS CONCERNS, THAT COUNSEL HAD INFORMED DEFENDANT "HE DIDN'T HAVE A DEFENSE FOR THIS TYPE OF CASE," THE COURT IN TURN SIMPLY TOLD DEFENDANT TO "GIVE COUNSEL A CHANCE," INSTEAD OF CONDUCTING A COM-PLETE NELSON INQUIRY TO ADDRESS DEFENDANT'S MANY CONCERNS. MOREOVER,

DEFENDANT MAINTAINS COUNSEL FAILED TO HONOR HIS DESIRES, AND WISHES BY EITHER WITHDRAWING FROM DEFENDANT'S CASE, OR INFORMING THE COURT THAT DEFENDANT DESIRED A COMPLETE NELSON INQUIRY INTER ALIA, DEFENDANT CONTENDS HE SUFFERED GREATLY WHEREIN COUNSEL'S OVERALL PERFORMANCE PROVED TO BE DEVASTATING, e.g., FAILURE TO INVESTIGATE, FAILURE TO DEPOSE, FAILURE TO SUPPRESS, FAILURE TO TIMELY DETECT A BRADY VIOLATION, etc. WITHOUT ANY DOUBT COUNSELOR'S OVERALL PERFORMANCE WAS CRITICAL TO DEFENDANT'S TRIAL, AND VIO-LATED DEFENDANT'S CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL, AND RIGHT TO A FAIR IMPARTIAL JURY TRIAL, IN LIGHT OF COUNSEL'S COLLECTIVE ACTS OF OMISSION, DEFENDANT MAINTAINS COUN-SEL'S PERFORMANCE FELL BELOW THE NORMS OF COMPETENT PROFESSIONAL COUNSEL, IF NOT FOR COUNSEL'S UNPROFESSIONAL ERRORS THERE IS A REASONABLE PROBABILITY THE OUTCOME OF DEFENDANT'S TRIAL WOULD'VE BEEN DIFFERENT, NOTWITHSTANDING SEVERAL TIMES DURING THE COURSE OF DEFENDANT'S TRIAL THE COURT HAD TO AD-MONISH COUNSEL OF HIS OMISSION OF HIS DUTY AT PRE-TRIAL, AND TRIAL. DEFENDANT MUST RECEIVE A NEW TRIAL IT IS SO PRAYED.

## GROUND VII

THE DEFENDANT CONTENDS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN HIS COUNSELORS OF RECORD FAILED TO MOVE TO EXCUSE THE ENTIRE JURY PANEL OR REQUEST A INQUIRY OF THE ENTIRE PANEL INDIVIDUALLY, WHEN REQUESTED TO DO SO BY DEFENDANT AFTER ONE OF THE PROSPECTIVE JURORS REVEALED DURING VOIR DIRE QUESTIONING THAT THE JURY PANEL HAD BEEN TAINTED. VIOLATING DEFENDANT'S STATE/FEDERAL CONST. RIGHTS OF ARTICLE 1, SECTION 2, 9, 16, AND 22 OF OUR FLA. CONST. AS WELL AS THE 5th 6th AND 14th AMENDMENTS OF OUR U.S. CONST.

THE DEFENDANT CONTENDS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN A POTENTIAL PROSPECTIVE JUROR MR. PATTERSON, REVEALED DURING VOIR DIRE QUESTIONING THAT THE JURY POOL AND/OR PANEL, HAD BEEN TAINTED BY A MEMBER OF THE JURY POOL AND/OR PANEL, WHO STATED AFFIRMATIVELY TO OTHER MEMBERS OF THE JURY POOL OR PANEL TO "LETS FIND HIM GUILTY (DEFENDANT) AND GET OUT OF HERE," DEFENDANT CONTENDS AT THAT MOMENT OF REVELATION HE IMMEDIATELY INFORMED HIS COUNSEL OF RECORD MR. KAMINSKY TO MOVE, TO REMOVE THE ENTIRE JURY POOL OR PANEL BEFORE THE TRIAL BEGINS, OR REQUEST THAT THE TRIAL COURT INTERVIEW EACH PERSPECTIVE JUROR INDIVIDUALLY BEFORE THE TRIAL BEGINS. WHEREIN IN TURN COUNSEL REFUSED TO DO EITHER AND SIMPLY STATED TO DEFENDANT, "CALM DOWN, "ITS NO BIG DEAL, WE WILL CHECK WITH THE ONE WHO MADE THE STATEMENTS," ACCORDING TO THE PROSPECTIVE JUROR MR. PATTERSON, WHO REVEALED THE JUROR'S MISCONDUCT IN PERTINENT PART, "YOU HAVE MY TIME FOR THREE MINUTES," I BELIEVE SHE ALSO SAID LET'S FIND HIM GUILTY AND GET OUT OF

HERE," MR. PATTERSON: I DON'T KNOW HER NAME IT SOUNDED LIKE THE GIRL IN THE FRONT ROW TURNED BACK AND LOOKED AT HER SHE MIGHT HAVE HEARD IT TOO (T.T. PG. 189) ALBEIT THE COURT DOES MAKE A BRIEF INQUIRY OF THIS PROSPECTIVE JUROR, **THE COURT:** COULD YOU ASK MS. BURKLE TO STEP IN?

   THE BAILIFF: BURKLE?

   MS. BURKLE: ALL RIGHT.

   THE COURT: ARE YOU CONCERNED ABOUT THE AMOUNT OF TIME THAT WE HAVE BEEN TAKING.

   MS. BURKLE: YES.

   THE COURT: WHY?

   MS. BURKLE: WELL I HAVE TWO CHILDREN WAITING FOR ME AT SCHOOL.

   THE COURT: I KNOW THAT DO YOU THINK THAT YOU WOULD BE INCLINED TO MAKE ANY HASTY DECISIONS. BECAUSE YOU HAVE TO PICK UP YOUR KIDS? (T.T. PG. 189-194)

   DEFENDANT CONTENDS THE TRIAL COURT'S BRIEF INQUIRY OF MS. BURKLE WAS NOT SUFFICIENT UNDER THE CIRCUMSTANCES, WHERE THE ULTIMATE QUESTION WAS NEVER ADDRESSED "**WHETHER SHE HAD MADE THE STATEMENTS TO OTHER JURORS,**" MOREOVER, IT WAS CLEAR FROM HER FIRST ANSWER THAT **YES!** SHE WAS CONCERNED ABOUT TOO MUCH TIME BEING SPENT ON THIS CASE. IT WAS **VERACITY TO MR. PATTERSON CLAIMS** THAT NEEDED TO BE **EXPLORED FURTHER,** AS STATED BY MR. PATTERSON "**OTHER JURORS HEARD THE STATEMENTS OF MS.**

BURKLE." THEREFORE, THE ENTIRE POOL OR PANEL SHOULD'VE BEEN INTER-
VIEWED INDIVIDUALLY OR REMOVED PRIOR TO TRIAL AS DEFENDANT RE-
QUESTED HIS COUNSEL MR. KAMINSKY DO SO.

DEFENDANT MAINTAINS HE WAS DEPRIVED OF HIS MOST PRECIOUS
FUNDAMENTAL CONSTITUTIONAL RIGHTS, "RIGHT TO A FAIR IMPARTIAL
JURY TRIAL," BY HIS COUNSEL'S FAILURE TO HONOR HIS REQUEST OF
REMOVING THE ENTIRE JURY POOL AND PANEL OR HAVE EACH JUROR IN-
DIVIDUALLY INTERVIEWED TO DETERMINE WHETHER OR NOT THEY HAD
BEEN AFFECT AND/OR TAINTED BY MS. BURKLE, COUNSEL'S ACTIONS
CANNOT BE DEEM AS HARMLESS TACTICAL, OR STRATEGICAL IF NOT
FOR COUNSEL'S UNPROFESSIONAL ERRORS THERE IS A REASON-
ABLE PROBABILITY THE OUTCOME OF THE PROCEEDINGS WOULD'VE
BEEN DIFFERENT, DEFENDANT MUST RECEIVE A NEW TRIAL IT IS SO
PRAYED.

## GROUND VIII

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSELORS WHEN HIS COUNSELORS OF RECORD REFUSED TO HONOR HIS REQUEST TO INQUIRE OF THE COURT, ITS REASON FOR SKIPPING OVER PROSPECTIVE JUROR **MR. PATTERSON**, WHEN HE WAS NEVER STRUCK BY ANYONE, AND DEFENDANT DESIRED TO HAVE THIS PROSPECTIVE JUROR ON HIS PANEL DUE TO HIS INTEGRITY TO RE-VEAL OTHER PROSPECTIVE JURORS MISCONDUCT. VIOLATING DEFENDANT STATE/FEDERAL RIGHTS OF OUR FLA. CONST. ARTICLE 1, SECTION 2, 9, AND 16, AS WELL AS THE 5th 6th AND 14th AMENDMENTS OF OUR U.S. CONST.

THE DEFENDANT CONTENDS HE WAS DEPRIVED OF HIS CONSTITUT-IONAL RIGHTS TO A FAIR IMPARTIAL JURY TRIAL, AND EFFECTIVE ASSISTANCE OF TRIAL COUNSELORS PARTICULARY **WHEN HE INFORMED HIS LEAD TRIAL COUNSEL MR. KAMINSKY**, TO INQUIRE OF THE TRIAL COURT AS TO **WHY WAS A PROSPECTIVE JUROR (MR. PATTERSON) LOOKED OVER AS BEING ON HIS PANEL**, WHEN HE **WAS'NT DISMISSED** OR **STRUCK BY ANYONE**, BESIDES **DEFENDANT INFORMED COUNSEL HE DESIRED TO HAVE THIS** PROSPECTIVE **JUROR ON HIS PANEL** BEING **HE WAS AFRICAN AMERICAN (OF HIS PEERS) AND HAD SHOWN A GREAT DEAL OF INTEGRITY** TO **EXPOSE OTHER PROSPECTIVE JURORS MISCONDUCT. COUNSEL** IN TURN SIMPLY TOLD DEFENDANT "THE TRIAL JUDGE HAD EXCUSED MR. PATTERSON, BASED ON HIS VIEWS OF THE SYSTEM," WHICH WAS TOTALLY INCORRECT, INAPPROPIATE, AND INSUFFICENT BASIS TO EXCUSE MR. PATTERSON, AS COUNSEL MR. KAMINSK, CONFABULATED TO DEFENDANT FALSELY. MOREOVER, DEFENDANT MAINTAINS THIS PROSPECTIVE JUROR WAS OF VERY FEW OF DEFENDANT'S PEERS (AFRICAN AMERICAN) IN

THE POOL OR PANEL, DESPITE THE SAME COUNSEL MISLEAD DEFENDANT TO BELIEVE THE TRIAL JUDGE HAD DISMISSED MR. PATTERSON, AND REFUSED TO HONOR DEFENDANT'S DESIRES OF INQUIRING OF THE COURT AS TO WHY MR. PATTERSON WAS BEING OVERLOOKED AS A JUROR, WHERE THE RECORD REFLECTS THE SAME AS FOLLOWS; MS. MILLER: WE ARE MAKING A MOTION ON MR. PATTERSON.

THE COURT: DENIED. I ASKED YOU IF YOU WANTED TO ASK HIM ANY QUESTIONS. (T.T. PG. 194)

THE COURT: PATTERSON. DEFENSE?

MS. BORSARI: ACCEPT.

THE COURT: STATE?

MS. MILLER: RENEW OUR MOTION FOR CAUSE.

THE COURT: DENIED. (T.T. PG. 199)

THE CLERK: WHAT HAPPENED TO MR. PATTERSON?

DEFENDANT MAINTAINS PROSPECTIVE JUROR MR. PATTERSON WAS NEVER STRUCK FOR CAUSE, NOR WAS A PEREMPTORY STRIKE USED TO DISMISS THIS JUROR, INSTEAD THIS PROSPECTIVE JUROR WAS OVERLOOKED DUE TO HIS VIEWS OF THE SYSTEM, MOREOVER, THIS DEPRIVED DEFENDANT OF HIS MOST PRECIOUS FUNDAMENTAL CONSTITUTIONAL RIGHT, RIGHT TO A FAIR IMPARTIAL JURY TRIAL, COUNSEL'S ACTION CANNOT BE DEEM AS HARMLESS STRATEGICAL OR TACTICAL IF NOT FOR COUN-

SEL'S UNPROFESSIONAL ERRORS THERE IS A REASONABLE PROBABILITY THE OUTCOME WOULD'VE BEEN DIFFERENT, DEFENDANT MUST RECEIVE A NEW TRIAL IT IS SO PRAYED.

## GROUND IX

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, WHEN HIS COUNSELORS OF RECORD FAILED TO TIMELY MOVE FOR A MISTRIAL ONCE THEY DISCOVERED A BRADY VIOLATION, INSTEAD COUNSELORS ALLOWED EVIDENCE OF THE BRADY VIOLATION, TO BE HEARD BY JURORS KNOWINGLY BEFORE CONTESTING THE SAME, THEREBY WAIVING THE BRADY VIOLATION CLAIM AS UNTIMELY. VIOLATING DEFENDANT'S STATE/FEDERAL CONST. RIGHTS OF ARTICLE I, SECTION 2, 9, AND 16, OF OUR STATE CONST. AS WELL AS THE 5th 6th AND 14th AMENDMENTS OF OUR U.S. CONST.

THE DEFENDANT CONTENDS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSELORS WHEN HIS COUNSELORS OF RECORD FAILED TO TIMELY OBJECT AND MOVE FOR A MISTRIAL, ALLOWING A BRADY VIOLATION TO BE HEARD BY JURORS, AND WAIVING THE BRADY VIOLATION CLAIM. DEFENDANT CONTENDS DURING THE TESTIMONY OF DET. BUCHANAN, HIGHLY PREJUDICIAL HEARSAY TESTIMONY WAS REVEALED, WHICH COUNSELORS KNEW WAS A BRADY VIOLATION, AND STILL ALLOWED THE SAME TO BE HEARD BY JURORS, TESTIMONY DEFENDANT MAINTAINS HELD A DEVASTATING IMPACT ON HIS TRIAL. BEING IT WAS NOT REVEALED UNTIL DURING THE COURSE OF THE TRIAL, WHEREIN DET. BUCHANAN TESTIFIED ON REDIRECT, MS. MILLER, Q: DET. BUCHANAN HOW WAS IT THAT YOU SUSPECTED VICTOR HARRELL, OF BEING INVOLVED IN THE DECEMBER CRIME?

A: MR. MILLER PROVIDED HIS NAME TO DET. GONZALEZ, WHICH WAS LAT-
ER GIVEN TO ME.

Q: WAS THERE ANY QUESTION IN THE - - - (T.T. PG. 284-285)

DEFENDANT MAINTAINS THIS WAS CRUCIAL HEARSAY HIGHLY PREJUDICIAL
TESTIMONY THAT COUNSELORS OF RECORD ALLOWED INTO EVIDENCE WHEN THEY
KNEW IT WAS A BRADY VIOLATION COUPLED WITH HEARSAY TESTIMONY, NOT-
WITHSTANDING THE DEVASTATING AND MISLEADING AFFECT THIS TESTIMONY
HAD ON JURORS, WHEREIN IT WAS ALSO TESTIMONY OF PHOTO - LINEUP EVI-
DENCE INVOLVING THIS SAME INDIVIDUAL VICTOR HARRELL, THAT SHOULD
NOT HAVE BEEN BROUGHT IN, HOWEVER, SAID HEARSAY EVIDENCE WAS REVEAL-
ED FOR THE FIRST TIME CLEARY A BRADY VIOLATION, WHICH COUNSELORS
OF RECORD ILL TIMELY OBJECTED, AND MOVED FOR A MISTRIAL ON
WHICH THE TRIAL COURT ACKNOWLEDGED AS BEING WAIVED.

THE COURT: WELL I THINK THERE IS A DISCOVEREY VIOLATION
(T.T. PG. 288 L. 18-19)

THE COURT: IF THERE IS A VIOLATION I THINK YOUR OBJECTION
IS ILL-TIMED AND I THINK ITS A LITTLE TOO LATE, YOU WERE TOLD
OF THIS INFORMATION YOU DID NOT OBJECT, YOU LET IT ALL COME OUT IN
FRONT OF THE JURY, NOW YOU DO NOT LIKE WHAT IT WAS. (T.T. PG. 288-289)

THE COURT: DO WE HAVE ANY DISCOVERY ISSUES THAT ANYONE WANTS TO
ADDRESS AS A RESULT OF LOOKING AT ALL OF THAT STUFF?

MR. KAMINSKY: NO JUDGE (T.T. PG. 279)

THE COURT: I SAID ARE THERE ANY OTHER DISCOVERY PROBLEMS, "AND YOU GUYS SAID NO, SO DENIED. (T.T. PG.291 L. 3-11)

DEFENDANT MAINTAINS HE SUFFERED FROM COUNSELORS OVERALL PRO-FORMANCE, AND THAT COUNSELORS KNEW SEVERAL, DISCOVERY VIOLATIONS OC-CURRED BUT FAILED TO ACT TIMELY TO THE SAME AND ALLOWED JURORS TO BE MISLEAD BY HEARING THE SAME, PARTICULARLY THAT SOMEHOW DEFENDANT WAS IDENTIFIED BY PHOTOGRAPHIC LINE-UP AS BEING THE AS-SAILANT WHO HAD COMMITTED THE DEC. CRIMES BY THE VICTIMS WHICH WAS VERY MISLEADING, NOTWITHSTANDING THE TRIAL TESTIMONY OF THE VIC-TIMS AS TO WHETHER DEFENDANT WAS THE SAME PERSON WHO HAD TAKEN $5.300 FROM THE VICTIMS WHICH COUNSELORS KNEW VICTOR HARRELL, WAS CHARGED AND ARRESTED FOR THIS CRIME ALONE! DEFENDANT WAS NEVER ARRESTED OR CHARGED WITH IT AS JURORS WERE LEAD TO BELIEVE. DEFENDANT CONTENDS COUNSELORS ILL TIMELY OBJECTION, AND MISTRIAL MOTION DEPRIVED HIM OF HIS CONSTITUTIONAL FUNDAMENTAL RIGHTS, WHERE COUNSELORS ACTED OUTSIDE THE NORMS OF COMPETENT PROFESSIONAL COUN-SELORS, IF NOT FOR COUNSELORS UNPROFESSIONAL ERRORS THERE IS A REASON-ABLE PROBABILITY THE OUTCOME OF THE PROCEEDINGS WOULD HAVE BEEN DIFFERENT COUNSELORS OMISSIONS OF DUTY CANNOT BE DEEMED AS TACTICAL, HARMLESS OR STRATEGICAL, DEFENDANT MUST RECEIVE A NEW TRIAL IT IS SO PRAYED.

## GROUND X

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSELORS, WHEN HIS COUNSELORS OF RECORD FAILED TO OBJECT TO THE HIGHLY PREJUDICIAL TESTIMONY OF SGT. DAVIS CONCERNING UNCHARGED CRIMES AND ACTS DEFENDANT ALLEGEDLY CONFESSED TO COMMITTING. VIOLATING DEFENDANT'S STATE/FEDERAL CONST. RIGHTS OF OUR FLA. CONST. ARTICLE 1, SECTION 2, 9, AND 16, AS WELL AS THE 5th 6th AND 14th AMENDMENTS OF OUR U.S. CONST.

THE DEFENDANT CONTENDS HE WAS HIGHLY PREJUDICE AND DEPRIVED OF HIS CONSTITUTIONAL RIGHTS TO A FAIR IMPARTIAL JURY TRIAL WHEN HIS COUNSELORS OF RECORD FAILED TO OBJECT/ CONTEST THE HIGHLY PREJUDICIAL TESTIMONY OF SGT. DAVIS WHOM TESTIFIED FOR THE STATE AS A WITNESS OF OTHER CRIMES, AND ACTS COMMITTED BY DEFENDANT UNDER THE WILLIAMS RULE EVIDENCE, WHEREIN SGT. DAVIS TESTIFIED ON DIRECT EXAMINATION THAT HE WAS THE ARRESTING OFFICER OF DEFENDANT IN 1991, WHERE DEFENDANT CONFESSED TO HIM OF COMMITTING THE CRIME OF VICTIM (AZELL HARDNETT) MOREOVER, DEFENDANT MAINTAINS THIS SGT. WENT ON TO GIVE VERY DAMAGING, DEVASTATING, HIGHLY PREJUDICIAL TESTIMONY OF OTHER UNCHARGED CRIMES THAT DEFENDANT HAD ALLEGEDLY CONFESSED TO COMMITTING TO HIM AS OPPOSED TO THE CHARGED CRIME OF 1991. BY COUNSELORS OF RECORD STIPULATION TO BEING VOLUNTARY CONFESSED TO (T.T. PG. 317 L. 9-14) DESPITE THE FACT OF HIGHLY PREJUDICIAL TESTIMONY OF UNCHARGED CRIMES THAT COUNSELORS KNEW OR SHOULD'VE KNOWN WERE INADMISSIBLE BUT FAILED TO

OBJECT AND/OR CONTEST THE SAME.

MS. MILLER Q: OFFICER LET ME STOP YOU THERE. DID MR. MILLER, TELL YOU HOW HE GOT THAT PICTURE?

A: YOU HE DID

Q: AND WHAT DID HE TELL YOU?

A: WELL BASICALLY WHAT HE SAID WAS THAT THERE IS A PLACE WHERE A LOT OF SCAM ARTISTS GET TOGETHER AND THEY EXCHANGE SCAMS. THIS IS THEIR CRAFT, THEY EXCHANGE SCAMS, THEY EXCHANGE IDEAS AND WHO RIPPED SOMEONE OFF THE DAY BEFORE AND SEE IF THEY CAN FURTHER THAT SCAM ALONG AND GET MORE MONEY. THIS PARTICULAR SCAM I WAS INVESTIGATING AT THIS POINT IT COMES TO WHAT THEY CALL A DOUBLE WHAMMY. THE VICTIM NOT ONLY GET HIT ONCE, HE GETS HIT TWICE IN THIS PARTICULAR CASE. IN SOME CASES THEY CAN GET THEM A THIRD TIME THIS PARTICULAR CASE IT WAS TWICE (T.T. PG. 324 L. 325).

DEFENDANT CONTENDS THIS TESTIMONY WAS CRUCIAL HIGHLY PREJUDICIAL, AND COUNSELORS SHOULD'VE KNOWN TO OBJECT, AND/OR CONTEST THE SAME BASED ON THE PREJUDICIAL NATURE OF SAID TESTIMONY REFERRING TO UNCHARGED CRIMES, AND MISLEADING JURORS TO BELIEVE DEFENDANT WAS PART OF AN ELABORATE TEAM OF SCAM ARTIST, INFACT THIS VERY TESTIMONY TRUELY INDEED OPEN THE DOOR FOR ANY AND ALL CRIMES, CHARGED/UNCHARGED TO BE ADMITTED INTO EVIDENCE AGAINST DEFENDANT DUE TO COUNSELORS FAILURE TO CONTEST OR OBJECT TO THE SAME.

DEFENDANT MAINTAINS COUNSELORS PERFORMANCE FELL BE-
LOW THE NORMS OF COMPETENT PROFESSIONAL COUNSELORS, IF
NOT FOR COUNSELORS UNPROFESSIONAL ERRORS THERE IS A
REASONABLE PROBABILITY THAT THE OUTCOME OF THE PROCEED-
INGS WOULD'VE BEEN DIFFERENT COUNSELORS ACTIONS CANNOT
BE DEEM AS HARMLESS, TACTICAL, OR STRATEGICAL DECISION
DEFENDANT MUST RECEIVE A NEW TRIAL IT IS SO PRAYED.

## GROUND XI

DEFENDANT AVERS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN HIS COUNSEL OF RECORD DELIBERATELY ELICITED CRUCIAL PREJUDICIAL TESTIMONY FROM DEFENDANT ON DIRECT OPENING THE DOOR COMPLETELY FOR OTHERWISE INADMISSIBLE EVIDENCE TO BE ADMITTED VIOLATING DEFENDANT'S STATE/FEDERAL CONSTITUTIONAL RIGHTS OF ARTICLE 1, SECTION 2, 9, AND 16 OF OUR FLA. CONST. AND THE 5th 6th AND 14th AMENDMENTS OF OUR U.S. CONST.

THE DEFENDANT CONTENDS HE SUFFERED FROM INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE TOOK THE WITNESS STAND IN HIS OWN DEFENSE, AND HIS COUNSEL OF RECORD DELIBERATELY ELICITED HIGHLY PREJUDICIAL TESTIMONY FROM HIM THEREBY OPENING THE DOOR FOR THE ADMISSION OF ALL ALLEGED EVIDENCE AGAINST DEFENDANT TO BE INTRODUCTED. WHEN COUNSEL KNEW THAT IT WAS AGREED UPON BY ALL PARTIES, TO LIMIT THE ADMISSION OF CERTAIN EVIDENCE. HOWEVER, COUNSEL SHOULD'VE KNEW NOT TO EXPLOIT DAMAGING TESTIMONY FROM HIS CLIENT OR SHOULD'VE KNOWN THE PROPER MANNER OF QUESTIONING HIS CLIENT INSTEAD COUNSEL ACTED AS AN AGENT OF THE STATE THROUGHOUT DEFENDANT'S CASE. THEREBY DEPRIVING DEFENDANT OF HIS CONSTITUTIONAL RIGHTS TO A FAIR TRIAL, AND RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL. DEFENDANT MAINTAINS COUNSEL'S FOLLOWING QUESTIONING OF DEFENDANT WAS DELIBERATELY ELICITED MR. KAMINSKY, Q: CURTIS THERE HAS BEEN TESTIMONY AND YOU HAVE SEEN, YOURSELF, BROUGHT INTO EVIDENCE, A RADIO, WALKIE-TALKIE TYPE DEVICE WHY DID YOU HAVE THAT WITH YOU?

DEFENDANT, A: I WOULD HAVE IT OUT OF HABIT.

MS. MILLER, JUDGE, FIRST I'M GOING TO ASK — — —

THE COURT: OH YES.
MS. MILLER, THANK YOU.

THE COURT: EVERYTHING ELSE HE HAD WITH HIM IS NOW GOING TO COME IN. (T. T. PG. 465 L. 19-25)

DEFENDANT MAINTAINS THIS WAS DELIBERATELY ELICITED BY HIS COUNSEL OF RECORD WHO IS A TRAINE'D PROFESSIONAL ATTORNEY IN THE FLA. RULE OF COURTS AND EVIDENCE, WHO KNEW OR SHOULD'VE KNOWN THE PROPER LINE OF QUESTIONING HIS CLIENT WITHOUT BRINGING HARM OR DAMAGING HIS DEFENSE. DEFENDANT CONTENDS HE SUFFERED GREATLY FROM COUNSEL'S ACTIONS WHICH FELL BELOW THE NORMS OF COMPETENT PROFESSIONAL COUNSEL, MOREOVER COUNSEL'S PERFORMANCE UNDERMINED THE OUTCOME OF THE PROCEEDINGS. IF NOT FOR COUNSEL'S UNPROFESSIONAL ERRORS THERE IT A REASONABLE PROBABILITY THE OUTCOME OF THE PROCEEDINGS WOULD'VE HAVE BEEN DIFFERENT, COUNSEL'S ACTIONS CANNOT BE DEEMED AS TACTICAL, HARMLESS, OR STRATEGICAL DEFENDANT MUST RECEIVE A NEW TRIAL IT IS SO PRAYED,

## GROUND XII

DEFENDANT AVERS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FROM HIS COUNSELOR OF RECORD IMPROPER QUESTIONING OF DEFENDANT CONCERNING HIS PRIOR CRIMINAL RECORD WHEN DEFENDANT TESTIFIED IN HIS OWN BEHALF. VIOLATING DEFENDANT'S STATE/FEDERAL CONSTITUTIONAL RIGHTS OF ARTICLE 1, SECTION 2, 9, AND 16, OF OUR FLA. CONST. AS WELL AS THE 5th 6th AND 14th AMENDMENTS OF OUR U.S. CONST.

THE DEFENDANT CONTENDS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN HIS **COUNSEL OF RECORD INTERPOSED IMPROPER QUESTIONING** OF DEFENDANT DURING THE TRIAL TESTIMONY OF DEFENDANT WHICH **COUNSEL KNEW** OR **SHOULD'VE KNOWN** WAS AN **IMPROPER COMPOUND QUESTION** THAT WOULD **MISLEAD JURORS** AS TO **BELIEVING DEFENDANT WAS A COMPULSIVE LIAR.** MOREOVER, DEFENDANT MAINTAINS THIS WAS CRITICAL ERROR ON COUNSEL'S PART BEING **DEFENDANT'S CREDIBILITY** WAS **AT STAKE AS OPPOSED** TO THE **VICTIMS,** AND **STATES WITNESSES TESTIMONY.**

WHERE FROM THE ONSET OF DEFENDANT'S TRIAL AND TESTIMONY COUNSEL OF RECORD ONCE AGAIN ACTED AS AN AGENT OF THE STATE BY ASKING IMPROPER QUESTIONS OF DEFENDANT IN A COMPOUND PREJUDICIAL MANNER.

**MR. KAMINSKY Q:** CURTIS INCLUDING THAT CASE, HAVE YOU EVER BEEN CONVICTED OF A FELONY OR A CRIME OF DISHONESTY?

A: YES I HAVE
**Q:** HOW MANY TIMES
A: ALL TOTAL 19. (T.T. PG. 444)

DEFENDANT CONTENDS THESE **QUESTIONS WERE IMPROPER** AND HIGHLY PREJUDICIAL WHICH LEAD JURORS TO INFER DEFENDANT WAS A COMPULSIVE LIAR, MOREOVER, THIS **INFERENCE WAS CRITICAL** TOWARDS DEFENDANT'S CREDIBILITY WHICH WAS CLEARLY AN ISSUE OF THE TRIAL, IF NOT FOR COUNSEL'S UNPROFESSIONAL ERRORS THERE IS A REASONABLE PROBABILITY THE OUTCOME WOULD'VE BEEN DIFFERENT, WHERE COUNSEL'S PERFORMANCE FELL BELOW THE NORMS OF COMPETENT PROFESSIONAL COUNSEL UNDERMINED THE OUTCOME OF THE PROCEEDINGS DEPRIVING DEFENDANT OF HIS CONSTITUTIONAL FUNDAMENTAL RIGHTS **OF EFFECTIVE** ASSISTANCE OF COUNSEL AND RIGHT TO A FAIR IMPARTIAL JURY TRIAL, COUNSEL'S ACTIONS CANNOT BE DEEMED AS HARMLESS, TACTICAL, NOR STRATEGICAL, DEFENDANT MUST RECEIVE A NEW TRIAL IT IS SO PRAYED.

## GROUND XIII

DEFENDANT AVERS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSELORS WHEN HIS COUNSELORS OF RECORD FAILED TO INTERPOSE A CONTEMPORANEOUS OBJECTION TO PROSECUTOR MISCONDUCT DURING SUMMATION WHERE THE STATES PROSECUTOR BOLSTERED/VOUCHERED FOR CREDIBILITLY OF ITS WITNESSES i.e., VICTIMS, POLICE OFFICERS, ETC. VIOLATING DEFENDANT'S STATE/FEDERAL CONSTITUTIONAL RIGHTS OF ARTICLE 1, SECTION 2, 9, AND 16 OF OUR FLA. CONST. AS WELL AS THE 5th 6th AND 14th AMENDMENTS OF OUR U.S. CONST.

THE DEFENDANT CONTENDS HE SUFFERED INEFFECTIVE

ASSISTANCE OF TRIAL COUNSELORS WHEN HIS COUNSELORS OF RECORD FAILED TO INTERPOSE AN CONTEMPORANEOUS OBJECTION TO IMPROPER SUMMATION ARGUMENT BY THE STATE'S PROSECUTOR MS. MILLER, THEREBY FAILING TO PROPERLY PERSERVE THIS ISSUE FOR APPELLATE REVIEW, WHEREIN STATE'S PROSECUTOR MS. MILLER REPEATLY BOLSTERED/ VOUCHERED FOR THE CREDIBILITY OF STATE WITNESSES i.e., VICTIM'S, POLICE OFFICERS, etc. ALBEIT COUNSEL DOES MAKE A MERE OBJECTION, DEFENDANT CONTENDS COUNSELORS KNEW OR SHOULD'VE KNOWN TO INTERPOSE AN CONTEMPORANEOUS OBJECTION TO PROPERLY PERSERVE THIS ISSUE FOR APPELLATE REVIEW, DEFENDANT AVERS HE WAS HIGHLY PREJUDICE BY THE FOLLOWING SUMMATION ARGUMENT OF THE STATE'S PROSECUTOR, MS. MILLER, "YOU HAVE SIX WITNESSES, TWO OF THEM IN THEIR EIGHTIES, CHURCH-GOING WOMEN VERSUS A 19 TIME CONVICTED FELONY." "WE MET OUR BURDEN. DON'T GO BACK IN THE JURY ROOM AND FORGET YOUR COMMON SENSE. DON'T GO BACK IN THE JURY ROOM AND GIVE CREDIBILITY TO A CON MAN GO BACK IN THE JURY ROOM AND GIVE CREDIBILITY TO WHERE IT BELONGS, TO MS. SMITH AND TO MS. SAMMS.

MR. KAMINSKY: IMPROPER ARGUMENT.
THE COURT: OVERRULED. (T.T. PG, 566)

MS. MILLER: LADIES AND GENTLEMEN, I WANT TO CLOSE ONE

FINAL THOUGHT- IN ORDER TO ACCEPT THE DEFENDANT'S SERIES OF EVENTS, YOU HAVE TO BELIEVE THAT EACH WITNESS WHO TESTIFIED ABOUT THE EVENTS OF FEBRUARY 7th, 1998 WAS EITHER MISTAKEN OR LYING.

MR. KAMINSKY: OBJECTION, JUDGE.

THE COURT: OVERRULED THIS IS ARGUMENT.

MS. MILLER: YOU HAVE TO FIND SHE WAS MISTAKEN OR LYING TO BELIEVE HIS VERSION OF EVENTS. (T.T. PG. 569-571).

DEFENDANT CONTENDS THE STATE'S PROSECUTOR MS. MILLER, BOLSTERED AND/OR VOUCHERED FOR THE CREDIBILITY OF EACH ONE OF THE STATE WITNESSES IN CRONOLOGICAL ORDER WITHOUT HIS COUNSELORS OF RECORD INTERPOSING A CONTEMPORANEOUS OBJECTION TO THE SAME TO PERSERVE FOR APPELLATE, REVIEW COUNSELORS KNEW, OR SHOULD'VE KNOWN A MERE OBJECTION WOULD'NT PERSERVE THIS ISSUE FOR APPELLATE REVIEW, COUNSELORS ACTION CLEARLY FELL BELOW THE NORMS OF COMPETENT PROFESSIONAL COUNSEL, MOREOVER COUNSELORS CONDUCT UNDERMINED THE OUTCOME OF DEFENDANTS TRIAL, IF NOT FOR COUNSELORS UNPROFESSIONAL ERRORS THERE IS MORE THAN A REASONABLE PROBABILITY THE OUTCOME OF THE PROCEEDINGS WOULD'VE BEEN DIFFERENT. COUNSELORS ACTS OF OMISSION CANNOT BE DEEMED

AS STRATEGICAL, TACTICAL, OR HARMLESS DEFENDANT MUST RECEIVED A NEW TRIAL IT IS SO PRAYED.

## GROUND XIV

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSELORS WHEN HIS COUNSELORS OF RECORD FAILED TO OBJECT TO IMPROPER ARGUMENT OF THE STATE'S PROSECUTOR, WHICH WAS CLEARLY AN APPEAL FOR SYMPATHY AND PASSION FOR THE VICTIMS, VIOLATING DEFENDANT'S STATE/FEDERAL CONSTITUTIONAL RIGHTS OF ARTICLE 1, SECTION 2, 9, AND 16, OF OUR FLORIDA CONSTITUTION, AS WELL AS THE 5th, 6th, AND 14th AMENDMENTS OF OUR U.S. CONSTITUTION.

THE DEFENDANT HEREIN CONTENDS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSELORS AND WAS DEPRIVED OF HIS CONSTITUTIONAL DUE PROCESS RIGHTS, BY THE HIGHLY PREJUDICIAL APPEALS AND PASSIONS OF THE STATE'S PROSECUTOR Ms. MILLER, DURING HER SUMMATION ARGUMENT, WHEREIN, Ms. MILLER, REPEATEDLY APPEALED TO THE SYMPATHY AND PASSION OF JURORS AS TO THE VICTIMS AGE AS OPPOSED TO A 19 TIME CONVICTED CON-MAN.

DEFENDANT MAINTAINS FROM THE ON-SET OF ARGUMENT THROUGHOUT HIS TRIAL, AND DURING SUMMATION, THE STATES PROSECUTOR Ms. MILLER, SWAYED THE PASSION AND SYMPATHY OF JURORS IN A CONSPICUOUS MANNER SUGGESTING THAT SOMEHOW THE CASE AND

EVIDENCE SHOULD BE DECIDED OFF OF SYMPATHY AND/OR PASSION FOR THE VICTIMS AGE, WHICH WAS CLEARLY PREJUDICIAL, MOREOVER, DEFENDANT CONTENDS THE AGE OF THE VICTIMS WAS FEATURED BEFORE JURORS FROM THE BEGINING AND TO THE END OF HIS TRIAL AS FOLLOWS: "WHAT BEEF DOES AN 84 YEAR-OLD WOMAN HAVE WITH THIS GUY? WHAT BEEF DOES AN 80 YEAR-OLD HAVE WITH THIS GUY? ASK YOURSELVES THAT QUESTION?" (TT. PG. 564 L.1-5) MS. MILLER: "YOU HAVE SIX WITNESSES, TWO OF THEM ILL, IN THEIR EIGHTIES, CHURCH-GOING WOMEN, VERSUS A 19 TIME CONVICTED FELON." (TT. PG. 566 L. 4-6) MS. MILLER: "THE PERSON WHO TOOK THE STAND IN THIS CASE WAS GWENDOLINE SMITH, THE 83 YEAR-OLD VICTIM." (TT. PG. 549 L. 8-23) DEFENDANT MAINTAINS THE SYMPATHATIC APPEALS OF MS. MILLER (STATE'S PROSECUTOR), OF VICTIMS AGE OCCURRED AT LEAST 22 TIMES, FROM START TO FINISH OF HIS TRIAL, ALL UNCONTESTED BY COUNSELORS OF RECORD, INFACT AS SHOWN ABOVE DURING SUMMATION ARGUMENT ALONE, IT OCCURRED 6 TIMES WITHOUT ANY OBJECTION TO THE IMPROPER APPEALS OF SYMPATHY, FOLLOWED BY A CURATIVE INSTRUCTION TO DISREGARD THE SAME. DEFENDANT CONTENDS HIS COUNSELORS OF RECORD'S PERFORMANCE FELL BELOW THE NORMS OF COMPETENT PROFESSIONAL COUNSEL, THEREBY UNDERMINING THE OUTCOME OF THE PROCEEDING. IF NOT FOR COUNSELORS' UNPROFESSIONAL ERRORS, THERE IS A REASONABLE PROBABILITY THE OUTCOME OF THE PROCEEDINGS WOULD'VE BEEN DIFFE-RENT, INSTEAD COUNSELORS ALLOWED THE STATE'S PROSECUTOR TO SWAY THE JURORS WITH SYMPATHY / PASSION FOR THE VICTIMS, COUNSELORS' ACTIONS CANNOT BE DEEMED AS TACTICAL, HARMLESS, OR STRATEGICAL, DEFENDANT MUST RECIEVE A NEW TRIAL, IT IS SO PRAYED.

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE ASSISTANCE
OF TRIAL COUNSELORS, WHEN HIS COUNSELORS OF RECORD
FAILED TO SEEK A CONTINUANCE, WHEN THE STATE'S
PROSECUTOR AMENDED INFORMATION ON THE DAY OF TRIAL,
UPGRADING CHARGES AND CHANGING THE CORPUS DELICTI,
THEREBY DEPRIVING DEFENDANT OF HIS STATE / FEDERAL
CONSTITUTIONAL RIGHTS, ARTICLE 1 SECTION 2, 9, AND 1b,
OF OUR STATE CONSTITUTION, AS WELL AS THE 5TH, 6TH AND
14TH AMENDMENTS OF OUR U.S. CONSTITUTION.

THE DEFENDANT CONTENDS HE WAS DEPRIVED OF HIS CONSTITUTION-
AL STATE / FEDERAL RIGHTS OF A FAIR TRIAL, EFFECTIVE ASSIST-
ANCE OF COUNSELORS, AND DUE PROCESS OF LAW, WHEN HIS
COUNSELORS OF RECORD FAILED TO SEEK A CONTINUANCE AFTER THE
STATE PROSECUTOR ABRUPTLY AMENDED THE CHARGING INFORMATION,
ON THE DAY OF TRIAL, UPGRADING CHARGES FROM A 3RD DEGREE
FELONY, TO A 2ND DEGREE FELONY AND ALTERING THE CORPUS
DELICTI TO REFLECT BURGLARY BY FRAUD. (TT, PG. 3 L. 11-15)
DEFENDANT WAS CHARGED WITH TWO (2) COUNT INFORMATION: COUNT
1. IMPERSONATING A POLICE OFFICER, 3RD DEGREE FELONY; COUNT
2. BURGLARY OF A DWELLING; ON THE DAY OF THE TRIAL, THE STATE
PROSECUTOR ABRUPTLY AMENDED THE INFORMATION, UPGRADING THE
CHARGE OF COUNT 1., "IMPERSONATING A POLICE OFFICER" A 2ND
DEGREE FELONY, AND ALTERING THE CORPUS DELICTI OF COUNT 2.,
"BURGLARY OF A DWELLING" TO NOW REFLECT "BY FRAUD."

DEFENDANT CONTENDS THIS WAS A SUBSTANTIAL CHANGE OF
THE INFORMATION, HIGHLY PREJUDICIAL, AND CRIPPLING TO HIS
DEFENSE, WHEREIN, HIS COUNSELORS OF RECORD WAS UNPREPARED

-41-

FROM THE ON-SET OF THE CASE, WHICH WAS MADE CLEAR BY
COUNSEL, MOREOVER, COUNSELORS KNEW OR SHOULD'VE KNOWN TO
SEEK A CONTINUANCE WHEN THE STATE'S PROSECUTOR UPGRADED
CHARGES AND AMENDED INFORMATION, ON THE DAY OF TRIAL,
CONSEQUENTLY HAVING AN ADVERSE AFFECT ON DEFENDANT'S SUBSTAN-
TIAL RIGHTS TO A FAIR IMPARTIAL TRIAL. NOTWITHSTANDING THE
DEVASTATING AFFECT IT HELD ON DEFENDANT'S DEFENSE, FOR
EXAMPLE: THE BURGLARY CHARGE INITIALLY NEVER CONTAINED WITHIN
THE CORPUS DELICTI, "THE BURGLARY WAS COMMITTED BY FRAUD,"
THE AMENDED INFORMATION ADDS FRAUD AS BASIS OF THE BURGLARY
COUNT 2. WHERE IT WAS DEFENDANT'S CONTENTION AND DEFENSE
THAT THE BURGLARY CHARGE NEVER OCCURRED, BASED ON THE
VICTIMS CONSENT OF DEFENDANT'S ENTRY, THE IMPERSONATING A
POLICE OFFICER CHARGE WAS UPGRADED BY THE AMENDED INFOR-
MATION TO A 2ND DEGREE FELONY, FROM A 3RD DEGREE FELONY,
WHICH CERTAINLY COUNSELORS KNEW CAUSED DEFENDANT'S FATE,
STATUS, AND STRATEGY TO CHANGE, COUNSELORS KNEW OR SHOULD'VE
KNOWN TO OBJECT TO THE AMENDED INFORMATION, CONTEST IT, OR
SEEK A CONTINUANCE TO PREPARE AND DEFEND AGAINST IT, KNOWING
FULLY THE "PREJUDICIAL AFFECT" IT WOULD HAVE ON THE DEFENSE
OF DEFENDANT'S CASE, WHICH PROVED TO BE CRUCIAL. COUNSELORS
CANNOT CONTEND THEY DIDN'T KNOW OF THE DEFECTIVE INFORMATION,
THE DEFENDANT'S DEFENSE OF CONSENT TO ENTER THE VICTIMS
HOME, WHICH WAS "CRUSHED" BY THE AMENDED INFORMATION, INFACT,
COUNSEL MR. KAMINSKY, ACKNOWLEDGES THE SAME DURING PRE-
TRIAL, MR. KAMINSKY: "IF THE STATE HAD LOOKED OVER THE EVIDENCE
IN THE CASE BEFORE GOING TO TRIAL, THEY WOULD HAVE REALIZED
THAT THE INFORMATION IS CHARGED REALLY UNDER THE WRONG
STATUTE, BEING TOTATLLY BLUNT, AND THAT THE STATE IS BASIC-

-42-

ALLY EXTRACTING TWO CONVICTIONS, WHERE ONE IS MORE PROPER UNDER THE LAW." F.S. 817.025 (TT. PG. 490) UNFORTUNATELY, COUNSELORS DOES NOTHING TO CONTEST, THE DEFECTIVE INFORMATION, THEN SITS BACK IDLY WHEN THE STATE'S PROSECUTOR AMENDS, ADDS, AND ALTERS THE CORPUS DELICTI WITHOUT SEEKING A CONTINUANCE TO REVISE A PROPER DEFENSE. COUNSELORS UNPROFESS-IONAL ERRORS CANNOT BE DEEMED AS TACTICAL, HARMLESS, NOR STRATEGICAL, IF NOT FOR COUNSELORS UNPROFESSIONAL PERFORMANCE THERE IS A REASONABLE PROBABILITY THE OUTCOME OF THE PROCEED-INGS WOULD HAVE BEEN DIFFERENT, DEFENDANT MUST RECIEVE A NEW TRIAL, ALTERNATIVELY AN EVIDENTIARY HEARING IS SOUGHT, WITH DEFENDANT PRESENT, IT IS SO PRAYED.

## RELIEF SOUGHT

WHEREFORE, BASED ON THE FOREGOING MOTION, FACTS, AND ARGUMENTS, DEFENDANT RESPECTFULLY MOVES THIS HONORABLE COURT TO:

1. FIND AS A MATTER OF LAW THAT DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSELORS, OF ALL CLAIMS HEREIN, GRANT DEFENDANT A NEW TRIAL.

2. HOLD AN EVIDENTIARY HEARING, WITH DEFENDANT PRESENT, ALTERNATIVELY.

3. FIND THAT THE STATE'S PROSECUTOR'S CONDUCT DEPRIVED DEFENDANT OF A FAIR TRIAL, AND GRANT DEFENDANT A NEW TRIAL.

4. ANY AND ALL RELIEF THIS HONORABLE COURT DEEMS JUST AND PROPER. IT IS SO PRAYED.

EXHIBIT

B

IN THE DISTRICT COURT OF APPEAL
FOR THE ___THIRD___ DISTRICT
STATE OF FLORIDA

___CURTIS MILLER___,
**Petitioner,**

Case No. _3D01 - 406_
**[to be assigned]**

V.

[Appeal case no. _3D00-3068_ ]

**THE STATE OF FLORIDA,**
**Respondent.**

_____/

# PETITION FOR WRIT OF HABEAS CORPUS

COMES NOW, _CURTIS MILLER_____, the petitioner, pro se, in the above styled cause, and respectfully moves this Honorable Court to issue a Writ of Habeas Corpus, pursuant to the provisions of Rule 9.140(j) and 9.100(g), Florida Rules of Appellate Procedure, and would offer the following in support thereof:

# BASIS FOR INVOKING JURISDICTION

This Honorable Court has jurisdiction to issue Writs of Habeas Corpus pursuant to Article V, §4(B)(3) of the Florida Constitution, and Rule 9.030(b)(3), Florida Rules of Appellate Procedure. In accordance with Rule 9.140(j), Florida Rules Appellant Procedure, (effective January 1, 1997), Habeas Corpus is the proper remedy to challenge the effectiveness of Appellate Counsel, and no other remedy would be adequate to prevent the petitioner's continued unlawful detention.

[i]

# NATURE OF RELIEF SOUGHT

The petitioner herein seeks issuance of a Writ of Habeas Corpus reversing his trial court criminal conviction(s) and sentence(s). and such other relief as sought below. As grounds, the petitioner will show that the judgements and sentences here in question are contrary to the statutory and substantive case law of Federal and Florida State courts, and violative of his rights to Due Process and Equal Protection of the Law, and Effective Assistance of [Appellate] Counsel, as set forth and guaranteed under Amendment 5, 6 and 14 of the U.S. Constitution, and Article 1, §§2, 9, 16 and 21 of the Florida Constitution.

The petitioner would assert and show that he was denied the right to effective assistance of appellate counsel on direct appeal of his trial court convictions and sentences, and under the governing standard of review and determination of such claims,[1] and the applicable law in effect at the time of the appeal,[2] would offer the following:

# PROCEDURAL HISTORY OF THE CASE

1.    Name of the lower tribunal rendering the judgement of conviction and sentence:

ELEVENTH JUDICIAL CIRCUIT, IN AND FOR DADE COUNTY MIAMI, FLORIDA .

2.    Date and nature of the judgement of conviction and sentence entered (case numbers, charges and sentences): Nov. 20th 1998, CASE No: F98-4327

---

[1] Strickland v. Washington, 446 U.S. 688, 104 S.Ct. 2052 (1984); Haliburton v. Singletary, 691 So.2d 466 (Fla., 1997); Ferguson v. Singeltary, 633 So.2d 53 (Fla. 1993).

[2] Dombery v. State, 661 So.2d 285, 287 (Fla. 1995).

30 YEARS ON EACH COUNT, TO RUN CONCURRENT
COUNT (1). Falsely Impersonating AN OFFICER
COUNT (2). BURGLARY OF AN Occupied Dwelling

3.    The nature, disposition, and dates of all previous proceedings in the lower tribunal or appellate court. If a previous petition was filed, state the reason why the present claim was not raised previously: (1) COURT Appointed Counsel file A Direct Appeal which WAS "PER CURIAM AFFIRM" DEC. 1, 1999 - mandated DEC. 17, 1999. (2) Motion for POST- Conviction Relief 3.850 WAS file 7-21-2000 (Pro. se.) AND Denied 9-21-2000 PETITIONER, Appeal His 3.850 Summary Denial And The Third D.C.A. Affirm on his Appeal Nov. 29, 2000 PETITIONER Then file for A Re-Hearing. Motion still pending. PETITIONER did Not file on Appellant In his 3.850 Because such claim Is Not Cognizabl UNDER Fla. R. crim. Pro. 3.850

4.   Any   additional   specific   facts   related   to   appellate   counsel's   alleged ineffectiveness, or basis for entitlement of relief: 1). APPellate Counsel fail To Raise all Issue(s) Afforded In "The statement of Judicial Acts To Be Reviewed As submitted To The CourT. PLease see Attach-menT(A)

2). APPellate Counsel fail To Raise Issue(s) That should And/or Could have Been Raise on DireCT Appeal of Constitutional Infirmity. whereby, CAusing Petitioner To suffer And ENDuRE A grave misCARRiage of justice (paRT of REAsoN for Petitioner Denial of his 3.850 PLease see AttachmenT (B)

3). APPellate Counsel fail To move for Discretion-ARy Review To The Fla. Supreme CourT. When INfacT, There Exist At time of Petitioner DireCT Appeal. A Conflict of Decision Between The Third D.C.A. And Second D.C.A Concern-ing "Williams Rule EviDeNce" Being Admitted Into EviDence. PLease see AttachmenT (C)

[4]

## ARGUMENT

PETITIONER AVERS THAT had APPellATE COUNSEl RAISE The
ISSUE(S) of PROSECUTOR MisconducT And/OR IMPROPER
statemeNTS, BRAdy Violation, USE of peRJURy from
STATE WiTNESSES. ERROR of TRial COURT IN NOT
HAViNG A NElSON INqUiRy WHEN PETitioNER REQUEST
ThaT his CourT AppoinTed COUNSEl BE REMOUE from
His CASE. THis HONORAbLE COURT would have SEEN
CLEARLY ThaT PETitioNER Did NOT RECEiVE A fAiR TRial
And said CONVICTION IS NOT A CoNViction withiN The
BOUNDS of Law. BECAUSE Of AppellaTE COUNSEl ERRORS
And omission(s). PETitioNER musT SUSTAiN A HEAVy
MiSCARRiAGE of justice for the NEXT (30) yEARS.
BECAUSE of COUNSEl fAilURE TO pRESENT OR RAiSE
ISSUE(S) that ARE of gREAT FUNdamENTAl ERROR.
PETitioNER clAim(s) OR AllEgATION(S) of SUch Violations
of His CONSTitutioNAl RiGhTs CAN NOT BE hEARd OR
AddRESSED ON IT MERiTS OR TRUTh; And SUch ActioN
hAs gREATly And DEEPly pREJudice PETitioNER, which
LEAVES A quEStioN of gREAT IMPORTANCE; And
PETitioNER plACE This quEStioN BEfoRE This HONORAbLE
COURT. "Who IS AT ERROR OR BlAmE." If TRial
COUNSEl CAN NOT BE DEEM INEffECTIVE foR fRAiling

To object and/or preserve issue(s) for appellate review as stated by the lower court and affirm by this Honorable Court in denying petitioner 3.850 and if appellate counsel can not be deem to be ineffective for not raising issue(s) that were not preserved at trial; when the error(s) that has been committed in violation of petitioner fundamental rights has resulted in a miscarriage of justice; and has barred such claim(s) or allegation(s) for further review within the states court. ?

Wherefore, petitioner request upon this Honorable Court to grant him a "New Appeal" where by the merit and truth of his allegation(s) of constitutional violation in denial of petitioner fundamental rights can be heard and addressed. Petitioner contend that this Honorable Court has "The power and authority and jurisdiction to correct a miscarriage of justice" this petitioner will forever pray.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing PETITION FOR WRIT OF HABEAS CORPUS _____ has been furnished to: ROBERT A. BUTTERWORTH STATE ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS TALLAHASSE, FLORIDA. 32399 - 1050 ,

by U.S. Mail, this 6 day of FEB ,2001

s/ Curtis Miller

Name: CURTIS MILLER

D.C.# 088114 Dorm# E-1142-5

Jackson Correctional Institution

5563 10th Street

Malone, Florida 32445-3144

UNDER PENALTIES OF PERJURY[1], I declare that I have read the foregoing PETITION FOR WRIT OF HABEAS CORPUS and that the facts stated in it are true and correct.

Execute on: Feb. 6 - ,2001

Curtis Miller

AFFIANT

_____

[1] In accordance and full compliance with 28 U.S.C. § 1746(2) and § 92.525(2), Florida Statutes (1995).

ATTACHMENT

(A)

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND FOR
DADE COUNTY, FLORIDA

CASE NO. F98-4327

JUDGE:    MAXINE COHEN-LANDO

CURTIS MILLER,

      Defendant/Appellant,

vs.

THE STATE OF FLORIDA,

      Plaintiff/Appellee.

_____/

**STATEMENT OF JUDICIAL ACTS
TO BE REVIEWED AND DESIGNATION
TO THE COURT REPORTER**

The Defendant/Appellant, CURTIS MILLER, files the following statement of judicial acts to be reviewed:

    1. The denial by the trial court of the defendant's pre-trial motions.

    2. The trial court's ruling during jury selection.

    3. The trial court's erroneous rulings on evidentiary matters and denial of the defendant's motion for judgment of acquittal.

    4. The denial by the trial court of the defendant's motion for a new trial.

    5. Failure of the trial court to declare a mistrial.

    6. The trial court's instructions to the jury.

    7. The sentence of imprisonment and/or probation which the trial court imposed upon the defendant.

The Defendant/Appellant files the following designation to the court reporter, Capitol Reporters, Inc., for preparation of the following transcripts:

    11/17/98 - all proceedings, including voir dire - Jones, Janice

    11/18/98 - all proceedings, including trial - Jones, Janice

    11/19/98 - all proceedings, including trial - Jones, Janice

    11/20/98 - all proceedings, including trial - Jones, Janice

I, Counsel for Appellant, certify that satisfactory financial arrangements have been made with the court reporter for preparation of the transcripts.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to the court reporter, Capitol Reporters, Inc., on February 18, 1999; a true copy delivered by hand to the Office of the State Attorney, E.R. Graham Building, 1350 Northwest 12th Avenue, Miami, Florida 33136; and mailed to the Office of the Attorney General, Criminal Division, 444 Brickell Avenue, Suite 950, Miami, Florida 33131,

123

ATTachMenT
(B)

The purpose of a Rule 3.850 collateral attack on the judgment and sentence in a case is to provide a means of inquiry into the alleged constitutional infirmity of a judgment or sentence, not to review ordinary trial errors cognizable by means of a direct appeal. *McCrae v. State*, 437 So. 2d 1388 (Fla. 1983). Any matters which could have been presented on appeal are foreclosed from consideration by motion under rule providing for postconviction relief, and therefore motion for postconviction relief based upon grounds which either were or could have been raised as issues on appeal may be summarily denied. *Id*.

The Defendant has raised fifteen (15) grounds in this instant motion, fourteen (14) of which are allegations of ineffective counsel. Therefore, each ground will be addressed individually.

**GROUND I**:

The Defendant first alleges that the State committed a *Brady* violation and prosecutorial misconduct.

In order to establish a *Brady* violation, a defendant must prove the following:

> (1) that the Government possessed evidence
> favorable to the defendant (including
> impeachment evidence);   (2)   that   the

8

THE TRIAL COURT ERRED IN ADMITTING EVIDENCE OF PRIOR CRIMES AS THOSE CRIMES WERE NOT STRIKINGLY SIMILAR TO, AND DID NOT SHARE UNIQUE CHARACTERISTICS WITH, THE CHARGED OFFENSE.

(App. I).   The State filed an answer brief.   (App. J).   On December 1, 1999, the Third District court of Appeal issued an opinion affirming the judgment and conviction.   (App. K).   A mandate followed on December 17, 1999.   (App. L).

The Defendant filed the instant motion for post conviction relief.   As grounds therefor, the Defendant raised the following fifteen (15) issues:

### GROUND I
PROSECUTORIAL MISCONDUCT, THE DEFENDANT CONTENDS HE WAS DENIED DUE PROCESS OF LAW WHEN THE STATE'S PROSECUTOR COMMITTED A DELIBERATE INTENTIONAL BRADY VIOLATION BY MALICIOUSLY TAMPERING WITH AND/OR WITHHOLDING FAVORABLE EVIDENCE SABOTAGING HIS DEFENSE IN VIOLATION OF HIS STATE/FEDERAL CONSTITUTIONAL RIGHTS OF ARTICLE 1, SEC. 9 FLA. CONST. AND THE 5TH/1TH AMENDMENTS OF OUR U.S. CONST.

### GROUND II
THE DEFENDANT CONTENDS HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS COUNSEL OF RECORD FAILED TO ENGAGE IN, OR CONDUCT ADEQUATE, AND MEANINGFUL PRE-TRIAL INVESTIGATION, VIOLATING HIS STATE/FEDERAL CONSTITUTIONAL RIGHTS OF ARTICLE 1, SECTION2, 9, AND 16, OF OUR FLA. CONST. AS WELL AS THE 6TH/14TH AMENDMENTS OF OUR U.S. CONST.

3

### GROUND III

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE
ASSISTANCE OF COUNSEL WHEN HIS COUNSEL OF
RECORD FAILED TO DEPOSE CRUCIAL STATE
WITNESSES DEPRIVING DEFENDANT OF HIS
STATE/FEDERAL CONSTITUTIONAL RIGHTS OF
ARTICLE 1, SECTION 2, 9, AND 16 OF OUR FLA.
CONST. AND THE 5TH, 6TH, AND 14TH AMENDMENTS
OF OUR U.S. CONST.

### GROUND IV

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE
ASSISTANCE OF COUNSEL, WHEN HIS COUNSELORS
OF RECORD FAILED TO SUPPRESS THE ALLEGED
CONFESSION AND/OR STATEMENTS OF DET.
GONZALEZ, WHICH WERE DISTORTED AND
INVOLUNTARY. VIOLATING DEFENDANT'S
STATE/FEDERAL CONST. RIGHTS OF ARTICLE 1,
SECTION 2, 9, AND 16, AS WELL AS THE 5TH,
6TH, AND 14TH AMENDMENTS OF OUR CONST.

### GROUND V

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE
ASSISTANCE OF TRIAL COUNSELORS, WHEN HIS
COUNSELORS OF RECORD FAILED TO SUPPRESS,
AND/OR OBJECT TO THE ADMISSION OF THE
ALLEGED BADGE OF DEFENDANT SUPPOSABLY
LOCATED IN THE ALLEGED VICTIM'S APARTMENT
DAYS AFTER DEFENDANT'S ARREST, VIOLATING
DEFENDANT'S STATE/FEDERAL RIGHTS OF ARTICLE
1, SECTION 2, 9, AND 16 OF OUR FLA. CONST.
AS WELL AS THE 5TH, 6TH, AND 14TH AMENDMENTS
OF OUR U.S. CONST.

### GROUND VI

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE
ASSISTANCE OF TRIAL COUNSEL, WHEN HIS
COUNSEL OF RECORD FAILED TO HONOR
DEFENDANT'S REQUEST TO EITHER FILE A PRE-
TRIAL MOTION TO WITHDRAW FROM DEFENDANT'S
CASE, OR INFORM THE TRIAL COURT TO CONDUCT
A FULL SCALE NELSON INQUIRY VIOLATING
DEFENDANT'S CONST. STATE/FEDERAL UNDER

4

ARTICLE 1, SECTION 2, 9, AND 16 OF OUR FLA.
CONST. AS WELL AS THE 5TH, 6TH, AND 14TH
AMENDMENTS OF OUR U.S. CONST.

### GROUND VII

THE   DEFENDANT   CONTENDS   HE   SUFFERED
INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS
COUNSELORS OF RECORD FAILED TO MOVE TO
EXCUSE THE ENTIRE JURY PANEL OR REQUEST A
INQUIRY OF ENTIRE JURY PANEL INDIVIUALLY,
WHEN REQUESTED TO DO SO BY DEFENDANT AFTER
ONE OF THE PROSPECTIVE JURORS REVEALED
DURING VOIR DIRE QUESTIONING THAT THE JURY
PANEL   HAD   BEEN   TAINTED.      VIOLATING
DEFENDANT'S STATE/FEDERAL CONST. RIGHTS OF
ARTICLE 1, SECTION2, 9, AND 16 OF OUR FLA.
CONST. AS WELL AS THE 5TH, 6TH, AND 14TH
AMENDMENTS OF OUR U.S. CONST.

### GROUND VIII

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE
ASSISTANCE   OF   TRIAL   COUNSELORS   WHEN
COUNSELORS OF RECORD REFUSED TO HONOR HIS
REQUEST TO INQUIRE OF THE COURT, ITS REASON
FOR SKIPPING OVER PROSPECTIVE JUROR MR.
PATTERSON, WHEN HE WAS NEVER STRUCK BY
ANYONE, AND DEFENDANT DESIRED TO HAVE THIS
PROSPECTIVE JUROR ON HIS PANEL DUE TO HIS
INTEGRITY TO REVEAL OTHER PROSPECTIVE JURORS
MISCONDUCT.      VIOLATING   DEFENDANT
STATE/FEDERAL RIGHTS OF OUR FLA. CONST.
ARTICLE 1, SECTION 2, 9, AND 16, AS WELL AS
THE 5TH, 6TH, AND 14TH AMENDMENTS OF OUR
CONST.

### GROUND IX

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE
ASSISTANCE   OF   TRIAL   COUNSEL,   WHEN   HIS
COUNSELORS OF RECORD FAILED TO TIMELY MOVE
FOR A MISTRIAL ONCE THEY DISCOVERED A BRADY
VIOLATION,   INSTEAD   COUNSELORS   ALLOWED
EVIDENCE OF BRADY VIOLATION, TO BE HEARD BY
JURORS KNOWINGLY BEFORE CONTESTING THE SAME,

THEREBY WAIVING BRADY VIOLATION CLAIM AS
UNTIMELY.    VIOLATING    DEFENDANT'S
STATE/FEDERAL CONST. RIGHTS OF ARTICLE 1,
SECTION 2, 9, AND 16, OF OUR STATE CONST. AS
WELL AS THE 5TH. 6TH, AND 14TH AMENDMENTS OF
OUR U.S. CONST.

### GROUND X
THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE
ASSISTANCE OF TRIAL COUNSELS, WHEN HIS
COUNSELORS OF RECORD FAILED TO OBJECT TO THE
HIGHLY PREJUDICIAL TESTIMONY OF SGT. DAVIS
CONCERNING   UNCHARGED   CRIMES   AND   ACTS
DEFENDNAT ALLEGEDLY CONFESSED TO COMMITTING.
VIOLATING DEFENDANT'S STATE/FEDERAL CONST.
RIGHTS OF ARTICLE 1, SECTION 2, 9, AND 16,
OF OUR STATE CONST. AS WELL AS THE 5TH. 6TH,
AND 14TH AMENDMENTS OF OUR U.S. CONST.

### GROUND XI
DEFENDANT AVERS HE SUFFERED INEFFECTIVE
ASSISTANCE OF TRIAL COUNSEL WHEN HIS COUNSEL
OF RECORD DELIBERATELY ELICITED CRUCIAL
PREJUDICIAL TESTIMONY FROM DEFENDANT ON
DIRECT OPENING THE DOOR COMPLETELY FOR
OTHERWISE   INADMISSABLE   EVIDENCE   TO   BE
ADMITTED VIOLATING DEFENDANT'S STATE/FEDERAL
CONST. RIGHTS OF ARTICLE 1, SECTION 2, 9,
AND 16, OF OUR STATE CONST. AS WELL AS THE
5TH. 6TH, AND 14TH AMENDMENTS OF OUR U.S.
CONST.

### GROUND XII
DEFENDANT AVERS HE SUFFERED INEFFECTIVE
ASSISTANCE OF TRIAL COUNSEL FROM HIS
COUNSELOR OF RECORD IMPROPER QUESTIONING OF
DEFENDANT CONCERNING HIS PRIOR CRIMINAL
RECORD WHEN DEFENDANT TESTIFIED IN HIS OWN
BEHALF. VIOLATING DEFENDANT'S STATE/FEDERAL
CONST. RIGHTS OF ARTICLE 1, SECTION 2, 9,
AND 16, OF OUR STATE CONST. AS WELL AS THE
5TH. 6TH, AND 14TH AMENDMENTS OF OUR U.S.
CONST.

**GROUND XIII**

DEFENDANT AVERS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSELORS WHEN HIS COUNSELORS OF RECORD FAILED TO INTERPOSE A CONTEMPORANEOUS OBJECTION TO PROSECUTOR MISCONDUCT DURING SUMMATION WHERE THE STATES PROSECUTOR BOLSTERED/VOUCHERED FOR CREDITIBILITY OF ITS WITNESSES i.e. VICTIMS, POLICE OFFICERS, ETC. VIOLATING DEFENDANT'S STATE/FEDERAL CONST. RIGHTS OF ARTICLE 1, SECTION 2, 9, AND 16, OF OUR STATE CONST. AS WELL AS THE 5TH. 6TH, AND 14TH AMENDMENTS OF OUR U.S. CONST.

**GROUND XIV**

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSELORS WHEN HIS COUNSELORS OF RECORD FAILED TO OBJECT TO IMPROPER ARGUMENT OF STATE'S PROSECUTOR, WHICH WAS CLEARLY AN APPEAL FOR SYMPATHY AND PASSION FOR THE VICTIMS, VIOLATING DEFENDANT'S STATE/FEDERAL CONST. RIGHTS OF ARTICLE 1, SECTION 2, 9, AND 16, OF OUR STATE CONST. AS WELL AS THE 5TH. 6TH, AND 14TH AMENDMENTS OF OUR U.S. CONST.

**GROUND XV**

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSELORS, WHEN HIS COUNSELORS OF RECORD FAILED TO SEEK CONTINUANCE, WHEN THE STATE'S PROSECUTOR AMENDED INFORMATION ON THE DAY OF TRIAL UPGRADING CHARGES AND CHANGING CORPUS DELICTI, THEREBY DEPRIVING DEFENDANT OF HIS STATE/FEDERAL CONST. RIGHTS OF ARTICLE 1, SECTION 2, 9, AND 16, OF OUR STATE CONST. AS WELL AS THE 5TH. 6TH, AND 14TH AMENDMENTS OF OUR U.S. CONST.

(Restated).

**ARGUMENT**

7

ATTACHMENT

( C )

IN THE DISTRICT COURT OF APPEAL
OF FLORIDA         THIRD DISTRICT

THE STATE OF FLORIDA

      Appellant,

vs.                                                    CASE NO. 99-444

CURTIS MILLER,

      Appellee.

_____/

## NOTICE OF SUPPLEMENTAL AUTHORITY

Appellee, Curtis Miller, through undersigned counsel, hereby brings to the

attention of this Honorable Court the following supplemental authority:

*Foburg v. State*, 24 Fla. L. Weekly 2515 (Fla. 2d DCA November 3, 1999).

A copy of the decision is attached.

Respectfully submitted,

BENNETT H. BRUMMER
Public Defender
Eleventh Judicial Circuit of Florida
1320 NW 14th Street
Miami, Florida 33125
(305) 545-1961

By: *Robert Godfrey*
ROBERT GODFREY
Assistant Public Defender
Florida Bar No. 0162795

in the Act. *See* § 775.082(8)(a)1.q., Fla. Stat. (1997). Appellee then argued that the Act should be found inapplicable to him for the same reason. He reasoned that since he was convicted of burglary of a dwelling that was unoccupied, and the Act required that the burglary be of an occupied dwelling in order to apply, the Act did not apply to him. The court agreed with appellee. The State and appellee then stipulated to a ten-year sentence of appellee as a habitual felony offender.

This court has since ruled in *State v. White*, 736 So. 2d 1231 (Fla. 2d DCA 1999) that the Prison Releasee Reoffender Act *does* apply to a sentence for burglary of an unoccupied dwelling. In other words, the dwelling need not be occupied for the offense to qualify the offender for prison releasee reoffender status. Since appellee's entry into an unoccupied dwelling did not save him from application of the Act, we conclude that the trial court (without the benefit of our ruling in *State v. White*) erred in ruling that the Prison Releasee Reoffender Act did not apply to appellee.

Having concluded that the court erred in refusing to classify appellee as a prison releasee reoffender, we reverse and remand for resentencing

Reversed and remanded. (PATTERSON, C.J. and CASANUEVA, J., Concur.)

\* \* \*

**Criminal law—Sentencing—Guidelines—Departure—Reduction of sentence—Habitual offender—Where trial court found defendant qualified as habitual offender, but sentenced him to a sentence which was less than guidelines range, trial court was required to provide written reasons for downward departure—Because trial court was under mistaken impression that guidelines did not apply if defendant was sentenced to prison time under habitual offender statute, trial court may provide departure reasons on remand—Appeals—Issue preserved for review where state objected at sentencing hearing, cited supporting caselaw, and argued that trial court was required to comply with guidelines**

STATE OF FLORIDA, Appellant, v. GUY LEE DOUGLAS, Appellee. 2nd District. Case No. 98-01173. Opinion filed November 3, 1999. Appeal from the Circuit Court for Hillsborough County; Cynthia A. Holloway, Judge. Counsel: Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General. Tampa, for Appellant; Ralph W. Rinehart, Tampa, for Appellee.

(PATTERSON, Chief Judge.) The State appeals from Guy Douglas's sentence entered without written reasons for downward departure. We reverse and remand for resentencing.

The trial court found that Douglas qualified as a habitual felony offender pursuant to section 775.084, Florida Statutes (1997), but sentenced him to a year and a day in prison, to be followed by three years' probation. This was a downward departure from the sentencing guidelines range of 32.7 to 54.5 months' imprisonment. It appears that the trial court was under the impression that if it sentenced Douglas to any prison time under the habitual offender statute, then the sentencing guidelines did not apply. The State correctly contends that the trial court was required to provide written reasons for departure

"If a trial judge chooses to impose a sentence more lenient than that required by section 775.084, the judge must still adhere to the sentencing guidelines and must state appropriate reasons for any downward departure from the guidelines." *State v. Rinkins*, 646 So. 2d 727, 729 (Fla. 1994). Here, because the trial court did not realize that it was imposing a departure sentence, the trial court is entitled to state departure reasons on remand. *See State v. Betancourt*, 552 So. 2d 1107 (Fla. 1989); *State v. Henriquez*, 717 So. 2d 1087 (Fla. 3d DCA 1998). We note that Douglas contends that the State has not preserved this issue for review. At the sentencing hearing, however, the State objected, cited *Rinkins*, and argued that the trial court was required to comply with the guidelines. Therefore, we hold that the State preserved the issue for review, and we reverse Douglas's sentence and remand for resentencing, at which time the trial court may consider reasons for departure.

Reversed and remanded. (THREADGILL and DAVIS, JJ., Concur.)

\* \* \*

**Criminal law—New trial required where court reporter's notes for trial cannot be located and record cannot otherwise be reconstructed**

ROY HARDMAN, Appellant/Cross-Appellee, v. STATE OF FLORIDA, Appellee/Cross-Appellant. 2nd District. Case No. 97-02276. Opinion filed November 3, 1999. Appeal from the Circuit Court for Pinellas County; Nelly N. Khouzam, Judge. Counsel: James Marion Moorman, Public Defender, and Allyn Giambalvo, Assistant Public Defender, Bartow, for Appellant; Robert A. Butterworth, Attorney General, Tallahassee, and Scott A. Browne, Assistant Attorney General, Tampa, for Appellee

(PER CURIAM.) Roy Hardman appeals his conviction and sentence for felonious possession of firearms. The State cross-appeals the trial court's order granting a defense motion in limine. Because the court reporter's notes for the transcript of Hardman's trial cannot be located and the record cannot otherwise be reconstructed, we set aside the conviction and sentence under review without reaching the merits of the State's cross-appeal. We remand for a new trial.

Hardman filed a motion to compel the court reporter to transcribe and file the transcript of his trial for use in this appeal. The court reporter's firm responded by advising this court that the court reporter who covered Hardman's trial was no longer in its employ and could not be contacted despite several attempts to do so. It further advised that it did not have the notes for Hardman's trial.

This court remanded for an evidentiary hearing on whether the trial transcript could be prepared and, if not, whether the record could otherwise be reconstructed. The trial court conducted the hearing and issued an order finding that, despite the good faith efforts of the court reporter's firm, the transcript could not be completed and the record could not otherwise be reconstructed. As the State properly concedes, under these circumstances we are compelled to vacate Hardman's conviction and sentence, and to remand the case for a new trial. *See, e.g., Delap v. State*, 350 So. 2d 462 (Fla. 1977); *Fairell v. State*, 662 So. 2d 428 (Fla. 3d DCA 1995).

We decline to address the merits of the State's cross-appeal of the order in limine. Lacking a transcript, we cannot review the evidence at trial in order to determine whether the court properly granted Hardman's motion in limine. *Cf. Donley v. State*, 694 So. 2d 149 (Fla. 4th DCA 1997) (noting propriety of granting motion in limine may depend on how evidence develops at trial).

Conviction and sentence set aside; remanded for new trial (BLUE, A.C.J., and NORTHCUTT and STRINGER, JJ., Concur.)

\* \* \*

**Criminal law—Handling and fondling child under age sixteen—Transmitting or showing minor obscene material—Causing or encouraging delinquency by giving minors alcohol—Evidence—Similar fact—New trial required where convictions were tainted by improper *Williams* rule evidence—Evidence not relevant to prove material fact at issue where defense was that victims were not telling truth and that charged offenses did not occur—Incidents occurring seventeen to twenty years earlier were not sufficiently similar to charged offenses where the only similarities were the presence of cigarettes and alcohol in glass decanters and the fact that all incidents involved young teenage girls—Propensity is improper basis for admission of *Williams* rule evidence—Because improper evidence was significant part of state's case, error not harmless—Hearsay—Prior consistent statements made by victim to detective were not admissible to rebut express or implied charge of improper influence, motive, or recent fabrication where there was no attempt by defense counsel to establish improper influence, motive or recent fabrication—Defense counsel's attempt to impeach victim with prior inconsistent statements regarding details of alleged incidents were directed at damaging victim's credibility in accordance with defendant's position that the incidents of which victim accused defendant never occurred—Because victim's allegations that defendant reached under her shirt and touched her breast, showed her an obscene video, and provided her with alcohol never changed, none of the testimony elicited on cross-examination implied recent fabrication**

RICHARD N. FOBURG, Appellant, v. STATE OF FLORIDA, Appellee. 2nd District. Case No. 97-03376. Opinion filed November 3, 1999. Appeal from the Circuit Court for Pinellas County; Brandt C. Downey, III, Judge. Counsel: Mark

A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellee.

(PER CURIAM.) Richard N. Foburg appeals his convictions of handling and fondling C.U., a child under the age of sixteen, in violation of section 800.04(1), Florida Statutes (1995); transmitting or showing the minor C.U. obscene material, in violation of section 847.0133; and three counts of causing or encouraging the minors C.U., M.A., and T.A. to become delinquent by giving them alcohol, in violation of section 827.04(3).[1] We hold that Foburg's convictions were tainted by the improper admission of *Williams'* rule evidence. Accordingly, we reverse Foburg's convictions and remand this cause for a new trial.

Section 90.404(2)(a), Florida Statutes (1995), sets forth the basis for admission of *Williams* rule evidence:

Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.

In *Heuring v. State*, 513 So. 2d 122, 124 (Fla. 1987), the supreme court observed that "[t]o minimize the risk of a wrongful conviction, the similar fact evidence must meet a strict standard of relevance. The charged and collateral offenses must be not only strikingly similar, but they must also share some unique characteristic or combination of characteristics which sets them apart from other offenses." In addition to this similarity requirement, "[a] critical aspect of the test of admissibility under section 90.404(2)(a) . . . [is] whether such evidence tends to prove a material fact issue that is in dispute." *Thomas v. State*, 599 So. 2d 158, 162 (Fla. 1st DCA 1992). "Whether a relevant material fact is in issue . . . must be determined from the particular facts and circumstances involved in each case, i.e., has the defendant put such fact in issue." *Id.* at 163.

As in *Thomas*, we have carefully reviewed the record to determine how the *Williams* rule evidence was relevant to prove a material fact in issue and how it tended to prove said disputed fact. In its opening statement at trial, the State said that it was going to present the testimony of three witnesses who had similar encounters with Foburg from 1979 through 1983 to help the jury "understand what was going on in . . . [Foburg's] mind . . . and the modus operandi that he was operating on in 1995 and 1996." The State also said that it would show the jury Foburg's intent with regard to the girls involved in this case by taking them back a few years. In its brief in this appeal, the State asserts that the *Williams* rule evidence was relevant to prove Foburg's scheme to molest young girls. However, the thrust of defense counsel's opening and closing statements at trial was that the inconsistencies in the victims' testimony revealed that the victims were not telling the truth and that the offenses did not occur. Thus, none of the reasons given by the State for introduction of the *Williams* rule evidence were disputed factual issues relevant to specific elements of the offenses for which Foburg was being tried. *See Thomas*.

Even if the State's reasons for introducing the *Williams* rule evidence were relevant to specific elements of the offenses with which Foburg was charged, the *Williams* rule evidence does not bear a striking similarity to the facts of the charged offenses, nor does it share unique characteristics with the charged offenses that set them apart from other offenses. The girls in this case all attended a middle school across the street from Foburg's residence. C.U. was eleven, M.A. was fifteen, and T.A. was approximately twelve at the time of their encounters with Foburg. They and many others would congregate in Foburg's yard and smoke cigarettes which were at times supplied by Foburg. The girls in this case would also go inside Foburg's residence and drink alcohol, which they all testified was kept in glass containers. C.U. testified that either she or Foburg would pour the alcohol. She observed three other girls, including M.A., drink alcohol at Foburg's residence. M.A. testified that she had alcohol twice at Foburg's residence and that on one of those occasions Foburg poured it. T.A. testified that she had alcohol at

Foburg's residence many times but she did not think that Foburg ever poured it for her. It was her understanding, however, that Foburg knew she was drinking alcohol.

C.U. testified that, in addition to making cigarettes and alcohol available to her, Foburg showed her Playboy magazines, sexual toys, and a pornographic video. C.U. relayed that Foburg showed her a vibrator and asked if she wanted to use it. She said no, but when he insisted that she wanted to use it, she went into a room by herself and used it. C.U. testified that the last time she saw Foburg, he had reached up under her blouse and bra and touched her breast. She also testified that Foburg had told her that he wanted to have sex with her.

M.A. testified that she saw magazines and movies involving naked men at Foburg's residence. Foburg told her he would loan her a bike and a beeper and he gave her a vibrator, telling her that C.U. had one and she had used it in his garage. M.A. once went swimming at Foburg's residence in a suit provided by Foburg. He asked her to try on three different swim suits, one of which was a t-back, but she declined. T.A. witnessed this exchange.

The *Williams* rule witnesses all had experiences with Foburg between seventeen and twenty years earlier. L.S., who was thirty-three years old at the time of trial, testified that she babysat Foburg's son when she was thirteen. Foburg would offer her cigarettes and alcohol and he subsequently showed her sexually explicit magazines and videos. Foburg later showed L.S. a dildo and asked her if she had ever seen one before. He told her he had one just like it, and he asked her if she would like to see his. L.S. stated that Foburg was referring to his own penis. After that incident, L.S. stopped babysitting for Foburg.

C.M., who was thirty-one years old at the time of trial, testified that she was friends with the other *Williams* rule witness, P.D., and they both attended the same middle school as the girls in the present case. C.M. knew Foburg through P.D. She began going to his house when she was about fourteen years old. She was offered cigarettes every time she was there, as well as alcohol, which was kept in crystal decanters. Foburg knew she was drinking his alcohol, but either she or P.D. would fix their drinks. When asked if Foburg ever touched her inappropriately, C.M. stated that he hugged her a little too closely. She went swimming at Foburg's house in a swim suit he provided. The suit was not a thong suit, but she considered it revealing for the times. Foburg watched her while she swam.

P.D., who was almost thirty years old at the time of trial, testified that she lived with Foburg and his family when she was about thirteen or fourteen years of age. She was fourteen when Foburg offered her alcohol. Once every week or two, three or four of P.D.'s friends would gather at Foburg's house and they would go swimming. Cigarettes were available, but they were provided by P.D. Any time alcohol was consumed by P.D. and her friends, P.D. mixed the drinks. She was aware that sexual devices were in a drawer but Foburg never took them out and showed them to her. P.D. and a friend watched a pornographic movie at Foburg's house, but Foburg was not present. Foburg tried to become affectionate with P.D. a few times, but he ceased when she let him know that his actions made her uncomfortable. P.D. and Foburg eventually became romantically involved. Foburg let her know how he felt about her by patting her on her clothed rear end, which she conceded may have been inappropriate. P.D. did not believe that Foburg ever tried to touch her in the breast area until after their consensual sexual relationship began. P.D. stated that she was testifying against her will and that she still cares for Foburg.

We conclude that the only similarities shared by Foburg's actions toward the six girls are the presence of cigarettes and alcohol in glass decanters and the fact that all six girls were young teenagers. Although Foburg was charged in the present case with three counts of contributing to the delinquency of a minor by the giving of alcohol,[1] we are not willing to hold that seventeen to twenty-year-old evidence that Foburg made alcohol available to similarly-aged girls reveals a characteristic of his because there are no other striking similarities shared by the charged offenses and the *Williams* rule incidents. *Heuring*, 513 So. 2d at 124 ("the absence of similar

conduct is no longer characteristic of the defendant.' '). *Cf. Shapiro v. State*, 696 So. 2d 1321 (Fla. 4th DCA 1997) (affirming, in prosecution of psychologist for sexual misconduct, admission of testimony of *Williams* rule witness regarding her experience with appellant twenty years earlier because both she and victim in charged offense were separated from their husbands, neither sought sexual counseling but appellant initiated discussions about sex under the guise of it being relevant to their problems, both were complimented, and both were digitally penetrated in appellant's office during therapy sessions). Furthermore, Foburg's actions in making alcohol available to the girls varied—the girls' testimony reveals that with some of them Foburg poured the alcohol himself and with others, they or their friends poured the alcohol.

The dissimilarities between the charged offenses and the *Williams* rule incidents are many. Only one *Williams* rule witness met Foburg under circumstances similar to those under which the girls in the present case met him. There was no testimony by two of the girls in the present case, M.A. and T.A., and one of the *Williams* rule witnesses, L.S., that Foburg touched them. C.U. testified that Foburg reached under her shirt and bra and touched her breast. C.M. testified that Foburg's touching of her consisted of hugging her a little too tightly. P.D. testified that Foburg patted her clothed rear end, and she believed that all other touching was during their consensual sexual relationship. Foburg asked only M.A. to wear a revealing swim suit. One of the girls in the present case, T.A., and one of the *Williams* rule witnesses, C.M., gave no testimony regarding being shown or seeing sexual devices or magazines or videos of a sexual nature.

Accordingly, the *Williams* rule evidence was not uniquely factually characteristic of the charged offenses, and therefore, it was not probative of those offenses. The only purpose served by the State's introduction of the *Williams* rule evidence was to imply that because Foburg had committed similar acts seventeen to twenty years ago, he must have committed the acts with which he was now charged. Propensity is an improper basis for the admission of *Williams* rule evidence. § 90.404(2)(a); *Heuring*, 513 So. 2d 122; *Thomas*, 599 So. 2d 158; *Duncan v. State*, 291 So. 2d 241, 243 (Fla. 2d DCA 1974). Because the *Williams* rule evidence was such a significant part of the State's case, its admission was not harmless error; it tainted all of Foburg's convictions.[4]

Foburg raises one other issue that requires resolution in anticipation of his retrial. Foburg contends that the trial court erred in allowing the detective to recount C.U.'s statement to him because it was a prior consistent statement and the State did not show that it was made before the existence of facts indicating bias, interest, corruption, or other motive to falsify. The State responds that defense counsel's cross-examination of C.U. and his questioning of C.U.'s mother and the detective implied that C.U.'s trial testimony was impaired by recent fabrication. The State asserts that the detective's recounting of C.U.'s statement to him rebutted this implication of recent fabrication. *See* § 90.801(2)(b), Fla. Stat. (1995).

In *Jenkins v. State*, 547 So. 2d 1017, 1020 (Fla. 1st DCA 1989), the First District explained the use of prior consistent statements to rebut an express or implied charge of improper influence, motive, or recent fabrication:

> There must be an initial attempt on cross-examination to demonstrate the improper influence, motive or recent fabrication and, once such an attempt has successfully occurred, then prior consistent statements are admissible on the redirect examination or through subsequent witnesses to show the consistency of the witness' [sic] trial testimony.

Defense counsel in *Jenkins* attempted to impeach the victim with her deposition testimony and to generally attack her credibility. The First District noted as examples that the victim had made differing statements regarding the date of the offense and whether her son was asleep or awake at the time. Defense counsel also queried the victim about why she did not immediately report the offense. The First District held that this testimony did not satisfy the prerequisites for admission of the victim's prior consistent statements:

> A reasonable interpretation of the victim's cross-examination does not indicate, either expressly or implicitly, a charge of recent fabrication, improper influence or motive to falsify. Her testimony did not indicate that she was changing her story at trial; nor did the

impeachment attempts establish any fact which indicated that her trial testimony was improperly influenced or that she had a motive to falsify. A witness' [sic] credibility is always an issue at trial, and a general attack on that credibility does not satisfy the hearsay exception rule.

*Id.* at 1021. *Accord Turtle v. State*, 600 So. 2d 1214, 1219-1220 (Fla. 1st DCA 1992) (' '[I]n this case there was no attempt on cross-examination to establish any improper influence, motive, or recent fabrication in respect to C.M.F.'s trial testimony. At best, only general inconsistencies between his testimony at trial and on pretrial deposition were shown on cross-examination.' ').

In the present case, defense counsel's cross-examination of C.U. consisted of impeaching or attempting to impeach her with prior inconsistent statements regarding where Foburg was (standing behind her or sitting next to her) when he touched her breast, what she told her mother in this regard, what type of shirt she had on at the time of the incident, whether she had seen a Playgirl magazine at Foburg's house, whether Foburg encouraged the girls to drink alcohol, and whether Foburg poured the alcohol himself. In a further attempt to impeach C.U., defense counsel elicited testimony from C.U.'s mother and the detective regarding what C.U. had told them, respectively, regarding where Foburg was when he touched her breast and when he did this. However, none of this testimony implies recent fabrication by C.U.; her allegations that Foburg reached under her shirt and touched her breast, showed her an obscene video, and provided her alcohol never changed. Defense counsel's queries were directed at damaging C.U.'s credibility in accordance with his position that the actions C.U. had accused Foburg of never occurred. A victim's credibility may not be bolstered by the use of her prior consistent statements. *See Jenkins.* Thus, there was no basis for the State's introduction of C.U.'s prior consistent statement to the detective.

Accordingly, we reverse Foburg's convictions and remand for a new trial. (WHATLEY, A.C.J., and NORTHCUTT and SALCINES, JJ., Concur.)

---

[1] Foburg has alleged that he was convicted of offenses with which he was not charged. We note that the only amended information in the record charges him with the offenses of which he was convicted.

[2] *Williams v. State*, 110 So. 2d 654 (Fla. 1959).

[3] Foburg was charged with contributing to the delinquency of a minor by providing alcohol and/or a sexual device but the latter alternative was not presented to the jury because the trial court granted Foburg's motion for judgment of acquittal regarding the providing of a sexual device.

[4] In this type of case, the State needs to be judicious in how the matter is presented. This error subjects the victims to the trauma of a second trial.

\* \* \*

KATHY RYAN n.k/a KATHY COCHRANE, Appellant, v. KURT REHBERG, Appellee. 2nd District. Case No. 97-05413. Opinion filed October 27, 1999. Appeal from the Circuit Court for Manatee County, Durand J. Adams, Judge. Counsel: John M. Gillies and Melton H. Little, Bradenton, for Appellant. Kurt Rehberg, pro se.

### CORRECTED OPINION
[Original Opinion at 24 Fla. L. Weekly D2477a]

[Editor's note: Counsel listing was corrected.]

\* \* \*

**Torts—Premises liability—Slip and fall—Damages—Future damages—Final alterations to original verdict form were apparently based on jury's misconception of trial court's instructions—Final figures were not supported by evidence and could not have been adduced in a logical manner by reasonable persons—On remand, trial court should enter order of remittitur or, if parties do not agree on remittitur, order new trial on damages only**

WAL-MART STORES, INC., a foreign corporation authorized to do business in the State of Florida and doing business in the State of Florida, Appellant, v. ANGELIA R. COLEMAN and GEORGE COLEMAN, Appellees. 2nd District. Case No. 98-04081. Opinion filed November 3, 1999. Appeal from the Circuit Court for Hillsborough County, Robert H. Bonanno, Judge. Counsel: Hunter A. Hall and Vincent M. D'Assaro, Orlando, for Appellant. Preston C. Widoff, Tampa, for Appellees.

(CAMPBELL, Acting Chief Judge.) Appellant, Wal-Mart Stores, Inc. challenges the final judgment entered in favor of appellee

DISTRICT COURT OF APPEAL

_THIRD_____ DISTRICT OF FLORIDA

CURTIS MILLER,
　　　　　Appellant,

v.
　　　　　　　　　　　　　　　　CASE NO.: __3D01-406___

State of Florida,
　　　　　Appellee,
_____,

## MOTION FOR REHEARING
## AND/OR JUDICIAL CLARIFICATION

COMES NOW, the Appellant, __CURTIS MILLER_____, pro se and hereby respectfully moves this Honorable Court for rehearing and/or judicial clarification pursuant to Rule 9.330(a), Florida Rules of Appellate Procedure.

The subject matter of the instant motion being the Order and/or Decision entered by this Court on the __29TH__ day of __MAY_____, 100___, in the above-styled cause, and as ground(s) and/or support thereof the Defendant avers as follows:

_THIS HONORABLE COURT HAS OVERLOOKED THE MAIN_
_ISSUE OF PETITIONER'S WRIT OF HABEAS CORPUS / AND_
_THIS COURT'S ORDER FOR PETITIONER TO CLARIFY, PLEASE_

SEE: (ATTACHED "A").

2) THE RESPONDENT HAS FAILED TO PRODUCE ANY RECORD / TRANSCRIPT OF ANY PROCEEDINGS TO REFUTE THIS ISSUE BECAUSE, SUCH RECORD WOULD CLEARLY ESTABLISH / OR SUPPORT PETITIONER'S CLAIM. MOREOVER, THIS COURT HAS OVERLOOKED THE FACT THAT RESPONDENT HAS NOT RESPONDED OR ADDRESSED THIS COURT'S ORDER TO RESPOND TO THE MARCH 14, 2001, CLARIFICATION ORDER OF PETITIONER, PLEASE SEE: (ATTACHED "B").

3) THIS COURT HAS OVERLOOKED THAT, THE STATE / RESPONDENT HAD EARLIER ADMITTED AND/OR CONCEDED TO THIS ISSUE AS BEING A "CONFLICT OF INTEREST," SEE: (ATTACHED "C"). WHEREAS, ALL DISTRICT COURTS, EVEN THIS COURT, HAS HELD:
        ("THAT UPON SHOWING OF A CONFLICT OF
        INTEREST, A TRIAL JUDGE / COURT MUST
        CONDUCT AN INQUIRY TO ENSURE THAT A
        DEFENDANT UNDERSTAND THE HARM / OR
        DANGER THAT A CONFLICT MAY IMPOSE,
        AND SECURE THAT A DEFENDANT HAS WAIVED
        SUCH RIGHT TO A 'CONFLICT FREE COUNSEL'),
SEE: (ATTACHED "D").
4) FURTHERMORE, REGARDLESS OF WHICH MANNER THE RESPONDENT ASSERTS CONCERNING THIS ISSUE, IT CANNOT BE OVERLOOKED THAT PETITIONER'S STATE / FEDERAL RIGHTS WERE VIOLATED, AND SUCH VIOLATION HAD AN "ADVERSE IMPACT" UPON PETITIONER'S TRIAL, BECAUSE OF THIS ISSUE BEING PRESERVED ON THE FACE OF THE RECORD BY PETITIONER, MOREOVER, PETITIONER'S COUNSEL

SHOULD HAVE RAISED THIS ISSUE ON DIRECT APPEAL,
WHEREAS, NO ONE HAS EVEN TAKEN THE TIME TO EVEN
REVIEW THE PRE-TRIAL PROCEEDING OF SEPTEMBER 1, 1998,
AS ALLEGED BY PETITIONER. WHEN SUCH RECORD IS
CLEAR UPON IT'S FACE, THE TRUTH OF PETITIONER'S
CLAIM.

WHEREFORE, the Defendant, _Curtis Miller_, prays this Honorable Court grant a rehearing and/or judicial clarification as outlined and set forth herein and above.

Respectfully submitted,

s/ _Curtis Miller_

Name: _CURTIS MILLER_

DC #: _088114_    DORM: _E11425_

Jackson Correctional Institution
5563 10th Street
Malone, Florida  32445-3144

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished to _ROBERT A. BUTTERWORTH A.G., DEPT. OF LEGAL AFFAIRS THE CAPITOL. TALLAHASSEE, FL. 32399-1050_ by U.S. mail this ___5th___ day of ___JUNE___, 200_1_.

s/ _Curtis Miller_

Name: _CURTIS MILLER_

ATTAchmENT

(A)

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

THIRD DISTRICT

JANUARY TERM, A.D. 2001

MARCH 1, 2001

CURTIS MILLER,                           CASE NO.: 3D01-406

Appellant(s)/Petitioner(s),

vs.

                                         LOWER
MICHAEL W. MOORE, SEC.                   TRIBUNAL NO.  98-4327
FL. DEPT. CORR., ETC.,
Appellee(s)/Respondent(s).


        Within thirty (30) days the petitioner shall clarify

whether (a) he contends that he asked the trial court to

discharge his trial counsel, as stated on page 5 of the

petition, or (b) whether he contends that he requested that his

trial counsel call this issue to the court's attention, and

trial counsel did not do so.  See petition page 6 and attachment

B, item VI.

        If petitioner presented this issue to the trial court,

state approximately when and how this was done.




cc:
Curtis Miller
Robert A. Butterworth


la

ATTAchmENT

( B )

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

THIRD DISTRICT

JANUARY TERM, A.D. 2001

MARCH 30, 2001

CURTIS MILLER,                          CASE NO.: 3D01-406

Appellant(s)/Petitioner(s),

vs.

                                                    LOWER
MICHAEL W. MOORE, SEC.          TRIBUNAL NO.  98-4327
FL. DEPT. CORR., ETC.,
Appellee(s)/Respondent(s).

      The State of Florida is ordered to file a response
within thirty (30) days to the petition for writ of habeas
corpus, including the response filed by appellant dated March
14, 2001.



cc:
Curtis Miller
Robert A. Butterworth

ag

ATTAchmeNT

( C )

preparation of his defense.  Therefore, the Defendant failed to show where he suffered prejudice.

GROUND V:

The Defendant alleges ineffective assistance of counsel for failing to suppress badge found in the victim's apartment after his arrest.  The State respectfully submits that the Defendant suffered no prejudice given the overwhelming evidence of guilt against the Defendant.  First, the victim turned over the badge to the police once she discovered the badge.  Second, the Defendant lacked standing to suppress the badge, because he had no expectation of privacy to the victim's closet.  Third ,the Defendant abandoned the badge.  Finally, the Defendant testified disclaiming ownership of the badge. *See, Mori v. State,* 662 So.2d 431(Fla. 3d DCA 1995)(where the court held that defendant who disclaimed ownership in property or abandons property lacks standing to make challenge to its search or seizure).  Therefore, it would have been moot for trial counsel to move to suppress the badge.

GROUND VI:

The Defendant alleges that the trial counsel was ineffective for failing to withdraw from the case.  The State

15

respectfully submits that the Defendant's allegation is a conflict of interest or generalized grievance rather than incompetency of counsel, therefore, no *Nelson* inquiry required.

The trial court is not required to conduct a full *Nelson* inquiry into allegations of ineffectiveness of court appointed trial counsel made by defendant which lacked specificity or which related to conflict rather than incompetency of counsel. *Mitchell v. State,* 678 So.2d 1362 (Fla. 1st DCA 1996). A trial judge's inquiry into a defendant's complaints of incompetence of counsel can only be as specific and meaningful as the defendant's complaint. *Lowe v. State,* 650 So.2d 969 (Fla. 1994).

In this case, the Defendant alleges that trial counsel stated, "he didn't have a defense for this type of a case, and had never tried a case of this sort before." (See Defendant's motion at page 20). The Defendant alleged that he brought this up to the trial court that responded, "give counsel a chance." (See Defendant's motion at page 20). The State submits that the Defendant failed to specifically allege where his counsel was incompetent and by his own admission, he had a generalized grievance and conflict of interest with his counsel. In no way did the alleged trial counsel statement affect his

16

ATTACHMENT

( D )

"WHETHER PETITIONER ADEQUATELY PLACED THE TRIAL COURT ON NOTICE, BY HIS UNEQUIVOCAL EXPRESSION OF DISSATISFACTION WITH HIS APPOINTED COUNSEL?"

WHEN PETITIONER NOTIFIED THE TRIAL JUDGE OF HIS COUNSEL'S STATEMENT TO HIM THAT, "HE HAD NEVER TRIED A CASE OF THIS SORT/ HE DIDN'T HAVE A DEFENSE FOR THIS TYPE OF CASE[1]," SHOULD HAVE BEEN "ENOUGH" TO MAKE IT APPEAR TO THE TRIAL JUDGE THAT, PETITIONER WANTED TO DISCHARGE HIS COUNSEL, COUPLED WITH THE FACT THAT PETITIONER MOTIONED THE COURT TO BE CO-COUNSEL. (NO MAGIC WORDS ARE REQUIRED) SEE: HAUGABOOK V. STATE, 689 SO. 2D 1245, 1246 FOOTNOTE (1) (FLA. APP. 4TH D.C.A. 1997) AND NELSON V. STATE, 274 SO. 2D AT 258 (FLA. 4TH D.C.A. 1973).

     PETITIONER COMPLAINS THAT SUCH STATEMENT, COUPLED WITH COUNSEL'S ACTIONS OF FAILING TO DEPOSE WITNESS(S) WAS CLEARLY A STATEMENT OF INCOMPETENCY, AND IF INCOMPETENCY OF COUNSEL IS ASSIGNED BY THE DEFENDANT AS THE REASON, OR A REASON, THE TRIAL JUDGE SHOULD MAKE A SUFFICIENT INQUIRY OF WHETHER OR NOT, THERE IS A REASONABLE CAUSE TO BELIEVE THAT THE COURT APPOINTED COUNSEL IS NOT RENDERING EFFECTIVE ASSISTANCE TO THE DEFENDANT. SEE: BROOKS V. STATE, 555 SO. 2D 929 (FLA. APP. 3RD D.C.A. 1990), FOR THE TRIAL JUDGE TO SIMPLY STATE, "YOU HAVE TO GIVE HIM A CHANCE," IS OF ERROR.

---

1. WHEN COUNSEL MADE THIS STATEMENT TO PETITIONER, COUNSEL HAD BEEN ASSIGNED TO PETITIONER'S CASE FOR TEN (10) MONTHS AND STILL HAD NOT DEPOSED FOUR (4) OF THE STATE'S CRUCIAL WITNESS(S) THAT WERE TO TESTIFY AGAINST PETITIONER, NOR THE TWO (2) POLICE OFFICERS WHO ASSISTED IN PETITIONER'S ARREST AND IN THE SEARCHING OF THE VICTIM'S APARTMENT, FOR THE ALLEGED BADGE AND LATER DETERMINED THAT THERE WAS NO BADGE IN THE VICTIM'S APARTMENT.

3

PETITIONER FURTHER ARGUES THAT THE TRIAL JUDGE IS REQUIRED TO CONDUCT AN INQUIRY[2] INTO INDIGENT DEFENDANT'S PRE-TRIAL ALLEGATIONS THAT, COURT APPOINTED COUNSEL IS RENDERING INEFFECTIVE REPRESENTATION TO DETERMINE IF DEFENDANT IS ENTITLED TO OTHER COURT APPOINTED COUNSEL. SEE: FOSTER V. STATE, 704 So. 2D 169 (FLA. APP. 4TH D.C.A. 1997). MOREOVER, IT IS WELL SETTLED THAT WHEN A DEFENDANT "VOICES" A SEEMINGLY SUBSTANTIAL COMPLAINT ABOUT COURT APPOINTED COUNSEL, THE COURT SHOULD MAKE A THOROUGH INQUIRY CONCERNING THE REASONS FOR A DEFENDANT'S DISSATISFACTION. SEE: KNOTT V. STATE, 618 So. 2D 957, 958 [1,2] (FLA. APP. 1ST D.C.A. 1988).

PETITIONER FURTHER MAINTAINS THAT THE COURTS HAVE HELD SINCE 1973, THAT, "WHERE A DEFENDANT BEFORE THE COMMENCEMENT OF TRIAL, MAKES IT APPEAR TO THE TRIAL JUDGE THAT HE DESIRES TO DISCHARGE HIS COURT APPOINTED COUNSEL, THE TRIAL JUDGE IN ORDER TO PROTECT THE INDIGENT'S RIGHTS TO EFFECTIVE COUNSEL, SHOULD MAKE AN INQUIRY, NOT MERELY STATE, 'YOU HAVE TO GIVE HIM A CHANCE', "WHEREFORE, SUCH STATEMENT TO THE DEFENDANT FROM THE TRIAL JUDGE, GIVES HIM A FALSE HOPE / A FALSE PRESUMPTION THAT HE WILL BE REPRESENTED BY COUNSEL WHO WOULD DO HIS DUTY AS REQUIRED WITHIN THE 6TH AMENDMENT, WHICH IS TO RENDER EFFECTIVE

2. HAD THE TRIAL JUDGE CONDUCTED AN INQUIRY INTO COUNSEL'S STATEMENT, THE TRIAL JUDGE WOULD HAVE LEARNED THAT COUNSEL WAS NOT RENDERING EFFECTIVE ASSISTANCE / OR DOING WHAT IS REQUIRED TO BE DONE, TO PREPARE FOR TRIAL, NAMELY NOT DEPOSING PERSPECTIVE WITNESS(S) THAT WERE TO TESTIFY AGAINST DEFENDANT / OR THOSE WITNESS(S) THAT COULD TESTIFY IN DEFENDANT'S BEHALF / OR IN DEFENDANT'S FAVOR, WHICH PROVED AT THE END, TO BE VERY "PREJUDICIAL AND TITANIC."

4

ASSISTANCE IN ADVOCATING HIS CLIENT'S CASE, WHICH WAS NOT THE CIRCUMSTANCE IN PETITIONER'S CASE.* WHEREAS, THE SAME JUDGE HAD TO INFORM COUNSEL OF THE PROBLEM THAT HAD AROSE FROM HIS FAILURE TO DEPOSE A CRUCIAL STATE WITNESS, WHEREIN, THE STATE ATTORNEY EVEN ADDRESSED TRIAL COUNSEL'S "INADEQUATE PREPARATION FOR TRIAL" BY STATING, "THE DEFENSE DID NOT DEPOSE THESE WITNESSES[3]." SEE: EXHIBIT (A) - (APP. $\pi$)

THE TRIAL COURT FAILED TO MAKE AN ATTEMPT OR EVEN A BAREBONE INQUIRY TO EXAMINE PETITIONER'S COMPLAINT ABOUT HIS COURT APPOINTED COUNSEL, WHICH IS "CLEARLY VIOLATIVE" OF THE SUPREME COURT'S RULING IN <u>JOHNSON V. STATE</u>, 497 So. 2d 863, 867 (FLA. 1986), WHICH HELD THAT:

> ([A] TRIAL COURT IS OBLIGATED TO EXAMINE THE
> REASONS GIVEN BY A DEFENDANT TO SUPPORT HIS
> MOTION TO DISCHARGE HIS COURT APPOINTED COUNSEL.)

MOREOVER, PETITIONER WOULD ARGUE THAT THE STATE'S PREVIOUS POSITION ON THIS ISSUE HAS BEEN CONCEDED AS A CONFLICT OF INTEREST, CITING <u>MITCHELL V. STATE</u>, 678 So. 2d 1362 (FLA. APP. 1ST D.C.A. 1996) · AND <u>LOWE V. STATE</u>, 650 So. 2d 969 (FLA. 1994), WITHOUT EVER REVIEWING OR ATTACHING PORTIONS OF THE RECORD OF THE SEPTEMBER 1ST, 1998 PROCEEDINGS. WHILE OVERLOOKING THE MAIN OCCURRANCE IN BOTH CASES THAT THE TRIAL JUDGE: 1.) QUESTION BOTH THE DEFENDANT AT LENGTH TO ASCERTAIN THEIR UNDERSTANDING OF THEIR RIGHT AND OPTIONS,

---

3. (60) SIXTY DAYS AFTER NOTIFICATION TO THE COURT OF COUNSEL'S STATEMENT AND THE TRIAL JUDGE'S REPLY, "TO GIVE HIM A CHANCE," IT WAS REVEALED IN TRIAL THAT COUNSEL STILL FAILED TO DEPOSE THESE CRUCIAL STATE WITNESSES: 1.) DETECTIVE DAVIS, 2.) DETECTIVE GONZALEZ, 3.) DETECTIVE BUCHANAH, 4.) THE VICTIM GWENDOLINE SMITH, AS WELL AS OFFICER ANKNEY AND OFFICER DWYER WHOM WAS INVOLVED IN THE CASE AND COULD HAVE TESTIFIED IN PETITIONER'S FAVOR.

2.) Engaged Counsel in attempt to clarify and resolve the issue. Unlike Mitchell and Lowe, the Trial Judge did not question Petitioner, but merely stated, " You have to give him a chance." Now the State is adopting a new position by citing *White v. Dugger*, 511 So. 2d 554 (Fla. 1987), (that a Habeas Petition is not a proper vehicle for raising an Ineffective Assistance of Trial Counsel claim), however, this Court has held, "Unless facts giving rise to claim are apparent on the face of the Record, or Conflict of Interest, or Prejudice to Defendant is shown, Jurisdiction to Entertain a Claim of Ineffective Assistance of Trial Counsel can be heard on Direct Appeal." See: *Gregory v. State*, 588 So. 2d 676, 677 (Fla. App. 3rd D.C.A. 1991).

Furthermore, by the State's own Admission, of a Conflict of Interest, "A Trial Court is still under a duty to make an Inquiry when the possibility of a Conflict of Interest is brought home to it," See: *Holloway v. Arkansas*, 435 U.S. 475, 55 L. Ed 2d 426, 98 S. Ct. 1173. Moreover, in *Strickland v. Washington*, 104 S. Ct. 2052, the Court held that: "The Right to Effective Assistance of Counsel includes, the Right to Representation 'Free from' Conflict of Interest." Notwithstanding that Prejudice is presumed where a Conflict is shown, See : *Avera v. State*, 436 So. 2d 1115 (Fla. App. 5th D.C.A. 1983) and *Holloway* supra. In *Hernandez v. State*, 750 So. 2d 50, at 52 (Fla. App. 3rd D.C.A. 1999), this Court held that : "Conflicts of Interest between Attorneys and Clients are 'Abhorred' in Florida and throughout the United States." In *United States v. Urbana*, 770 F. Supp. 1552, 1553 (S.D. Fla. 1991), Chief Judge Davis eloquently stated the reasons why :

6

"In the face of accusation by the People, an accused has but one person in whom he can confide, his Counsel, whose allegiance shall be undivided, his trust uncomprising, his efforts tireless, immersed in proceedings, far too complex for the unacquainted, the accused blindly places faith in his Attorney to protect him at every turn."

Therefore, Trial Counsel's Statement was a product of his acceptance of the State's version of facts concerning the case, as being true, without ever investigating his Client's case or version of facts as given to him by the Defendant. Thereby causing and crippling Counsel's ability in respect to, rendering Effective Assistance and creating a Conflict of Interest which resulted in a Miscarriage of Justice, for his Client. Moreover, Petitioner argues that such Trial Court Error has caused a Manifested Injustice to Petitioner, which he will have to endure the remainder of his life. And had Appellate Counsel placed this issue before the Appellate Court, not only would this Court have jurisdiction to review Trial Counsel's Ineffectiveness, but also grounds to Remand Petitioner's Case for a New Trial, on Counsel's Ineffectiveness.

7

IN FINAL CLOSING, PETITIONER WOULD SUBMIT BEFORE THIS HONORABLE COURT, PORTIONS OF HIS ARGUMENT BRIEF, IN REPLY TO THE STATE'S RESPONSE THAT, " PETITIONER MAKES BLANK AND CONCLUSORY ALLEGATIONS WITHOUT SPECIFIC(S)." PLEASE, SEE: (EXHIBIT A+B) ATTACHMENT OF BRIEF AND APPENDIX OF TRIAL COUNSEL'S ERRORS AND PROOF THEREOF; ALSO HOW THE STATE HAS FAILED TO ADDRESS SUCH ISSUE AS BRADY VIOLATION AND USE OF PERJURY).

ILL REGARDLESS OF HOW THE STATE REVIEWED THE ISSUE THAT IS BEFORE THIS HONORABLE COURT, RATHER THE STATE ADMITTED OR CONCEDED TO PETITIONER'S REQUEST / DESIRE TO DISCHARGE HIS COURT APPOINTED COUNSEL / OR RATHER THERE ONLY EXISTED A CONFLICT OF INTEREST, NO MATTER WHAT POSITION THE STATE HOLDS ON THIS ISSUE, "AN **ERROR** BY THE **TRIAL JUDGE / COURT WAS COMMITTED**," AND SUCH ERROR HAD AN IMPACT / AND ADVERSE AFFECT ON PETITIONER'S TRIAL. SEE: <u>WINOKUR V. STATE</u>, 605 SO. 2D 100 (FLA. APP. 4TH D.C.A. 1992) AND <u>LAZELERE V. STATE</u>, 676 SO. 2D 394, 402, 403 (FLA. 1996), WHICH HELD THAT:

> ("IT IS THE TRIAL COURT'S DUTY TO ENSURE THAT A DEFENDANT FULLY UNDERSTAND THE ADVERSE CONSEQUENCES A CONFLICT MAY IMPOSE.")

ALSO, SEE: <u>BARCLAY V. WAINRIGHT</u>, 444 SO. 2D 956 (FLA. 1984), AND <u>DIXON V. STATE</u>, 758 SO. 2D 1278 (FLA. APP. 3RD D.C.A. 2000), WHICH HELD THAT:

> "AN ACTUAL CONFLICT OF INTEREST THAT ADVERSELY AFFECTS COUNSEL'S PERFORMANCE, VIOLATES THE SIXTH

AMENDMENT OF THE UNITED STATES CONSTITUTION."

THE PRE-TRIAL TRANSCRIPT OF _SEPTEMBER 1ST, 1998_, WILL SUPPORT PETITIONER'S ALLEGATION OF HAVING BROUGHT FORTH THIS ISSUE OF COUNSEL'S LACK OF DUTY, IN RENDERING EFFECTIVE ASSISTANCE TO PETITIONER, BEFORE THE COURT AND BEFORE TRIAL, WHICH IS WHY TO THIS DAY, THE STATE HAS FAILED TO PRODUCED SUCH TRANSCRIPT. MOREOVER, IN _LEE V. STATE_, 690 So. 2D 665, 668 (FLA. APP. 1ST D.C.A. 1997), THE COURT HELD THAT:

> ("THE HARMLESS ERROR RULE IS NOT APPLIED
>   WHEN A DEFENDANT IS DEPRIVED OF CONFLICT
>   FREE COUNSEL.")

ALSO IN _CUYLER V. SULLIVAN_, 446 U.S. 348, 100 S.CT. 1718, 1719 (1980), THAT COURT HELD THAT:

> ("IT IS NOT NECESSARY TO SHOW THAT COUNSEL'S
>   DEFICIENT PERFORMANCE RESULTING FROM THE
>   CONFLICT AFFECTED THE OUTCOME OF THE TRIAL,
>   _PREJUDICE IS PRESUMED_.")

## CONCLUSION

WHEREFORE, IN LIGHT OF THE FOLLOWING ARGUMENT AND CITATIONS OF AUTHORITIES, PETITIONER'S REQUEST FOR A REHEARI SHOULD BE GRANTED.

9

EXHIBIT

C

## GROUND #1

TRIAL COURT COMMITTED ERROR, BY ALLOWING
THE STATE PROSECUTOR TO "ILLEGALLY
INTERJECT INTO TRIAL", "EVIDENCE OF COLLATERAL
UNCHARGED CRIMES", THEREBY DENYING DEFENDANT
OF HIS FUNDAMENTAL RIGHTS TO A FAIR AND
IMPARTIAL TRIAL AND EQUAL PROTECT OF THE LAW,
IN VIOLATION OF DEFENDANT'S STATE/ FEDERAL
CONSTITUTIONAL RIGHT OF THE 5TH/ 14TH AMEND-
MENTS OF THE U.S. CONSTITUTION AND ARTICLE I
SECTIONS 2,9, AND 16 OF OUR FLORIDA'S
CONSTITUTION.

DEFENDANT AVERS THAT ON NOVEMBER 18TH, 1998,
HE WAS DENIED A FUNDAMENTAL RIGHT BY THE TRIAL
COURT, TO HAVE A FAIR AND IMPARTIAL TRIAL AND EQUAL
PROTECTION OF THE LAW, WHEN THE TRIAL COURT ALLOWED
THE STATE PROSECUTOR TO ELICIT AND INTERJECT INTO
DEFENDANT'S TRIAL, "EVIDENCE OF COLLATERAL UNCHARGED
CRIMES", THAT DEFENDANT DID OR WAS THE PERSON WHO
COMMITTED THE DECEMBER 28TH, 1997, SCAM / CRIME
AGAINST THE VICTIM, AND THAT THE DEFENDANT HAD
PERSONATED HIMSELF TO THE VICTIM ON DECEMBER 28TH, 1997,
AS A POLICE OFFICER, FACE OF THE RECORD, SEE: (T.T. PG. 218).

FIRST, THE STATE PROSECUTOR PROCEEDED TO INFORM
THE JURY IN ITS OPENING STATEMENT, OF AN ALLEGED

5

COLLATERAL UNCHARGED CRIME, WHICH DEFENDANT WAS
NEVER CHARGED WITH OR ARRESTED FOR, NOR WAS SUCH
ALLEGED CRIME EVER REPORTED TO THE POLICE, ALBEIT, THE
STATE PROSECUTOR STATED TO THE JURY IN ITS OPENING
STATEMENT:

> " YOU ARE GOING TO HEAR HOW THIS DEFENDANT
> APPEARED A FEW DAYS LATER, KNOCKED ON HER
> DOOR PRETENDING TO BE A POLICE OFFICER. BUT,
> HE HAD NO IDENTIFICATION SO, SHE THEN LET HIM
> IN THE DOOR."

LATER, IN THE TRIAL, THE STATE PROSECUTOR AGAIN
PROCEEDED TO INTERJECT YET ANOTHER COLLATERAL
UNCHARGED CRIME, BY SOLITICING TESTIMONY FROM THE
VICTIM, LINKING THE DEFENDANT AS BEING, "THE SAME MAN",
THAT SCAMED OR STOLE HER MONEY IN DECEMBER, FACE
OF THE RECORD, SEE: (T.T. PG. 242-244).

> Q.: WHAT DID YOU DO WITH THE $5,000 AFTER
> YOU TOOK IT OUT?

> A.: I GAVE ____ I GAVE THE MONEY TO HIM.

> Q.: PLEASE TELL THE JURY ABOUT WHAT HAPPENED
> A FEW DAYS LATER.

6

A.: AROUND THE 28TH OF DECEMBER, "THE SAME MAN", CAME BACK THERE AND SAID HE HAS COME TO TAKE ME TO IDENTIFY THE WOMAN THAT HELPED IN THE ROBBERY.

Q.: ALL RIGHT. DID HE KNOW ABOUT YOUR CASE?

A.: YES, HE KNEW. I DON'T KNOW HOW HE GET TO KNOW ONLY EXCEPT THAT HE WAS "THE SAME MAN" THAT DID THE ROBBERY.

THE DEFENDANT ARGUES THAT SUCH TESTIMONIAL EVIDENCE PRESENTED TO THE JURY WAS PREJUDICIAL TO DEFENDANT, BECAUSE THE DEFENDANT "WAS NOT" ON TRIAL FOR THESE CRIMES, NOR WAS HE EVER CHARGED WITH ANY OF THOSE CRIMES, MOREOVER, SUCH EVIDENCE POINTED OUT TO THE JURY THAT DEFENDANT HAD A PROPENSITY, TO COMMIT CRIMES AGAINST THE VICTIM, PRIOR TO THE ALLEGED CHARGE OF FEBRUARY 7TH, 1998, WHICH DEFENDANT WAS ON TRIAL FOR. FURTHERMORE, PLACING THE DEFENDANT'S CHARACTER AT ISSUE, WHICH WAS EXTREMELY PREJUDICIAL, BECAUSE OF DEFENDANT'S DEFENSE ARGUMENT THAT, "HE HAD FOUND THE VICTIM'S CHECK SLIP, WHILE CLEANING-OUT HIS EMPLOYER'S VAN," WHO WAS SUBSEQUENTLY A VICTIM OF A SCAM ALSO, BY A MAN AND A WOMAN.

THE DEFENDANT MAINTAINS THAT, WHAT WAS MORE PREJUDICIAL AND ILLEGAL, WAS THE FACT THAT, THE STATE

7

PROSECUTOR KNEW OR SHOULD HAVE KNOWN THAT THEIR WITNESS,
DETECTIVE BUCHANAN, WHO WAS TO TESTIFY AGAINST THE
DEFENDANT, HAD ALREADY ON FEBRUARY 17TH, 1998, OBTAINED
A POSITIVE I.D. OF THE MAN WHO STOLE OR SCAMED THE
VICTIM OUT OF HER MONEY, (BY THE VICTIM) AND HAD
CHARGED AND ARRESTED SAID SUSPECT, FOR THE CRIME OF
DECEMBER 23, 1997. IN ADDITION, THE STATE PROSECUTOR
EMPHASIZED UPON THESE COLLATERAL UNCHARGED CRIMES,
BY USING AND STRESSING THE THEORY TESTIMONY OF THEIR
WITNESS, DETECTIVE DAVIS, A POLICE OFFICER WHOM THE
JURY GAVE SO MUCH CRESIDENCE TOO, BY STATING TO THE
JURY, FACE OF THE RECORD, SEE: (T. T. PG. 553);

> "LUCKILY, MS. SMITH WAS NOT THE VICTIM
> OF THE DOUBLE WHAMMY THAT YOU HEARD
> SERGEANT DAVIS TESTIFY ABOUT.
> THE DOUBLE WHAMMY, THE CON GAME THAT
> OFFICER MILLER PLAYS WHERE HE HITS THE
> SAME VICTIM TWICE,"

THEREBY, CAUSING THE JURY TO BE "LESS LIKELY" TO BELIEVE
THAT THE DEFENDANT DID NOT TRY OR INTENDED TO, BEAT OR
SCAM THE VICTIM AGAIN, WHEREBY, SUPPORTING SUCH, BY STATING
TO THE JURY THAT, "DEFENDANT IS NOT TO BE BELIEVED," FACE
OF THE RECORD, SEE: (T.T. PG. 565 - 566);

> "LADIES AND GENTLEMEN, LET ME ANSWER THAT

8

QUESTION FOR YOU RIGHT NOW. YES. HE IS NOT TO
BE BELIEVED. NINETEEN FELONIES AND CRIMES OF
DISHONESTY."
"DON'T GO BACK IN THE JURY ROOM AND GIVE
CREDIBILITY TO A CON MAN. GO BACK IN THE JURY
ROOM AND GIVE CREDIBILITY TO WHERE IT BELONGS,
TO MS. SMITH AND MS. SAMMS."

THEREFORE, SUCH ACTION BY THE STATE PROSECUTOR AND
ERROR OF THE TRIAL COURT, IN NO WAY GAVE THE DEFENDANT
A FAIR TRIAL, AND DEPRIVED HIM ALSO IN THE WORST WAY,
OF HIS FUNDAMENTAL RIGHTS OF DUE PROCESS AND EQUAL
PROTECTION OF THE LAW. MOREOVER, BEING CONSISTENT WITH
THE PRINCIPLES OF SUCH FUNDAMENTAL VIOLATIONS OF DEFENDANT'S
RIGHTS, THE DEFENDANT'S CONVICTION, JUDGMENT AND SENTENCE
SHOULD BE REVERSED AND REMANDED FOR A NEW TRIAL, IN THE
INTEREST OF CORRECTING A MISCARRIAGE OF JUSTICE, FURTHERMORE,
SUCH ERROR CANNOT BE DEEMED HARMLESS, WHEN SUCH EVIDENCE
OF COLLATERAL UNCHARGED CRIMES, WAS INPART, THE FEATURE
OF THE VICTIM'S TESTIMONY TO THE JURY AND WAS THE MAIN
CONSTITUENT ELEMENT USED TO FIND THE DEFENDANT GUILTY
OF BURGLARY.

## GROUND # 2

DEFENDANT CONTENDS HE WAS DENIED EFFECTIVE
ASSISTANCE OF COUNSEL, WHEN HIS COUNSEL OF
RECORD FAILED TO PRESENT EVIDENCE OR WITNESS(S)
IN BEHALF OF DEFENDANT'S DEFENSE, OF
CONSENTUAL ENTRY, THEREBY VIOLATING DEFENDANT'S
STATE / FEDERAL CONSTITUTIONAL RIGHTS, ARTICLE
I SECTION 2, 9, AND 16 OF FLORIDA'S CONSTITUTION,
AS WELL AS THE 6TH / 14TH AMENDMENTS TO THE
U.S. CONSTITUTION.

DEFENDANT AVERS HE SUFFERED INEFFECTIVE ASSISTANCE
OF TRIAL COUNSEL AND WAS DEPRIVED OF HIS CONSTITUTIONAL
FUNDAMENTAL RIGHT TO A FAIR TRIAL, WHEN COUNSEL OF
RECORD FAILED TO PRESENT EVIDENCE OR WITNESS(S) IN
SUPPORT OF DEFENDANT'S CONSENTUAL DEFENSE, INWHICH,
COUNSEL CHOSE NOT TO APPLY AS A MEANS OF A DEFENSE
STRATEGY. THE DEFENDANT SUBMITS THAT COUNSEL'S FAILURE
TO PRESENT TO THE JURY, (WHOM ARE THE FACT-FINDERS),
EVIDENCE OF THE CONSENTUAL DEFENSE THAT, DEFENDANT
ENTERED THE HOME / APARTMENT OF THE ALLEGED VICTIM, BY
WAY OF CONSENT, WAS OF ERROR ON COUNSEL'S PART, BECAUSE
COUNSEL HAD IN HIS POSSESSION / HANDS EVIDENCE, (DEPOSITION
TESTIMONY), OF THE ALLEGED VICTIM'S SISTER **CLARICE SIMMS**,
WHO IS A CO-OWNER / CO-RENTEE OF SAID APARTMENT THAT
WAS ALLEGEDLY TO HAVE BEEN BURGLARIZED BY DEFENDANT.
MOREOVER, **CLARICE SIMMS**, ADMITTED PRIOR TO TRIAL, IN HER
DEPOSITION TESTIMONY THAT, SHE LIVED AT SAID ADDRESS,

10

THEREBY HAVING AUTHORIZATION TO GIVE CONSENT TO ENTRY, SEE: (DEPOSITION TRANSCRIPT OF CLARICE SAMM ON 4-22-98, Pg. 5 L. 8-9):

> Q.: Now, DOES YOUR SISTER LIVE WITH YOU AT THAT ADDRESS?

> A.: BOTH OF US LIVE TOGETHER, ONLY TWO OF US.

NEXT, IT WAS HER WHO CONSENTED OR ALLOWED DEFENDANT TO ENTER THE APARTMENT, SEE: (SAME DEPOSITION Pg. 7 L. 21-25):

> Q.: So IF YOU WEREN'T SURE ABOUT THE BADGE WHY DID "YOU" LET HIM IN YOUR APARTMENT?

> A.: HE CAME IN BECAUSE HE WAS THERE BEFORE. THAT'S HIS SECOND TIME HE WAS THERE SAYING HE WAS INVESTIGATING THIS ROBBERY.

THE DEFENDANT ARGUES THAT COUNSEL, KNOWINGLY AND HAVING THIS KIND OF EVIDENCE / INFORMATION, STILL ALLOWED THE STATE PROSECUTOR TO ASK THE QUESTION BEFORE THE JURY, OF THE ALLEGED VICTIM GWENDOLYN SMITH, SEE: (TRIAL TRANSCRIPT):

> Q.: MRS. SMITH, IF YOU HAD KNOWN THAT DEFENDANT

11

WAS NOT A POLICE OFFICER, WOULD YOU HAVE LET HIM IN YOUR HOME?

A.: NO I WOULD NOT HAVE.

COUNSEL'S FAILURE TO OBJECT AND PRESENT REBUTTAL EVIDENCE TO SUCH MISLEADING QUESTION AND ANSWER, WHICH LEAD THE JURY TO BELIEVE MRS. SMITH, WAS THE PERSON WHO ALLOWED THE DEFENDANT TO ENTER HER HOME UNDER FALSE BELIEF, THAT HE WAS A POLICE OFFICER[1], WAS "DETRIMENTAL ERROR" BY COUNSEL AND "HIGHLY / SEVERLY" PREJUDICED THE DEFENDANT'S CONSENTUAL DEFENSE. NEVERTHELESS, HAD THE JURY,(THE FACT FINDERS),OF THE TRIAL, BEEN GIVEN THIS EVIDENCE / INFORMATION, THERE IS A REASONABLE PROBABILITY THAT THE OUTCOME OF DEFENDANT'S TRIAL WOULD HAVE BEEN DIFFERENT, BECAUSE SUCH EVIDENCE / INFORMATION WOULD HAVE GIVEN SUPPORT OR CORROBORATED WITH DEFENDANT'S VERSION OF EVENTS THAT, THE DEFENDANT WAS ALLOWED TO ENTER SAID APARTMENT WITH THE CONSENT OF CLARICE SIMMS, WHOM IS A "LIVING RESIDENT OF SAID APARTMENT."

MOREOVER, COUNSEL'S FAILURE TO CALL WITNESS(S) WHOM HE HAD THE NAMES OF AND THE SUBSTANCE OF THEIR TESTIMONY, WAS ALSO AN ERROR BY COUNSEL AND GRAVELY PREJUDICED THE DEFENDANT, WHEREAS, HAD COUNSEL CALLED

---

1. ON FEBRUARY 7, 1998.

12

Officer Dwyer and Officer Ankney to testify, the Jury would have learned that on the day of the alleged Offense, these two Officers thoroughly searched the whole Apartment, including the closet[2], and had determined that there was No Badge in said Apartment, and such testimony by said Officers would have given support to Defendant's testimony of not having a Badge or placing such Badge, In the Victim's closet. Furthermore, had the Jury heard from these two, 15 year Veteran Police Officer's testimony concerning the alleged Badge, they would have had reasons to doubt the State's Evidence of an alleged Badge, especially when there already existed a question mark concerning how the alleged Badge got placed into Evidence.

Defendant maintains that Counsel's actions without a doubt undermined the outcome of the proceedings, and if not for Counsel's Unprofessional Errors, there exist a reasonable probability that the Defendant's Trial would have been different, which places this question before the Court, "Can a Conviction be valid by the Jury (The Fact Finders), when all the facts of the case were never presented before them? And can Counsel be

---

2. Where the Alleged Victim claimed to have found the alleged Badge, In a Shoe, the following day, but did not turn in until, 10 days later, Face of the Record.

DEEMED NOT INEFFECTIVE FOR FAILING / NEGLECTING TO PRESENT
SUCH FACTS BEFORE THEM.?

IN LIGHT OF COUNSEL'S INEFFECTIVENESS, DEFENDANT'S
CONVICTION, JUGGMENT, AND SENTENCE SHOULD BE REVERSED
AND REMANDED FOR A NEW TRIAL, IN THE INTEREST OF
JUSTICE.

## GROUND # 3

DEFENDANT CONTENDS HE WAS DENIED EFFECTIVE
ASSISTANCE OF COUNSEL, WHEN HIS COUNSEL OF
RECORD ASSISTED IN THE PRESENTATION OF FALSE
AND PERJURED TESTIMONY / STATEMENT KNOWN TO
HIM, TO BE FALSE, WITHOUT EVER CORRECTING OR
OBJECTING TO SUCH TESTIMONY, THEREBY IN
VIOLATION OF DEFENDANT'S STATE / FEDERAL
CONSTITUTIONAL RIGHTS OF ARTICLE $I$ SECTION $2$,
$9$, AND $16$ OF FLORIDA'S CONSTITUTION, AS WELL AS
THE 6TH / 14TH AMENDMENTS TO THE U.S.
CONSTITUTION.

14

THE DEFENDANT AVERS HE SUFFERED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND WAS DEPRIVED OF HIS CONSTITUTIONAL FUNDAMENTAL RIGHTS TO A FAIR TRIAL AND DUE PROCESS OF LAW, WHEN COUNSEL OF RECORD SOLICITED TESTIMONY FROM OFFICER KRATMAN, BEFORE THE JURY THAT HE KNEW TO BE "FALSE, PREJUDICIAL, AND TITANIC" TO DEFENDANT AND HIS CASE. MOREOVER, COUNSEL FAILED TO OR NEGLECTED TO CORRECT SUCH FALSE TESTIMONY BY THIS STATE WITNESS WHEN IN FACT, COUNSEL HAD IN HIS POSSESSION, EVIDENCE TO SHOW OR PROVE BEFORE THE JURY THAT, SAID OFFICER WAS GIVING FALSE TESTIMONY AND TO HAVE SAID WITNESS IMPEACHED, SEE: (T.T. PG. 362 - 363) OF PERJURY AND/OR FALSE TESTIMONY,

Q.: WHERE IS THE PAPER?

A.: THE PAPER, THE VICTIMS HAD IT AND THEY COULD NOT FIND IT AT THEIR HOUSE.

Q.: THEY HAD IT BUT THEY COULD NOT FIND IT?

A.: RIGHT. WE DON'T KNOW IF HE GOT RID OF IT OR WHATEVER HAPPEN TO IT. I NEVER SAW IT AT THE SCENE.

Q.: YOU NEVER SAW IT?

15

A.: No. I never saw it. They had told me he had written things down on a piece of paper for them and we could never find the paper.

However, prior to the Trial, in a Deposition, the same Officer was asked concerning the paper with Information written on it, see: (Deposition Transcript of Officer Kratman Pg. 7 L. 16-22):

Q.: And had he given them that paper before you got there?

A.: Yes.

Q.: And did you take that paper as Evidence?

A.: Yes.

Q.: You don't have it with you today?

A.: No. It's impounded though.

The Defendant argues that not only was this Witness Allowed by Counsel to Lie / Commit Perjury to the Jury concerning the above Evidence, But was Allowed also to Continuously give False Testimony concerning other Evidentiary Matters again, see: (T.T. Pg. 363-365):

16

Q.: THERE WAS ALSO SOME TESTIMONY YOU GAVE REGARDING A BANK WITHDRAWAL OR DEPOSIT SLIP. IS THAT CORRECT?

A.: A DEPOSIT SLIP.

Q.: WAS THAT IMPOUNDED INTO EVIDENCE?

A.: NO.

Q.: DID YOU EVER SEE IT YOURSELF?

A.: I DON'T THINK SO.

NEVERTHELESS, AGAIN CONTRARY TO THIS WITNESS' TESTIMONY AT TRIAL, THIS VERY SAME WITNESS / OFFICER STATED IN HER DEPOSITION, SEE: (DEPOSITION TRANSCRIPT OF OFFICER KRATMAN PG. 6 L. 24-25):

A.: THERE WAS A CASE NUMBER. AND HE HAD A CHECK DEPOSIT SLIP FROM ONE OF THE VICTIMS.

FURTHERMORE, BUT NOT WITHSTANDING, THIS VERY SAME WITNESS / OFFICER STATED IN HER ARREST NARATIVE THAT, DEFENDANT WAS IN POSSESSION OF ONE OF THE VICTIM'S CHECKING ACCOUNT DEPOSIT STUBS AND THIS SAME OFFICER WROTE IN HER PROPERTY REPORT THAT THE ITEMS TAKEN FROM DEFENDANT WAS IMPOUNDED

17

AS EVIDENCE, SEE: VICTIM'S NATIONS BANK DEPOSIT STUB, VALUED AT $1.00, DATED RECOVERED 2-7-98, ALSO SEE: (ARREST REPORT AND PROPERTY SLIP OF OFFICER KRATMAN).

MOREOVER, COUNSEL ALLOWED WITHOUT CORRECTING, (EVEN THE PROSECUTOR), FOR THIS OFFICER TO "CHANGE" HER STORY OF FACTS AND EVENTS AS WRITTEN IN HER INITIAL ARREST AFFIDAVIT SUBMITTED TO THE STATE ATTORNEY'S OFFICE, WHICH WAS USED TO FILE AN INDICTMENT AND INFORMATION AGAINST DEFENDANT. FIRST, THIS OFFICER STATES IN HER INITIAL WRITTEN ARREST AFFIDAVIT THAT, THE WITNESS(S) TOLD HER WHAT DEFENDANT HAD SAID, SEE: ARREST AFFIDAVIT NARRATIVE, AND AT NO TIME DID THIS OFFICER ALLEGE THAT DEFENDANT MADE ANY STATEMENT TO HER, IN HER INITIAL ARREST AFFIDAVIT REPORT. HOWEVER, WHEN THIS OFFICER TOOK THE STAND TO TESTIFY AGAINST DEFENDANT, IN BOTH DIRECT-EXAMINATION AND CROSS-EXAMINATION, SHE TOLD THE JURY OF A "FULL-SCALE" CONFESSION GIVEN TO HER, BY THE DEFENDANT, SEE: (T.T. PG. 333-334, DIRECT EXAMINATION) AND (T.T. PG. 367, CROSS-EXAMINATION).

DEFENDANT MAINTAINS THAT IT WAS ERROR UPON COUNSEL TO NOT CORRECT THIS TYPE OF PREJUDICE (FALSE TESTIMONY) COMING FROM A POLICE OFFICER, HE SHOULD HAVE CONFRONTED HER, BEFORE THE JURY, WITH HER INITIAL ARREST AFFIDAVIT WHICH WAS SUBMITTED AND CONTRARY TO HER PRESENT TESTIMONY, ESPECIALLY WHEN SUCH INITIAL ARRESTING

AFFIDAVIT IS A DECLARATION OR STATEMENT OF "FACTS" CONFIRMED BY OATH. WITH THIS IN MIND, COUNSEL AS WELL AS, THE STATE PROSECUTOR, HAD A PROFESSIONAL AND ETHICAL DUTY TO CORRECT OFFICER KRATMAN'S FALSE AND MISLEADING TESTIMONY, OF FACTS NOT SUBMITTED IN HER INITIAL ARREST AFFIDAVIT REPORT. COUNSEL'S UNPROFESSIONAL ERRORS AND ACTIONS UNDERMINED THE OUTCOME OF DEFENDANT'S TRIAL, DEPRIVED DEFENDANT OF HIS DUE PROCESS RIGHTS, EFFECTIVE ASSISTANCE OF COUNSEL, AND A RIGHT TO A FAIR AND IMPARTIAL JURY TRIAL. MOREOVER, COUNSEL DENIED THE DEFENDANT THE RIGHT TO BE HEARD, BY NOT ADVOCATING HIS CASE OR ALLOWING THE JURY THE CHANCE TO DETERMINE THE TRUTHFULNESS AND CREDIBILITY OF THIS WITNESS, WHEN IT IS A KNOWN FACT THAT, THE JURY GIVES MUCH CREDICENCE TO A POLICE OFFICER'S TESTIMONY, AS BEING TRUE.

THEREFORE, HAD COUNSEL CORRECTED AND CONFRONTED THIS WITNESS WITH HER PERJURED STATEMENTS AND PRIOR STATEMENTS, WHICH WAS CONTRARY / DIFFERENT FROM HER PRESENT TESTIMONY, IT WOULD HAVE "UNDOUBTEDLY" CREATED A REASONABLE DOUBT IN THE JUROR'S MINDS, CONCERNING THIS WITNESS' TRUTHFULNESS AND CREDIBILITY, THE EVIDENCE AND THE STATE'S CASE, AS A WHOLE. MOREOVER, IF THIS EVIDENCE WAS DISCLOSED TO THE JURY, THERE WOULD HAVE EXISTED A REASONABLE PROBABILITY THAT THE OUTCOME OF DEFENDANT'S TRIAL WOULD HAVE BEEN DIFFERENT.

WHEREFORE, DEFENDANT PLACES THIS QUESTION BEFORE

19

THE COURT: REGARDLESS AS TO WHO IS TO BLAME (COUNSEL OR STATE PROSECUTOR) FOR NOT CORRECTING FALSE TESTIMONY, KNOWN BY THEM TO BE FALSE, CAN A CONVICTION BE RENDERED VALID WHEN SUCH CONVICTION WAS OBTAINED WHOLLY OR PARTLY, BY USE OF PERJURY OR FALSE STATEMENT?

IN LIGHT OF COUNSEL'S INEFFECTIVENESS, DEFENDANT'S CONVICTION, JUDGMENT, AND SENTENCE SHOULD BE REVERSED AND REMANDED FOR A NEW TRIAL, IN THE INTEREST OF JUSTICE.

## GROUND # 4

TRIAL COURT ERRED BY FAILING TO / NEGLECTING TO, MAKE A DETERMINATION INTO THE VOLUNTARINESS OF AN ALLEGED CONFESSION OR STATEMENT REPORTEDLY MADE TO POLICE, BY THE DEFENDANT, WHEREBY, COMPELLING THE DEFENDANT TO BE A WITNESS AGAINST HIMSELF, IN VIOLATION OF HIS STATE / FEDERAL CONSTITUTIONAL RIGHTS, OF THE 5TH / 14TH AMENDMENTS TO THE U.S. CONSTITUTION, AND ARTICLE I SECTION 9 AND 16 OF FLORIDA'S CONSTITUTION.

DEFENDANT CONTENDS THAT ON NOVEMBER 17, 1998,

HE WAS FORCED TO BE A WITNESS AGAINST HIMSELF WHEN
THE TRIAL JUDGE FAILED TO AND/OR REFUSED TO, MAKE A
DETERMINATION INTO THE VOLUNTARINESS OF DEFENDANT'S
ALLEGED CONFESSION OR STATEMENT TO DETECTIVE GONZALES,
BUT WOULD RATHER HAVE/ALLOW THE JURY TO MAKE SUCH
DETERMINATION, FACE OF THE RECORD, SEE: (T.T. PG. 359):

> THE COURT: THERE HAS BEEN NO MOTION TO SUPPRESS
> FILED, BUT THE JURY STILL HAS TO MAKE
> AN APPROPIATE DETERMINATION.
> ALL RIGHT. WHAT I MIGHT DO IS
> DISTINGUISH FOR THEM AT SOME LATER
> TIME THAT THEY HAVE TO MAKE THAT
> DETERMINATION.

DEFENDANT ARGUES THAT SUCH DECISION BY THE TRIAL
COURT WAS SEVERELY PREJUDICIAL TO DEFENDANT, WHEN SUCH
ALLEGED STATEMENT/CONFESSION WAS THE "SOLE EVIDENCE
AND BASE" FOR FORMING THE CHARGE OF BURGLARY UPON
THE DEFENDANT, BY DETECTIVE GONZALEZ.[1]

---

1. DEFENDANT WAS ONLY CHARGED WITH ONE COUNT OF IMPERSONATING A POLICE
OFFICER BY THE ARRESTING OFFICER, WHILE IN ROUTE TO THE COUNTY JAIL. DET.
GONZALEZ REQUESTED AN OFFICER, BY WAY OF RADIO, TO BRING DEFENDANT TO THE
SUBSTATION SO HE COULD QUESTION THE DEFENDANT. WHEREUPON, ARRESTING
OFFICER TURNED AROUND AND WENT BACK TO NORTH MIAMI. (NOTE) DET. GONZALES
WAS AN AUTO THEFT DETECTIVE AND NOT A PART OF THE ARREST OR CASE, NOR
DID HE HAVE A SIGN WAIVER OR ANY OTHER POLICE OFFICER TO WITNESS SUCH
ALLEGED CONFESSION, NOR A SIGNED STATEMENT OR A RECORDED STATEMENT.

21

MOREOVER, UNDER FLORIDA LAW, ISSUES OF VOLUNTARINESS OF AN INCRIMINATING STATEMENT IS A MIXTURE OF FACTS AND LAWS THAT "MUST" BE DETERMINED BY THE TRIAL JUDGE AND NOT THE JURY, IF HOWEVER, A TRIAL JUDGE ALLOWS THE JURY TO MAKE THE PRIMARY DETERMINATION OF VOLUNTARINESS, IT IS REVERSIBLE ERROR, WHICH PLACES THIS QUESTION BEFORE THE COURT: CAN THE TRIAL JUDGE, BE EXCUSED FROM HIS DUTY SIMPLY BECAUSE TRIAL COUNSEL DID NOT CALL UPON THE TRIAL COURT TO PERFORM IT'S DUTY, BY WAY OF FILING A MOTION TO SUPPRESS? AND, CAN TRIAL COUNSEL BE EXCUSED FROM HIS DUTY OF RENDERING EFFECTIVE ASSISTANCE OF COUNSEL, BY MERELY STATING THAT COUNSEL'S ACTION WOULD HAVE BEEN MERITLESS TO FILE A MOTION TO SUPPRESS?, ESPECIALLY WHEN, DEFENDANT STATED TO COUNSEL THAT HE DID NOT MAKE SUCH A STATEMENT, PRIOR TO TRIAL? REGARDLESS, AS TO WHO IS TO BLAME, SUCH ERROR OF PREJUDICE UNDERMINED DEFENDANT'S TRIAL AND RESULTED IN DEFENDANT'S CONVICTION OF BURGLARY.

THEREFORE, DEFENDANT'S CONVICTION, JUDGMENT, AND SENTENCE SHOULD BE REVERSED AND REMANDED FOR A NEW TRIAL, IN THE INTEREST OF JUSTICE.

## GROUND # 5

DEFENDANT CONTENDS HE WAS DENIED DUE PROCESS
OF LAW, WHEN THE STATE PROSECUTOR COMMITTED
A "DELIBERATE AND INTENTIONAL" BRADY VIOLATION,
BY WITHHOLDING / SUPPRESSING DISCOVERY MATERIAL
FROM THE DEFENSE, WHICH DELIBERATELY HINDERED
THE DEFENSE IN ITS PREPARATION FOR TRIAL, IN
VIOLATION OF DEFENDANT'S STATE / FEDERAL
RIGHTS OF ARTICLE I SECTION 9 OF FLORIDA'S
CONSTITUTION AND THE 5TH / 14TH AMENDMENTS OF
OUR U.S. CONSTITUTION.


DEFENDANT AVERS HE WAS DEPRIVED OF HIS CONSTITUTIONAL
FUNDAMENTAL RIGHTS OF DUE PROCESS OF LAW AND A RIGHT TO
A FAIR AND IMPARTIAL JURY TRIAL, BY THE "INTENTIONAL AND
DELIBERATE," BRADY VIOLATION, BY THE STATE PROSECUTOR, WHEREIN,
SUCH ACTION OR CONDUCT BY THE STATE PROSECUTOR WAS
EXTREMELY PREJUDICIAL TO DEFENDANT'S CASE AND TRIAL.
DEFENDANT COMPLAINS THAT THE STATE PROSECUTOR, WITH SPECIFIC
INTENT, SUPPRESSED / WITHHELD FROM THE DEFENDANT AND
HIS COUNSEL, DETECTIVE BUCHANAN'S REPORT OR AFFIDAVIT, OF
RECIEVING AN ALLEGED BADGE (WHICH WOULD HAVE CLEARLY SHOWN
THE CHAIN OF CUSTODY AND EVENTS THAT TOOK PLACE; DATE, TIME
AND PLACE), AS WELL AS, THIS OFFICER'S PROPERTY REPORT OF THE
ALLEGED BADGE, SHE SUPPOSEDLY HAD IMPOUNDED AND TESTIFIED
TO D. MOREOVER, NOT ONLY DID SUCH ACTION BY THE STATE
PROSECUTOR HINDER THE PREPARATION OF DEFENDANT'S DEFENSE, BUT

23

IT DENIED HIM A RIGHT TO PREPARE AN ADEQUATE DEFENSE, AT ALL, IN THE MATTER OF THE ALLEGED BADGE.

THE DEFENDANT ARGUES THAT "ALL" STATE PROSECUTORS HAVE A "DUTY", THAT REQUIRES THEM TO TURN OVER "ANY AND ALL" STATEMENTS OR REPORTS, INVOLVING ANY ALLEGED CRIME, THEY ARE TO PROSECUTE, HOWEVER, STATE PROSECUTOR, MRS. MILLER, REFUSED TO TURN OVER SUCH STATEMENTS OR REPORTS TO DEFENDANT, CONCERNING THIS ALLEGED BADGE OR ITS CHAIN OF CUSTODY, THAT WAS INTRODUCED INTO EVIDENCE, DURING TRIAL, ESPECIALLY WHEN, BOTH STATE WITNESSES TESTIMONIES WERE CONTRARY AND DIFFERENT FROM EACH OTHER, CONCERNING THIS ISSUE, FACE OF THE RECORD, SEE: (T.T. PG. 262 AND 281):

> VICTIM: Q: DID THE POLICE COME TO YOUR HOME TO GET THE BADGE FROM YOU?
>
> A: NO.
>
> Q: DID YOU BRING IT TO THEM?
>
> A: WHEN I WENT TO MEET. I BROUGHT IT AND I GAVE ONE OF THE LADY POLICE THERE.

OFFICER BUCHANAN: Q: GETTING BACK TO FEBRUARY 18TH -

DID THERE COME A TIME WHILE YOU WERE AT THE
VICTIM'S HOUSE THAT YOU IMPOUND SOME EVIDENCE
IN THE FEBRUARY CASE?

A: YES. WHEN I WAS --- AFTER I SHOWED THE LINE-UP
TO VICTIM - AS I WAS LEAVING THE RESIDENCE. THE
VICTIM ADVISED THAT SHE HAD IN FACT FOUND A YELLOW
COLORED BADGE IN HER CLOSET.


THE DEFENDANT MAINTAINS THAT, HAD THE STATE
PROSECUTOR TURNED OVER THIS DISCOVERY MATERIAL AS SHE WAS
REQUIRED TO DO BY LAW, THE DEFENDANT WOULD HAVE USED SAID
MATERIAL OR EVIDENCE, TO IMPEACH THE STATE'S WITNESSES,
AND WOULD HAVE REVEALED TO THE JURY, THAT SOMEONE WAS
INFACT, GIVING FALSE / PERJURY TESTIMONY OR STATEMENTS,
CONCERNING IMPORTANT FACTS AND EVENTS. MOREOVER, ALLOWING
THE JURY THE CHANCE TO DETERMINE THE TRUTHFULNESS AND
CREDIBILITY OF THESE TWO WITNESSES OR ALLOW DEFENDANT
TO MOVE FOR A MISTRIAL. THERE IS NO DOUBT THAT HAD SUCH
DISCOVERY MATERIAL WAS DISCLOSED, IT WOULD HAVE CREATED
SERIOUS DOUBTS IN THE JURORS MINDS, OF THESE TWO WITNESSES'
CREDIBILITY, THE EVIDENCE, AND THE STATE'S CASE.

FURTHERMORE, HAD THIS MATERIAL BEEN REVEALED, THERE
EXIST A REASONABLE PROBABILITY THAT THE OUTCOME OF
DEFENDANT'S TRIAL WOULD HAVE BEEN DIFFERENT, WHEREAS,

25

DEFENDANT HAS CONTENDED FROM THE BEGINING, AND WILL STILL
CONTEND, THAT THE STATE FABRICATED THIS ALLEGED
EVIDENCE, BECAUSE SUCH EVIDENCE (BADGE) WAS NEEDED KEY
TO CONVINCE THE TRIAL COURT IN ITS RULING, TO ALLOW THE
WILLIAMS RULE INTO EVIDENCE, AND TO HELP OBTAIN A
CONVICTION OF FALSELY IMPERSONATING AN OFFICER. THEREFORE,
DEFENDANT ASKS THE SAME QUESTION HE POSED AT TRIAL,
"WHERE IS OR SHOW HIM THE REPORTS OF ANY ALLEGED BADGE
BEING RECIEVED OR IMPOUNDED?"

DEFENDANT SUBMITS THAT HAD TRIAL COUNSEL
INVESTIGATED AND REVIEWED THE DISCOVERY MATERIAL OR DEPOSED
THESE WITNESSES, RATHER THAN, BEING SO WILLINGLY TO ACCEPT
THE PROSECUTOR'S VERSION OF FACTS, SUCH FUNDAMENTAL ERROR
WOULD HAVE NEVER CAUSED A MISCARRIAGE OF JUSTICE, FOR
THE DEFENDANT, WHICH PLACES THIS QUESTION BEFORE THE
COURT, "ILLREGARDLESS AS TO WHO IS AT FAULT, STATE
PROSECUTOR OR TRIAL COUNSEL, CAN SUCH FUNDAMENTAL
ERROR THAT DENIED DEFENDANT'S RIGHT TO A FAIR TRIAL AND
DUE PROCESS OF LAW, BE CALLED A HARMLESS ERROR, WHEN
SUCH MISCARRIAGE OF JUSTICE HAS RESULTED, FROM SUCH ERROR?"

IN LIGHT OF THE STATE PROSECUTOR'S BRADY VIOLATION,
DEFENDANT'S CONVICTION, JUDGMENT, AND SENTENCE SHOULD BE
REVERSED AND REMANDED FOR A NEW TRIAL, IN THE INTEREST
OF JUSTICE.

# GROUND # 6

TRIAL COURT COMMITTED FUNDAMENTAL ERROR BY DENYING DEFENDANT A "24 HOUR NOTICE", BEFORE PLEADING TO AN AMENDED INFORMATION AND ADDITIONAL TIME, TO PREPARE AN ADEQUATE DEFENSE, TO THE AMENDED INFORMATION, WHEN SUCH AMENDED INFORMATION WAS A CHANGE OF "SUBSTANCE AND NOT MERELY OF FORM", IN VIOLATION OF DEFENDANT'S STATE / FEDERAL CONSTITUTIONAL RIGHTS OF THE 6TH/14TH AMENDMENTS TO THE U.S. CONSTITUTION, AND ARTICLE I. SECTION 9/16 OF FLORIDA'S CONSTITUTION.


DEFENDANT CONTENDS THAT ON NOVEMBER 17, 1998, THE MORNING OF HIS TRIAL, THE STATE PROSECUTOR AMENDED THE INFORMATION TO REFLECT AN UPGRADE IN THE CHARGE OF A THIRD DEGREE FELONY, SEE: (FILED INFORMATION OF FEBRUARY 28, 1998), TO A SECOND DEGREE FELONY, SEE: (AMENDED INFORMATION OF NOVEMBER 17, 1998 AND T.T. PG. 3-4):

THE CLERK: JUDGE, AS TO CURTIS MILLER, WE NEED TO BE ARRAIGNED ON THE INFORMATION.

MS. MILLER: I FILED AN AMENDED INFORMATION.

THE COURT: CAN WE BRING HIM OUT?

THE COURT : MR. MILLER IS PRESENT.

27

THE CLERK: CASE NO: 98-4327. I HAVE AN
INFORMATION CHARGING FALSELY PERSONATING,
BURGLARY OCCUPIED.

THE COURT: "PLEA OF NOT GUILTY."

DEFENDANT ARGUES THAT NO ONE ADVISED HIM THAT THE CHARGES
WERE BEING UPGRADED TO A SECOND DEGREE FELONY, NOT THE
COURT, THE STATE PROSECUTOR OR HIS COUNSEL OF RECORD, WHICH
MISLEAD HIM TO BELIEVE THAT HE WAS GOING TO TRIAL, FOR THE
ORIGINAL INFORMATION AND CHARGES THAT WAS PROVIDED ON
FEBRUARY 28, 1998, WHICH REFLECTED AND CHARGED HIM WITH
A THIRD DEGREE FELONY. MOREOVER, DEFENDANT SUBMITS THAT
HE NEVER HAD A CHANCE TO PLEAD TO THE AMENDED INFORMATION,
BECAUSE THE TRIAL JUDGE PLEADED FOR HIM, FURTHERMORE, THE
STATE PROSECUTOR CONTINUED TO DECIEVE AND MISLEAD THE
DEFENDANT INTO THINKING HE WAS GOING TO TRIAL FOR A
THIRD DEGREE FELONY, WHEN SHE STATED TO THE COURT:

MS. MILLER: JUDGE, I DID FILE AN AMENDED INFORMATION
THIS MORNING. THE ONLY DIFFERENCES ARE
"TECHNICAL DIFFERENCES", THERE IS AN ADDRESS
THAT I CHANGED. I DID CONTACT MR. KAMINSKY.
ADDITIONAL, THE WORDING ON PERSONATING A
POLICE OFFICER STATUTE WAS NOT CORRECT ON THE
INFORMATION SO I AMENDED THAT. THERE IS A

28

COPY IN THE COURT FILE.

BUT, WHAT THE STATE PROSECUTOR FAILED TO REVEAL WAS THAT THE AMENDED INFORMATION HAD AN ADDED ELEMENT, TO ITS WORDING, CHANGING THE SUBSTANCE OF THE INFORMATION BY ADDING, "DURING THE COURSE OF COMMITTING BURGLARY," WHICH CHANGED SAID CHARGE TO A SECOND DEGREE FELONY. SAID AMENDMENT WAS TO THE ADVANTAGE OF THE STATE IN THAT, PERSONATING A POLICE OFFICER, OF THE THIRD DEGREE, REQUIRES A GENERAL ACT, WHEREAS, SECOND DEGREE OF PERSONATING AN OFFICER, REQUIRES A SPECIFIC ACT, EVEN THOUGH THE CHARGE IS THE SAME IN FORM. IN ADDITION, SUCH AMENDMENT INCREASED THE DEGREE OF FELONY AND THEREBY, SUBSTANTIALLY INCREASING THE PERMITTED SENTENCING RANGE, FROM 10 YEARS TO 30 YEARS, AS A HABITUAL FELONY OFFENDER.

DEFENDANT MAINTAINS THAT HE WAS "HIGHLY PREJUDICED" BY THE TRIAL COURT'S FAILURE TO GIVE HIM A COPY OF THE AMENDED INFORMATION, 24 HOURS BEFORE REQUIRING HIM TO PLEAD TO THE AMENDMENT, AND ADDITIONAL TIME TO PREPARE AN ADEQUATE DEFENSE, AS DEFENDANT WAS ENTITLED TOO BY LAW. SUCH ACTION BY THE TRIAL COURT COMPROMISED DEFENDANT'S RIGHT TO A FAIR TRIAL, HAD DEFENDANT BEEN AWARE OF SUCH "SURPRISE", HE WOULD HAVE ACCEPTED THE TRIAL COURT'S OFFER OF 80 MONTHS, WHICH IS WHAT HE WOULD HAVE RECIEVED IF, FOUND GUILTY OF A THIRD DEGREE FELONY, PERSONATING AN OFFICER, BECAUSE SAID BURGLARY WOULD HAVE ONLY BEEN A

29

Simple Trespass. It is clear that the Amended Information changed the Charged Crime, from a Third Degree Felony to a Second Degree Felony, thereby increasing the Penalty to which Defendant could be subjected too, which is why the State Prosecutor stated to the Court; (T. T. Pg 507)

Ms. Miller: You will see on Personating a Police Officer charge we came up with an Instruction last night, its in the Statute. "We stole language from various places."

Therefore, this change of Substance cannot be deemed Harmless, due to its serious potential for "Surprise" to Defendant's Defense, and denial of a Fair Trial. Such action was a substantial alteration of the Original Offense and Penalty, for what the Defendant was Charged with, and for the Trial Court to deny Defendant that which was entitled to him by Law, was "Detremental and Extremely Prejudical" to Defendant, because embodied in notion of a Right to a Fair Trial, is the Fundamental Concept that, Defense must be afforded Adequate Opportunity to Investigate and Prepare any Applicable Defense. Thus, such Error by the Trial Court, warrants a Reversal of Defendant's Conviction, Judgment, and Sentence for a New Trial.

30

DEFENDANT PLACES THIS QUESTION BEFORE THE COURT: BECAUSE OF COUNSEL'S FAILURE TO DETECT THE CHANGE OF SUBSTANCE IN THE AMENDED INFORMATION AND TO REQUEST FOR A CONTINUANCE, TO PREPARE AN ADEQUATE DEFENSE, DOES COUNSEL'S FAILURE ALLOW THE "BAR OF STRICTNESS" IN REGARDS TO THE RULES OF COURT AND ABSOLVES THE TRIAL JUDGE OF HER DUTY TO PERMIT THE LOOSENESS OF CRIMINAL PROSECUTIONS? WHEREBY, CAUSING A BREAKDOWN IN OUR CONSTITUTIONAL RIGHTS OF DUE PROCESS, EQUAL PROTECTION OF LAW, AND A RIGHT TO A FAIR TRIAL?

"THIS KIND OF ERROR, REGARDLESS OF WHO IS TO BLAME, CANNOT BE DEEMED HARMLESS, WHERE THERE EXISTED POTENTIAL SUPRISE AND SURELY A DENIAL OF A FAIR TRIAL TO THE ACCUSED."

## CONCLUSION

WHEREFORE, BASED ON THE FOREGOING MOTION, FACTS, AND ARGUMENTS, DEFENDANT RESPECTFULLY MOVES THIS HONORABLE COURT TO:

1.) FIND AS A MATTER OF LAW THAT DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, ON ALL CLAIMS, GRANT DEFENDANT A NEW TRIAL.

2.) FIND THAT THE TRIAL COURT ERRED, AS A MATTER OF LAW, DEPRIVING DEFENDANT OF A FAIR AND IMPARTIAL TRIAL, AND GRANT DEFENDANT A NEW TRIAL.

3.) HOLD AN EVIDENTIARY HEARING WITH DEFENDANT PRESENT, IN THE ALTERNATIVE.

4.) ANY AND ALL RELIEF THIS HONORABLE COURT DEEMS JUST AND PROPER, IT IS SO PRAYED.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing

_Motion for Post-Conviction Relief 3.850_

_____ has been

furnished to: _Katherine Rundle - Fernandez   1350 N.W._
_12 TH Ave,  Miami, Fla 33136_

_____,

by U.S. Mail, this _18_ day of _July_ , _2001_


s/ _Curtis Miller_

Name: _Curtis Miller_
D.C.# _088114_   Dorm# _E21405_
Jackson Correctional Institution
5563 10th Street
Malone, Florida 32445-3144


UNDER PENALTIES OF PERJURY[1], I declare that I have read the
foregoing _Motion for Post -Conviction Relief 3.850_
and that the facts stated in it are true and correct.


Execute on: _July 18_ , _2001_


_Curtis Miller_
AFFIANT


---

[1]  In accordance and full compliance with 28 U.S.C. § 1746(2)
and § 92.525(2), Florida Statutes (1995).

_33_

JUDICIAL CIRCUIT, IN AND FOR DADE COUNY, FLORIDA

CURTIS MILLER,
    DEFENDANT,

    V.

STATE OF FLORIDA,
    PLAINTIFF.

CASE NO: F 98-4327

## AMENDMENT TO MOTION FOR POST-CONVICTION RELIEF 3.850

COMES NOW, THE DEFENDANT, CURTIS MILLER, PRO SE, AND PURSUANT TO FLA. R. APP. PRO. RULE 9.040(d), MOVES THIS HONORABLE COURT TO PERMIT HIM TO AMEND HIS PENDING MOTION FOR POST-CONVICTION RELIEF 3.850, AND STATES THE FOLLOWING IN SUPPORT THEREOF:

    1.) ON JULY 18TH 2001, DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF 3.850, WAS FILED TO THIS HONORABLE COURT.

1

2.) The Defendant has an Additional Issue which he did not raise in the Pending Motion, Albeit, the Defendant has exercised due diligence and this Court has not yet ruled, on the Pending Motion.

3.) That the forthcoming Amended Issue is Meritorious, and involves a Fundamental Sentencing Error Claim and thus, cognizable via, Motion for Post-Conviction Relief 3.850, see: Bover v. State, 732 So. 2d 1187 (Fla. 3rd D.C.A. 1999).

Therefore, in the Interest of Justice, the Defendant prays that this Honorable Court will accept this Amendment, which now follows:

2

## AMENDED GROUND #

TRIAL COURT COMMITTED FUNDAMENTAL ERROR,
WHEN THE COURT SENTENCED DEFENDANT AS AN
HABITUAL FELONY OFFENDER, WHEN THE CRITERIA
FOR SUCH SENTENCE (H.F.D.), WAS NOT MET,
IN VIOLATION OF DEFENDANT'S DUE PROCESS OF
LAW RIGHTS AND EQUAL PROTECTION.

DEFENDANT CONTENDS THAT THE SENTENCING COURT
COMMITTED A FUNDAMENTAL SENTENCING ERROR, WHEN THE
COURT SENTENCED HIM AS AN HABITUAL FELONY OFFENDER,
THEREBY VIOLATING DEFENDANT'S STATE/FEDERAL CONSTITUTIONAL
RIGHTS, ARTICLE I SECTIONS 9/16 OF FLORIDA'S CONSTITUTION,
AND THE $5^{TH}/14^{TH}$ AMENDMENTS TO THE U.S. CONSTITUTION.
DEFENDANT ARGUES THAT THE COURT RELIED UPON THE EVIDENCE
PRESENTED BY THE STATE PROSECUTOR, OF TWO (2) PRIOR
CONVICTIONS COMMITTED BY DEFENDANT, AS PREDICATES FOR
HABITUALIZATION, CASE NUMBERS: F91-40251B AND F92-1700A,
(FACE OF THE RECORD) AND (SENTENCING TRANSCRIPT PG. 5);
NO OTHER CONVICTIONS WERE PRESENTED.

HOWEVER, DEFENDANT COMPLAINS THAT SAID PRIOR
CONVICTIONS AS PRESENTED BEFORE THE COURT, COULD NOT
BE USED TO HABITUALIZE HIM UNDER 775.084 (5) (1995),
BECAUSE SAID CONVICTIONS WERE "ALL" ENTERED ON THE SAME
DATE (JUNE 18TH, 1992), WITH ONE (1) PRISON SENTENCE OF
66 MONTHS, FOR BOTH CASES, AS PART OF A PLEA AGREEMENT,

3

AND THEREFORE, SAID CONVICTIONS THAT WERE PRESENTED COULD "ONLY" BE COUNTED AS ONE (1) PRIOR CONVICTION, FOR THE PURPOSE OF HABITUALIZATION. MOREOVER, THE HABITUAL OFFENDER STATUTE WAS AMENDED IN 1993, TO MAKE IT CLEAR THAT, "SEQUENTIAL CONVICTIONS ARE NECESSARY," SEE: CH. 93-406 § 2 LAWS OF FLA, STATUTORY AMENDMENT EFFECTIVE JUNE 17,TH 1993 AND FORD V. STATE, 652 So. 2D 1236 (FLA. 1ST D.C.A. 1995).

FURTHERMORE, THE FLORIDA LEGISLATURE ADDED A SECTION TO THE HABITUAL FELONY OFFENDER STATUTE WHICH PROVIDES:

"IN ORDER TO BE 'COUNTED' AS A PRIOR FELONY FOR PURPOSE OF SENTENCING UNDER THIS SECTION, THE FELONY 'MUST HAVE' RESULTED IN A CONVICTION SENTENCED SEPARATELY, PRIOR TO THE CURRENT OFFENSE; AND SENTENCED SEPARATELY FROM ANY OTHER FELONY CONVICTION THAT IS TO BE COUNTED AS A PRIOR FELONY."

THEREFORE, DEFENDANT'S SENTENCE AS AN HABITUAL OFFENDER IS ILLEGAL, AND THE CRITERIA FOR HABITUALIZATION WAS NOT MET, THE TWO (2) PRIOR FELONIES USED AS PREDICATES TO HABITUALIZE DEFENDANT, WAS OF "ERROR," AND OUR SUPREME COURT HAS HELD THAT, "A SENTENCE IMPOSED IN ABSENCE OF STATUTORY AUTHORITY IS ILLEGAL," SEE: STATE V. MANCINO, 714 So. 2D 429 (FLA. 1998), AND HIS SENTENCE

4

AS AN HABITUAL OFFENDER BE REVERSED AND REMANDED, AND DEFENDANT BE GIVEN A GUIDELINE SENTENCE.

## CONCLUSION

WHEREFORE, BASED UPON THE AFOREMENTIONED FACTS AND CASE LAW IN THIS FOREGOING AMENDED MOTION, DEFENDANT RESPECTFULLY MOVES THIS HONORABLE COURT TO:

1) PERMIT DEFENDANT TO AMEND HIS PENDING MOTION FOR POST-CONVICTION RELIEF 3.850.

2) FIND AS A MATTER OF LAW THAT DEFENDANT WAS SENTENCED ILLEGALLY, AND REVERSE HIS SENTENCE.

3) ALTERNATIVELY, HOLD AN EVIDENTIARY HEARING WITH DEFENDANT PRESENT.

4) ANY AND ALL RELIEF THIS COURT DEEMS JUST AND PROPER, IT IS SO PRAYED.

RESPECTFULLY SUBMITTED,
ISL Curtis Miller
CURTIS MILLER

5

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing

_AMENDMENT TO MOTION FOR POST- CONVICTION RELIEF 3.850_

_____ **has been**

furnished to: _KATHERINE RUNDLE- FERNANDEZ    1350 N.W._
_12TH AVE.    MIAMI, FLA  33136-2111_

_____ ,

by U.S. Mail, this _8th_ day of _AUGUST_ , _2001_

s/ _Curtis Miller_

Name: _CURTIS MILLER_

D.C.# _088114_    Dorm# _E-2140S_

**Jackson Correctional Institution**

**5563 10th Street**

**Malone, Florida 32445-3144**

UNDER PENALTIES OF PERJURY[1], I declare that I have read the
foregoing  _AMENDMENT TO POST- CONVICTION 3.850_
and that the facts stated in it are true and correct.      '

Execute on: _AUGUST 8th_ , _2001_

_Curtis Miller_

AFFIANT

_____

[1]   In accordance and full compliance with 28 U.S.C. § 1746(2)
and § 92.525(2), Florida Statutes (1995).